UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AYUR TSYBIKOV,<br><br>Plaintiff,<br><br>v.<br><br>OLEKSANDR DOVGAL, ALINA KIM, DVL EXPRESS INC., AND ALTEX LOGISTICS INC.<br><br>Defendants. | Civil Action No. |

## CLASS ACTION NOTICE OF REMOVAL

Oleksandr Dovgal, Alina Kim, DVL Express Inc. and Altex Logistics Inc. ("Defendants"), respectfully remove this case from the Chancery Division of the Circuit Court of Cook County, Illinois to the U.S. District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1446 and 1453. In support of this removal, Defendants state as follows:

1. <u>The Action.</u> Plaintiff, AYUR TSYBIKOV ("Plaintiff") filed his Complaint in the Chancery Division of the Circuit Court of Cook County on February 13, 2019 under Civil Action No. 2019-CH-01814 (the "Complaint"). The Complaint alleged seven causes of action and sought class certification under 735 ILCS 5/2-801. Defendants consist of two individuals and two corporations, all of whom were purportedly served through "Serge Zhukoe", whose correct name is spelled Sergii Zhukov, who is neither a household member of either individual nor an authorized agent of either corporation. Defendants have filed a Motion to Quash Service of Process in this action based upon a failure to follow the statutory requisites and intend to notice that motion in this removed action. Notably, in determining the validity of service obtained prior to removal, a federal court must apply the law of the state under which service was made. *See Allen v. Ferguson*, 791 F.2d 611, 616 n.8 (7th Cir. 1986), quoted in *Romo v. Gulf Stream Coach, Inc.*, 250 F. 3d 1119,

1122 (7th Cir. 2001). Copies of all process, pleadings, or orders filed in this action are attached as **Exhibit A**, and the Defendants have not been served with any process, pleadings, or orders other than the documents attached hereto.

The Complaint requests recovery for the Plaintiff and a proposed class. The proposed class is defined as, "All persons who have worked for Defendant companies as truck drivers and truck driver trainees in Illinois or otherwise have driven Defendant companies', their predecessors' successors', subsidiaries' and/or affiliated companies' trucks at any time during the relevant statutory period, and who entered into an Independent Contractor agreement individually or on behalf of another entity, and who personally provided freight cargo transportation services pursuant to that Agreement for Defendant companies and who have not been classified as employees of Defendant companies." (Compl., ¶ 35). Seven claims are asserted in the Complaint: (1) violations of the IWPCA, 820 ILCS § 115/1 et seq. (misclassification); (2) violations of the IWPCA, 820 ILCS § 115/1 et seq. (deductions, withholding, etc.); (3) common law fraud; (4) civil conspiracy; (5) declaratory judgment; (6) accounting; and (7) unjust enrichment. In addition to compensatory damages, Plaintiff seeks punitive damages for their IWPCA, common law fraud, and civil conspiracy claims. (*Id.* ¶ 228).

2. <u>Statutory Grounds for Removal.</u> This action is removable under 28 U.S.C. § 1453, which provide for the removal of state court civil actions over which U.S. District Courts have original jurisdiction. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d)(2) because, as explained below in greater detail, this is a class action in which (i) the proposed class includes at least 100 members, (ii) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and (iii) at least one member of Plaintiffs' class and one Defendant are citizens of different states. Accordingly, removal of this action

pursuant to 28 U.S.C. § 1453 is appropriate, which provides that a class action may be removed to federal court in accordance with 28 U.S.C. § 1446.

3. <u>Citizenship of the Parties</u>. Citizenship of individuals is determined by domicile. *Mader v. Motorola, Inc.*, 1999 WL 220108, 175 F.3d 1020 (7th Cir. 1999) (unpublished). Allegations of residency in a state court complaint create a rebuttable presumption of domicile supporting citizenship. *E.g., Anderson v. Watts*, 138 U.S. 694 (1891) (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *see also* 13E Charles Alan Wright & Arthur R. Miller, Fed Prac. and Proc. § 3612, n. 28 (3d ed. 2013) (citing litany of cases for proposition that "[i]t is assumed, for example, that a person's current residence is also his domicile"). Plaintiff alleges he is a resident of Illinois. (Compl., ¶ 1-2).

Plaintiff states that as many as 30 percent of the proposed class members are not Illinois citizens. (See Compl., ¶ 23) ("approximately 70% of the putative class members permanently reside in the State of Illinois."); *Koch v. Koch*, 450 F. 3d 703, n.6 (7th Cir. 2006) (defining domicile, by reference to Black's Dictionary, in part as the "permanent residence of a person"). A preliminary review of DVL Express Inc.'s and Alex Logistic, Inc's corporate records discloses that Plaintiff's estimated percentage of out-of-state drivers is low. Such review disclosed that, of all drivers for each company, more than two-thirds were issued commercial driver's licenses in states other than Illinois. (See **Exhibit B**, Declaration of Oleksandr Dovgal, ¶ 3; Declaration of Alina Kim, ¶ 3). Plaintiff's statements regarding the permanent residency of putative class members along with these commercial driver's licenses records demonstrate at least one member of the putative class or more are citizens of states other than Illinois. *See, e.g., Mader*, 1999 WL

220108 at *2 (recognizing that "[g]enerally speaking, one's domicile is one's permanent home" and that state issuing "driver's license" is another indicia "courts generally focus on" in making the domicile determination).

Defendants Oleksandr Dovgal, Alina Kim, DVL Express Inc. (an Illinois corporation with its principal place of business in Illinois), and Altex Logistics Inc. (an Illinois corporation with its principal place of business in Illinois) are all citizens of Illinois. (*Id.* ¶¶ 3-7); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) ("The federal diversity jurisdiction statute provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." (quoting 28 U.S.C. § 1332(c)(1).

Because at least one class member is a citizen of a different state than Defendants, the minimal diversity requirements of 28 U.S.C. § 1332(d)(2)(A) are satisfied.

4. <u>The Aggregated Number of the Proposed Class – 28 U.S.C. § 1332(d)(5)(B).</u> Plaintiff alleges that the class is estimated to have 1000 members. (Compl., ¶37.) A review of corporate records confirms, the aggregate number of those within Plaintiffs' proposed class is greater than 100 for each Defendant company. *See* Exhibit B. Thus, the size of the class is greater than the number required for the Court to have original jurisdiction under 28 U.S.C. § 1332(d)(2). *See* 28 U.S.C. § 1332(d)(5)(B).

5. <u>Matter in Controversy – 28 U.S.C. § 1332(d)(2).</u> Although Defendants deny all of Plaintiff's material allegations, the matter in controversy exceeds the $5,000,000 jurisdictional threshold under 28 U.S.C. § 1332(d)(2).

Specifically, Plaintiff seeks: (1) $5,000,000 plus statutory interest, court costs, and attorney's fees and $5,000,000 for punitive damages on their IWPCA claim in Count 1 (Compl., ¶ 121); (2) $5,000,000 plus statutory interest, court courts and attorney's fees and $5,000,000 for

4

punitive damages on their IWPCA claim in Count II. (*Id.*, ¶ 148); (3) compensatory and punitive damages in excess of $6,500,000 on their common law fraud claim in Count IV (*Id.*, ¶ 177; (4) compensatory and punitive damages in excess of $1,500,000 and attorney's fees on their civil conspiracy claim in Count IV (*Id.*, ¶ 192); (5) compensatory damages in excess of $5,000,000 on their unjust enrichment claim in Count VI (Id., ¶ 225). From the face of the Complaint, Plaintiff alleges more than $5,000,000 in damages, exclusive of attorney's fees, statutory interest, and costs.

Plaintiff's allegations put more than $5,000,000 in controversy for the proposed class; as such, the amount in controversy exceeds the jurisdictional threshold.

6. <u>Timeliness of Removal.</u> Pursuant to 28 U.S.C. § 1446(b)(3), Defendants have 30 days after service to remove the action to federal court. The U.S. Supreme Court established, in *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999), that formal service must occur before the statutory period begins to run. *See also Dultra v. US Med. Home, Inc., 2014 U.S. Dist. LEXIS 46660* (N.D. Ill. 2014) ("'mere receipt ... unattended by any formal service' is insufficient to start the 30-day removal clock.") (citation omitted). Accordingly, as service upon Defendants was improper and has not yet been effectuated, Defendants' removal is timely under 28 U.S.C. § 1446(b)(3).

7. <u>Notice of Filing of Notice of Removal to Adverse Parties and to State Court Clerk.</u> Pursuant to 28 U.S.C. § 1446(d), Defendants will give written notice of the removal to Plaintiffs and to the Clerk of the Chancery Division of the Circuit Court of Cook County, Illinois. Specifically, promptly after filing this Notice of Removal, Defendants shall send a Notice of Removal to Adverse Parties and State Court Clerk, a true and correct copy of which is attached hereto as **Exhibit C**.

8. <u>No Waiver.</u> By filing this Notice of Removal, Defendants do not waive any defenses available to them.

Dated: May 17, 2019

Respectfully submitted,

By: *Jamie L. Ross*
KALCHEIM HABER, LLC

Michael A. Haber (ARDC# 01093142)
Cara M. Gaziano (ARDC# 6230651)
Jamie L. Ross (ARDC# 6257634)
Kalcheim Haber, LLC
134 N. LaSalle Street, Suite 2100
Chicago, IL 60602
(312) 236-9445
mhaber@kalcheimhaber.com
cgaziano@kalcheimhaber.com
jross@kalcheimhaber.com
Attorneys for Defendants Oleksandr Dovgal, Alina Kim, DVL Express Inc., and Altex Logistics Inc.

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing has been filed through the Court's electronic filing system with copies served upon the following counsel of record electronically and by First Class United States Mail, postage prepaid, this 17th day of May, 2019.

Julia Bikbova
666 Dundee Road
Suite 1604
Northbrook, IL 60062
julia@bikbovalaw.com

The undersigned further certifies that on the 17th day of May, 2019, a copy of the Notice of Filing of Notice of Removal was filed through the Illinois State Court's electronic filing system with copies served upon the following by First Class United States Mail, postage prepaid:

Clerk of Court
Chancery Division
Circuit Court of Cook County
Richard J. Daley Center
50 West Washington Street
Room 802
Chicago, IL 60602

By: _____
KALCHEIM HABER, LLC

7