# EXHIBIT A

To Defendants' Class Action Notice of Removal

Chancery Division Civil Cover Sheet
General Chancery Section                                               (5/26/16) CCCH 0623

Hearing Date: 6/13/2019 9:30 AM - 9:30 AM
Courtroom Number: N/A
Location: District 1 Court          **IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
Cook County, IL                     **COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED DATE: 2/13/2019 12:00 AM  2019CH01814

FILED
2/13/2019 12:00 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01814

AYUR TSYBIKOV

                                                              Plaintiff

                              v.

OLEKSANDR DOVGAL, ALINA KIM, DVL EXPRESS INC, ALTEX LOGISTICS INC

                                                              Defendant

No. _____ 2019CH01814

## CHANCERY DIVISION CIVIL COVER SHEET
## GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

| | | |
|---|---|---|
| 0005 | ❏ | Administrative Review |
| 0001 | ■ | Class Action |
| 0002 | ❏ | Declaratory Judgment |
| 0004 | ❏ | Injunction |

| | | | | | | |
|---|---|---|---|---|---|---|
| 0007 | ❏ | General Chancery | 0019 | ❏ | Partition |
| 0010 | ❏ | Accounting | 0020 | ❏ | Quiet Title |
| 0011 | ❏ | Arbitration | 0021 | ❏ | Quo Warranto |
| 0012 | ❏ | Certiorari | 0022 | ❏ | Redemption Rights |
| 0013 | ❏ | Dissolution of Corporation | 0023 | ❏ | Reformation of a Contract |
| 0014 | ❏ | Dissolution of Partnership | 0024 | ❏ | Rescission of a Contract |
| 0015 | ❏ | Equitable Lien | 0025 | ❏ | Specific Performance |
| 0016 | ❏ | Interpleader | 0026 | ❏ | Trust Construction |
| 0017 | ❏ | Mandamus | | ❏ | Other (specify) _____ |
| 0018 | ❏ | Ne Exeat | | | |

By: Julia Bikbova

❏ Atty. No.: 49938 _____     ❏ Pro se  99500

Name: Julia Bikbova

Atty. for: Ayur Tsybikov

Address: 666 Dundee Road, Suite 1604

City/State/Zip: Northbrook/IL/60062

Telephone: 847-730-1800

Primary Email: julia@bikbovalaw.com

Secondary Email: _____

Tertiary Email: _____

**Pro Se Only:** ❏ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice from the **Clerk's Office** for this case at this Email address:

_____

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Return Date: No return date scheduled
Hearing Date: 6/13/2019 9:30 AM - 9:30 AM
Courtroom Number: N/A
Location: District 1 Court
        Cook County, IL

Case: 1:19-cv-03534 Document #: 1-2 Filed: 05/17/19 Page 3 of 169 PageID #:11

FILED
2/13/2019 12:00 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01814

FILED DATE: 2/13/2019 12:00 AM   2019CH01814

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| AYUR TSYBIKOV, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: **2019CH01814** |
| | ) |
| OLEKSANDR DOVGAL, | ) |
| ALINA KIM, | ) |
| DVL EXPRESS INC, | ) |
| ALTEX LOGISTICS INC | ) |
| Defendants. | ) |

### CLASS ACTION COMPLAINT

Plaintiff Ayur Tsybikov, individually and on behalf of all other similarly situated current and former employees of Defendant companies DVL Express Inc ('DVL') and Altex Logistics, Inc., by his attorney, Julia Bikbova of Bikbova Law Offices, P.C., brings his claims as a class action pursuant to the Illinois Code of Civil Procedure 735 ILCS 5/2-801, the Illinois Wage Payment and Collection Act, ("IWPCA"), 820 ILCS § 115/1, § 115/2, § 115/3, § 115/4, § 115/5, § 115/9, § 115/10, § 115/13 and § 115/14, and Illinois common law against DVL, Altex Logistics, Inc. (collectively referred to as "Corporate Defendants"), Oleksandr Dovgal and Alina Kim ("Individual Defendants") and allege, upon personal belief as to himself and his own acts, and as for all other matters upon information and belief, and based upon the investigation made by their counsel, as follows:

### PARTIES

1. Plaintiff Ayur Tsybikov is a resident of Illinois and worked as a truck driver in Illinois, compensated on a per mile bases and later on as a per hauled cargo load basis as a non-exempt employee for Defendant companies in the state of Illinois, during the applicable statute of

FILED DATE: 2/13/2019 12:00 AM  2019CH01814

limitations period, and at all relevant times was a full time "employee" within the meaning of the IWPCA, 820 ILCS § 115/2.

2. Plaintiff brings this case on behalf of himself and others who currently work, and who previously worked as drivers for Defendants at any time during the relevant statute of limitations preceding the filing of the original complaint (hereinafter "Violation Period") and were misclassified as independent contractors.

3. At all relevant times hereto, Defendant DVL Express Inc. has been an Illinois corporation engaged in transportation and delivery business in Illinois and throughout the United States. DVL conducts business in Illinois and operates facilities in Illinois. Defendant Oleksandr Dovgal, on information and belief, is the sole shareholder of DVL and has been its incorporator, founder, registered agent, and officer from its inception through to the present day, as well as the key decision maker as to compensation of the drivers and its actual executive. Defendant DVL has at all relevant times been an "employer" of Plaintiff and other similarly situated truck drivers-employees of Defendants, misclassified as independent contractors, within the meaning of the IWPCA, 820 ILCS § 115/2.

4. At all relevant times hereto, Defendant Altex Logistics has been an Illinois corporation engaged in transportation and delivery business in Illinois and throughout the United States. Altex Logistics conducts business in Illinois and operates facilities in Illinois. Defendant Alina Kim, on information and belief, is the sole shareholder of Altex Logistics and has been its incorporator, founder, registered agent, and officer from its inception through to the present day, as well as the key decision maker as to compensation of the drivers and its actual executive. Defendant Altex Logistics has at all relevant times been an "employer" of Plaintiff

2

FILED DATE: 2/13/2019 12:00 AM   2019CH01814

and other similarly situated truck drivers-employees of Defendants, misclassified as independent contractors, within the meaning of the IWPCA, 820 ILCS § 115/2.

5.  Defendant Oleksandr Dovgal was and is DVL's and Altex Logistics' key decision maker and its actual executive, who has had and exercised key decision powers with respect to misclassifying drivers as independent contractors as opposed to employees and made decisions as to the payment of compensation to truck drivers working for defendant companies. Defendant Oleksandr Dovgal caused or otherwise knowingly permitted DVL to violate the IWPCA. As such, at all relevant times Defendant Oleksandr Dovgal has been an "employer" of Plaintiffs within the meaning of the IWPCA, 820 ILCS § 115/13.

6.  Defendant Alina Kim, wife of Defendant Oleksandr Dovgal, works as a manager and key decision maker at DVL and Altex Logistics, who has had and exercised key decision powers with respect to misclassifying drivers as independent contractors as opposed to employees and made decisions as to the payment of compensation to truck drivers working for defendant companies. Defendant Kim managed all key paperwork, including that during hiring and termination of the drivers, and dispatch for both Defendant companies. Defendant Alina Kim caused or otherwise knowingly permitted DVL and Altex Logistics to violate the IWPCA. As such, at all relevant times Defendant Alina Kim has been an "employer" of Plaintiffs within the meaning of the IWPCA, 820 ILCS § 115/13.

## JURISDICTION AND VENUE

7.  Jurisdiction over this action is conferred on this Court by Section 735 ILCS 5/2-209 in that Defendant has transacted business and committed acts directly relating to the matters complained of herein within the State of Illinois.

3

FILED DATE: 2/13/2019 12:00 AM   2019CH01814

8. Jurisdiction over this action is also proper pursuant to Section 820 ILCS 115/1 and Section 820 ILCS 115/2 in that the Plaintiff and putative class members have performed a significant amount of work in the State of Illinois and some of the putative class members are currently residing in the State of Illinois, while all former and current putative class members were or are performing work for Defendants in the State of Illinois.

9. Venue is proper pursuant to 735 ILCS 5/2-102 as DVL and Altex Logistics are corporations doing business in Cook County, Illinois and transacting business within the geographic jurisdiction of this Court. Venue is also proper pursuant to 735 ILCS 5/2-102 as Defendants Oleksandr Dovgal and Alina Kim are residents of the State of Illinois and at all relevant time have been officers of, and key decision makers for DVL and Altex Logistics respectively, and have acted in such capacities within the geographic jurisdiction of this Court. Further, venue is proper as some part of the transactions that gave rise to this Complaint arose in Cook County, Illinois.

## FACTUAL BACKGROUND

10. During the time of Plaintiff's and others' similarly situated employment with the Defendants, he worked as a truck driver delivering goods across state lines.

11. Mr. Tsybikov worked for DVL as a truck driver between August 2014 and August 2017. He was hired by DVL and drove a truck with DVL branding, and also occasionally pulled loads for Altex Logistics.

12. His employment was made up of two phases: first, he worked as a driver compensated on a per mile basis between August 2014 - June 2015- for the first four months he was paid $0.48 per mile, and thereafter was paid $0.53 per mile. He then worked as a driver compensated on a per load basis from July 2015 - August 2017.

4

FILED DATE: 2/13/2019 12:00 AM   2019CH01814

13. The Defendants failed and refused to pay Plaintiff and others similarly situated for some work performed.

14. When Plaintiff worked on a per mile basis, Defendants only paid him for 90% of the miles he drove, decreasing his compensation by 10%. Plaintiff drove 13,000 miles a month during the period that he was compensated on a per mile basis; as his agreed rate of pay was to be $0.48/mile for the first four months and $0.53/mile for the next six months, he was underpaid by at least $6,630 during his ten months spent driving on a per mile basis.

15. When Plaintiff worked to be compensated on a per load basis, Defendants failed to pay him fully for the work he performed. Specifically, the Defendants forged the freight confirmations presented to Plaintiff based on which he would be deriving a percentage of a cost, and in addition, made other unlawful deductions from the said percentage. Plaintiff does not know precisely how much he was underpaid by, because all relevant freight confirmation documents are in Defendants' possession and control, and exact damages must be determined through accounting.

16. Defendant Oleksandr Dovgal ("Defendant Dovgal") and Defendant Alina Kim ('Defendant Kim') managed all of the Plaintiff's and others' similarly situated work for Defendant Companies, including the number of hours worked, the distances driven, and the tasks performed by Plaintiff and others similarly situated.

17. Defendants Dovgal and Kim exerted full control over Plaintiffs' workdays and working conditions. They dictated, controlled and ratified the wages paid, hours worked, tasks set, and all related employee compensation policies and practices.

5

FILED DATE: 2/13/2019 12:00 AM 2019CH01814

18. Defendants Dovgal and Kim required Plaintiff and other similarly situated truck drivers to come to Defendant's head office in Illinois for job interviews with the Defendant prior to hiring.

19. Defendants Dovgal and Kim required Plaintiff and all other similarly situated truck drivers to review and sign English paperwork presented to them at the head office and to complete the inspection of the equipment alongside Defendants' officers at the head office. They also required the Plaintiff and all other similarly situated truck drivers to submit to mandatory drug testing in nearby Illinois facilities in order to commence employment. These were mandatory conditions of employment, which Plaintiff had to fulfill in order to continue working for Defendant companies.

20. Defendants Dovgal and Kim required Plaintiffs and others similarly situated to use the Defendants' vehicles in performance of their duties, which were registered in Illinois and owned by Illinois-registered companies and displayed "DVL" signs on the vehicle siding; this company branding is solely owned and managed by Defendants Dovgal and Kim. As a result, Plaintiff and similarly situated drivers exclusively drove vehicles with the Defendants' branding.

21. Some drivers, as in the case of Plaintiff, were required to execute lease agreements to "lease" equipment, *e.g* the truck and trailer, from Defendant companies while Defendant Companies remained the sole owners of such equipment at all times. Specifically, Plaintiff leased his truck from DVL, and would carry loads for either DVL or Altex Logistics. Such leases, which the Plaintiff was made to sign, were nothing more than part of the Defendants' intricate, unlawful scheme to misclassify the Plaintiff and others similarly situated drivers as independent contractors, as opposed to W-2 form employees.

6

FILED DATE: 2/13/2019 12:00 AM   2019CH01814

22. At least approximately 10% of the cargo that the Defendants required the Plaintiff and putative class members to transport was cargo deliveries to and from the Defendants' customers located in Illinois. In furtherance of their transport duties and work for the Defendants, the Plaintiff and other similarly situated truck drivers spent approximately thirty percent of their time or more commuting through the State of Illinois, regardless of whether Defendants' customers were in Illinois or not. All of the instructions that the Plaintiff and putative class members would receive came from Defendant companies' dispatchers in Illinois.

23. On information and belief, approximately 70% of the putative class members permanently reside in the State of Illinois.

24. As part of his strict control over Plaintiff's work, Defendants Dovgal and Kim required that the Plaintiff and putative class members submit all bills of lading, log books, and other required paperwork to the Defendant Companies' head office in Illinois.

25. Plaintiff and other similarly situated truck drivers shared similar job titles, followed the same policies and practices, performed similar duties, and as a result of Defendants' common scheme and unlawful deductions, were similarly subject to exploitation and denied compensation.

26. Plaintiff was charged the following amounts in deductions, which were never discussed or agreed upon: $890 for 'truck repair'; $940 for 'violation'; $2,000, $1,666.22 and $2500 in 'claims for load'; $2,700 for 'bad tires'; $300 for 'chains', and $800 for 'towing'. These deductions are only examples of the vast number of fraudulent or otherwise unlawful deductions made by Defendants.

27. Defendants engaged in unlawful practices by refusing to withhold payroll and social security taxes or to pay their share of social security tax and unemployment tax for the benefit of the

7

Plaintiff and others similarly situated, thus causing Plaintiff and others similarly situated damages in the amount of unpaid FICA and withheld taxes and additional sums to be paid by the Plaintiff and others similarly situated in place of Defendants.

28. Defendants Dovgal and Kim had knowledge of the agreements between the Plaintiff and the Defendant companies to compensate the Plaintiff for all of his work because it were the individual Defendants who formed the agreements with the Plaintiff and with other drivers as to the drivers working for the Defendant companies in return for compensation based on per mile basis or per hauled load basis, just as he had knowledge of such agreements between Defendant Companies and all putative class members.

29. Furthermore, Individual Defendants had actually entered into agreements with Plaintiff and other similarly situated drivers (putative class members) on behalf of the Defendant Companies and had induced the Plaintiff and other similarly situated drivers to enter said agreements in order to work for the Defendant companies.

30. Defendants Dovgal and Kim has knowingly permitted or otherwise caused the Defendant companies to wrongfully deny the payment of compensation to Plaintiff and putative class members by actively contributing to the decision to do so, establishing policies for Defendant companies which violated the IWPCA, devising a scheme to underpay the Plaintiff and putative class member truck drivers, making deductions from the compensation of Plaintiff and other similarly situated drivers, instructing personnel employees to make such deductions, issuing the paychecks which reflected underpaid or reduced compensation, and, in some instances, refusing to issue any paychecks at all to Plaintiff and other similarly situated drivers-putative class members.

FILED DATE: 2/13/2019 12:00 AM  2019CH01814

31. Defendants Dovgal and Kim implemented their exploitative scheme in full knowledge that most of the truck drivers they hired would take the job offered, not complain about underpayment of wages, and not seek any recourse in court or otherwise with government authorities. They targeted drivers who had low English proficiency and lacked legal sophistication, so as to ensure a consistent power imbalance, which the individual Defendants used to their advantage and profit. Instead of running an honest business, Defendants Dovgal and Kim designed the above-described scheme of deductions and wage withholdings to take money from hard-working, vulnerable employees who could not or would not fight back.

32. Defendants' practices violated multiple provisions of the Illinois Wage Payment and Collection Act.

33. As a result of Defendants' unlawful practices, the Defendants profited immensely. They benefited from reduced labor and payroll costs by making regular illegal deductions and otherwise withholding pay from Plaintiff.

34. As a result of Defendants' improper and willful failure to pay Plaintiff and others similarly situated in accordance with the requirements of the IWPCA, Plaintiff and others similarly situated putative class members suffered lost wages and other actual damages.

**CLASS ALLEGATIONS**

35. Plaintiff brings these claims for relief on his own and as a class action pursuant to the Illinois Code of Civil Procedure, 735 ILCS §5/2-801 and §5/2-802. The class is defined as:

> *"All persons who have worked for Defendant companies as truck drivers and truck driver trainees in Illinois or otherwise have driven Defendant companies', their predecessors', successors', subsidiaries' and/or affiliated companies' trucks at any time during the relevant statutory period, and who entered into an Independent*

9

FILED DATE: 2/13/2019 12:00 AM 2019CH01814

*Contractor agreement individually or on behalf of another entity, and personally provided freight cargo transportation services pursuant to that Agreement for Defendant companies and who have not been classified as employees of Defendant companies".*

36.     This action is properly maintainable as a class action under §2-801 because:

(a)  The class or subclasses of plaintiffs, estimated 120 drivers, is so numerous that joinder of all members is impracticable;

(b)  There are common questions of law and fact as to whether Defendant improperly misclassified the drivers as independent contractors and the drivers were and are in fact covered by the IWPCA; whether the drivers are entitled to recover the amounts deducted by the Company from their wages and unpaid but earned compensation; that each driver has the same potential claim and types of damages, and these common questions of law and fact predominate over any possible questions affecting only individual members;

(c)  That the named Plaintiff and their attorney will adequately protect the interests of the entire class, and

(d)  Class treatment in this particular case is the only appropriate means for the fair and efficient adjudication of the controversy because of the length of the dispute, the intimidation and retaliation threats and actions by Defendant over the course of many years, the amount of individual damages and the prohibitive costs of individual suits.

## Numerosity

37. The total number of members of the proposed class represents approximately 1000 individuals

FILED DATE: 2/13/2019 12:00 AM   2019CH01814

or more. The exact number of class members may only be determined from Defendants' records. The proposed class is sufficiently numerous to make joinder of all of its members impracticable.

38. The proposed class of approximately 1000 Defendants' truck drivers, who were misclassified as independent contractors, denied full wages, proper payroll contributions and were not covered by workers' compensation and unemployment insurance, to name just a few of Plaintiff's contentions, represent a sufficient number of individuals with respect to their complaint against Defendants.

39. The amount of each claim is relatively small compared to the costs of bringing an individual claim, particularly when considering filing fees, motion practice, discovery, and the costs of commuting to depositions, appearing in court, hearings, and trial.

40. The amounts of Plaintiff's and putative class members' claims are very similar and range approximately between approximately $1,500 and $75,000, depending on the length of the employment, not including statutory interest and attorneys' fees and costs. These amounts are based on what Plaintiff can ascertain based on documentation he currently possesses, and could change upon the review of all relevant documentation in possession of Defendants. The amounts claimed vary based on the length of truck drivers' employment with Defendants. The amounts do not include contributions under FICA, penalties and interest which may only be determined after determining the full compensation that Defendant was required to pay Plaintiff.

41. The putative class members do not have the ability to bring the claims on their own behalf because of the prohibitive costs. Even if they had the ability to bring a suit on their own behalf, the likelihood of them doing so would be close to zero.

FILED DATE: 2/13/2019 12:00 AM    2019CH01814

42. The Plaintiff believes that Defendants would intimidate Plaintiff and putative class members and Plaintiff and putative class members would not be able to oppose the Defendant if they were to stand up for their rights in court individually. Defendant oppressed them, violated their rights repeatedly and without any remorse, and intimidated them throughout the length of Plaintiff's and putative class members' employment. Defendants are highly likely to continue with the same tactics if Plaintiff and other drivers were to sue individually or as a joinder.

43. There are at least approximately 1000 putative class members scattered across Illinois and the United States, who are truck drivers involved in an ongoing commute. It would be impractical and impossible for the Plaintiff to prosecute their claims individually or as a joinder because of geographic constraints.

44. The proposed class is made up of the "smaller guy". The class consists of individual truck drivers, who, for the most part, are newly licensed commercial drivers, who are not sufficiently sophisticated to seek legal redress individually.

45. Joinder of all or even a substantial percentage of class members as individual plaintiffs clearly would be prohibitively expensive and impracticable for the same reason as if plaintiffs were to bring their claims individually.

## Commonality

46. All of Plaintiff's and putative class members' claims have common questions of law because they all arise pursuant to violations of IWPCA and the same causes of action under Illinois common law, as described in this Complaint. There are numerous and substantial questions of law and fact common to all members of the stated class, including, but not limited to, the following:

47. Whether Defendants unlawfully misclassified putative class members as independent

12

FILED DATE: 2/13/2019 12:00 AM   2019CH01814

contractors as opposed to W-2 employees;

48. Whether Defendants failed to pay "wages" and "final compensation" by making unlawful deductions or withholdings from Plaintiffs' paychecks;

49. Whether Defendants failed to make proper payroll contributions and other tax contributions and withholdings on behalf of Plaintiffs;

50. Whether Defendants failed to compensate class members for all the work they required according to the rate and wages Defendants promised to pay Plaintiffs and others similarly situated at hiring;

51. Whether Defendants engaged in a pattern, practice or policy of making unlawful deductions from the pay of class members;

52. Whether Defendants willfully failed to comply with state wage laws pursuant to IWPCA;

53. Whether Defendants failed to pay final compensation to members of the proposed class, in part or in full, in accordance with IWPCA;

54. Whether Defendants failed to pay the final compensation on time in accordance with the IWPCA;

55. Whether Defendants failed to compensate the truck drivers-trainees, to whom the Defendant promised compensation and with whom Defendants formed an employment agreement for trainees' training for benefit of Defendants and provision of services to Defendants;

56. Whether Defendants violated Section 3 of IWPCA which requires that every employer, at least semi-monthly, pay every employee all wages earned during the semi-monthly pay period. 820 ILCS 115/3;

57. Whether Defendants violated Section 4 of IWPCA which requires that all wages earned by employee during the semi-monthly or bi-weekly pay period be paid to such employee not later

FILED DATE: 2/13/2019 12:00 AM   2019CH01814

than 13 days after the end of the pay period in which such wages were earned. 820 ILCS 115/4;

58. Whether Defendants violated Section 5 of IWPCA which requires every employer to pay final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee. 820 ILCS 115/5;

59. Whether Defendants violated Section 9 of IWPCA which dictates that deductions by employers from wages or final compensation are prohibited unless such deductions are (1) required by law; (2) to the benefit of the employee; (3) in response to a valid wage assignment or wage deduction order; (4) made with the express written consent of the employee, **given freely at the time the deduction is made** [...]. 820 ILCS 115/9. *(emphasis added)*;

60. Whether Defendants violated Section 10 of IWPCA, when they failed to notify employees, at the time of hiring, of the actual rate of pay and of the time and place of payment; when they failed to memorialize such notification in writing although it was feasible; when they failed to assure that both parties, the Employer and the prospective truck driver, acknowledge such notification in writing; when Defendants failed to notify employees of any changes in the arrangements, specified above, prior to the time of change; when Defendants failed to keep records of names and addresses of all employees and of wages paid each payday, and when Defendants failed to furnish each employee with an itemized statement of deductions made from their wages for each pay period. 820 ILCS §115/10; and

61. Whether individual Defendants Dovgal and Kim are liable for violations of IWPCA.

62. Whether Defendants committed common law fraud by knowingly making false statements to employees upon hiring and thereafter, promising to pay them in full for the work performed, and then failing to do so.

63. Whether Defendants committed civil conspiracy to commit violations of the IWPCA as set out

FILED DATE: 2/13/2019 12:00 AM 2019CH01814

above by entering into an agreement to not compensate employees fully and to make illegal deductions from their pay.

64. Whether Defendants committed civil conspiracy to commit common law fraud by entering into an agreement to make knowingly false statements to employees upon hiring and thereafter, promising to pay them in full for the work performed, and then failing to do so.

65. Whether Plaintiff and all class members are entitled to equitable relief pursuant to their actions for accounting, declaratory judgment, and unjust enrichment.

66. Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employers. However, if any such class member should become known, he or she can "opt out" of this action pursuant to Illinois Code of Civil Procedure, 735 ILCS §5/2-801 and §5/2-802.

67. Plaintiff anticipates that Defendants will raise defenses that are common to the class.

**Adequacy**

68. The named Plaintiff will fairly and adequately protect the interests of the class.

69. Plaintiff is ideally situated to represent two potential sub-classes: drivers compensated on a per mile basis, and drivers compensated as a per load basis, as he worked under both categorizations for Defendant companies.

70. Plaintiff's interests are not and cannot be antagonistic or in conflict with the class as Plaintiff and all members of proposed class would like to seek compensation for the work they performed. All named Class Representatives and proposed class members have the common interest of determining whether Defendants are liable for money damages to the proposed class

FILED DATE: 2/13/2019 12:00 AM   2019CH01814

for violations of their rights under IWPCA, other federal or state tax regulations, and under causes of action under Illinois Common Law as set forth in this Complaint.

71. Plaintiff has retained experienced counsel who is competent in the prosecution of complex litigation with many years of experience in prosecuting Wage and Hour actions in this Court and other Courts, including numerous Class Actions.

**Superiority**

72. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually.

73. As the damages suffered by each class member may be relatively small, the expense and burden of individual litigation would make it difficult for plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests.

## COUNT I

### VIOLATION OF ILLINOIS WAGE PAYMENT AND COLLECTION ACT – MISCLASSIFICATION UNDER SECTION 2 OF IWPCA

74. Plaintiffs reallege and incorporate paragraphs 1- 73 above as and for paragraph 74 of this Count I:

75. Plaintiff, Ayur Tsybikov ("Mr. Tsybikov"), was an employee and at all relevant times was a truck driver working for Defendants. At all relevant times, Mr. Tsybikov was not a motor

16

FILED DATE: 2/13/2019 12:00 AM   2019CH01814

carrier authorized by the US Department of Transportation and Federal Highway Administration, did not have an Operating Authority under Federal Motor Carrier Safety Administration, and did not have an "MC Number" nor a "USDOT Number".

76. Mr. Tsybikov, at all relevant times, has been a truck driver, who was unable to contract with customers on his own to transport goods across state lines as a motor carrier operator. Mr. Tsybikov, at all relevant times, has been able to work as a truck driver only if employed by a company involved in transportation and delivery services which is a motor carrier authorized by the US Department of Transportation and Federal Highway Administration, has Operating Authority under Federal Motor Carrier Safety Administration, and has an "MC Number" and a "USDOT number".

77. Mr. Tsybikov learned of the truck driver position through a friend.

78. Defendant Dovgal is the sole shareholder of DVL, the company he founded and incorporated to operate as a motor carrier company. He is the key decision maker as to any practices of misclassification and compensation of the drivers working for DVL and Altex Logistics.

79. Defendant Kim is the wife of Defendant Dovgal and, on information and belief, is a manager and key decision maker of DVL and Altex Logistics, as to misclassification and compensation of the drivers working for one of the two or both defendant companies.

80. Defendants Dovgal and Kim devised and entered into an agreement to set up a scheme whereby DVL would advertise and offer truck drivers employment as "company drivers" while retaining appearance of independent contractors. Specifically, all of the drivers who would be offered a job would drive and operate the equipment, namely trucks and trailers, owned and belonging to DVL and/or Altex Logistics. DVL had US Department of Transportation Motor Carrier authority to transport goods and operate as a motor carrier.

FILED DATE: 2/13/2019 12:00 AM   2019CH01814

81. Defendants Dovgal and Kim would hire only those drivers who did not have independent motor carrier authority under the DOT, had no ability to secure their own dispatch or contract with brokers and customers, and who could work as truck drivers only for a company which has motor carrier authority under DOT.

82. Falling for Defendants Dovgal's and Kim's scheme, Mr. Tsybikov called DVL and set up an interview with Defendant Dovgal in August of 2014.

83. Defendant Dovgal told Mr. Tsybikov that he would be driving a truck provided by the company for Mr. Tsybikov, and that he was to strictly work for individual defendant and defendant companies only. Defendant Dovgal stressed to Mr. Tsybikov that his employment with Defendants was a full-time commitment, and that he was not allowed to work for any other trucking company by any means.

84. Defendant Dovgal said that he would pay Mr. Tsybikov $0.48 cents per mile for the first 4 months, and thereafter $0.53 per mile.

85. Immediately following the interview, Defendant Kim presented Mr. Tsybikov with a large stack of papers and instructed Mr. Tsybikov to sign all documents in front of him in order to get the job. The papers were written in complex language, and Mr. Tsybikov is not proficient in the English language, which he disclosed to Defendants Dovgal and Kim during the interview. Mr. Tsybikov does not know precisely what was contained within those documents, due to his lack of English fluency.

86. With full awareness of Mr. Tsybikov's lack of English proficiency, Defendants Dovgal and Kim intentionally presented Mr. Tsybikov with a copious and overwhelming number of documents and asked him to sign them, without providing Mr. Tsybikov with an explanation or translation. When Mr. Tsybikov asked for an explanation, Defendant Dovgal willfully

FILED DATE: 2/13/2019 12:00 AM   2019CH01814

refused to explain to Mr. Tsybikov the purpose and meaning of the documents. Mr. Tsybikov signed as he was instructed with no reason to believe that the papers he was signing would be used in part of a unlawful scheme to misclassify him and his fellow truck driver employees, members of the proposed class, and subject them to unlawful deductions from compensation.

87. Mr. Tsybikov had no reason to believe that Defendant Dovgal would willfully deceive him into agreeing to unlawful, unfair employment terms that violate the wage laws of the State of Illinois and the rights of Mr. Tsybikov as an employee under these wage laws.

88. Mr. Tsybikov and Defendant Dovgal agreed and had a mutual understanding and assent that Mr. Tsybikov would drive the truck as a full-time commitment to DVL, and that he would be fairly compensated as discussed and as pleaded herein.

89. During the course of Mr. Tsybikov's employment with Defendant companies, Defendant Dovgal failed to pay Mr. Tsybikov final compensation for the last few loads Mr. Tsybikov delivered prior to terminating his employment.

90. When Plaintiff worked on a per mile basis, Defendants only paid him for 90% of the miles he drove, decreasing his compensation by 10%. Plaintiff drove 13,000 miles a month during the period that he was compensated on a per mile basis; as his agreed rate of pay was to be $0.48/mile for the first four months and $0.53/mile for the next six months, he was underpaid by at least $6,630 during his ten months spent driving on a per mile basis.

91. Since June 2015 when the statutory monthly 2% interest per IWPCA began to accrue, the interest of the unpaid per-mile compensation to date is at a minimum $9,216.05. This figure continues to rise each month subsequent to the filing of this Complaint. Thus, the underpayment during the per mile period of work for just the unpaid miles, inclusive of interest, is $15,846.05.

19

FILED DATE: 2/13/2019 12:00 AM 2019CH01814

92. In addition, the unlawful deductions that the Defendants made from his compensation are in excess of $13,000, while the 2% statutory interest applies to such a sum since the time of each deduction, which is an estimated $3500 to date and which continues to rise each month.

93. After approximately a year into Plaintiff's employment, Defendant Dovgal offered Mr. Tsybikov to change his basis of compensation. Namely, Dovgal represented to the Plaintiff that he would be "leasing" a truck from DVL or Altex Logistics and instead of being compensated on a per mile basis, would be compensated on a percentage of a load basis.

94. Over the course of Mr. Tsybikov's employment on a per load basis, Defendant did not pay approximately $60,000 for the work Mr. Tsybikov performed and compensation he earned because of the various deductions from his pay, escrow charges, lease payments that fluctuated but were never agreed to by Ms. Tsybikov, and failure to compensate for hauled cargo loads.

95. On information and belief, the Defendant companies, under the direction and control of individual defendants Dovgal and Kim who specifically devised this fraudulent scheme, would forge the freight confirmations obtained through brokers and/or customers and present Plaintiff and putative class members with such forged freight confirmations, depicting a lesser cost per load as to pay Plaintiff and putative class members a lesser amount for his wages based on a percentage of a load, than what charged and obtained from the customers.

96. Since August 2017, when the statutory monthly 2% interest per IWPCA began to accrue on the amount Plaintiff was underpaid during the per load period, the interest of the unpaid said compensation to date is $25,694.77. This figure continues to rise each month subsequent to the filing of this Complaint. Thus, the total underpayment during the per load period of work, inclusive of interest, is $85,694.77.

FILED DATE: 2/13/2019 12:00 AM   2019CH01814

97. The total amount of damages that Mr. Tsybikov claims in this Complaint, inclusive of statutory interest to date, is in excess of $118,000.00, not including attorney's fees and costs.

Plaintiff and Putative Class Members were Misclassified as Independent Contractors:

98. Defendants Dovgal and Kim provided all work assignments for Mr. Tsybikov, who did not have customers of his own, nor was he allowed to have them. Defendants Dovgal and Kim set the prices charged for all deliveries, billed customers for work performed, and collected receivables.

99. Defendant companies had their own dispatch; they required drivers to report to Defendant companies and penalized them if failing to do so, and they required drivers to take drug tests at the facilities the Defendant companies approved of.

100. Plaintiff and putative class members were required by Defendants Dovgal and Kim to haul loads and transport the cargo for DVL and Altex Logistics via specific routes, avoiding specific toll roads, in a specific order, and in a specific number of hours. If drivers failed to complete their deliveries in the order specified by Defendants Dovgal and Kim or otherwise failed to comply with afore-listed requirements, they would be subject to discipline.

101. The Defendants retained the right to terminate drivers for any reason. Plaintiff and other drivers-putative class members depended on Defendants for their work; they did not perform transportation/delivery services for any other company or anyone else while working for the Defendant companies, did not negotiate with the Defendants' customers regarding the rates charged for their service, and did not contract with the Defendants' customers independently.

102. The Defendants intentionally and knowingly dictated and mandated strict compliance with the work policies and means of performance of drivers' duties which demonstrate that the

FILED DATE: 2/13/2019 12:00 AM  2019CH01814

Plaintiff and others similarly situated were employees for Defendant companies and not independent contractors.

103. Plaintiff and others similarly situated performed integral services within Defendants' usual course of business, which was to deliver freights, or loads, for Defendants' clients, and did so under Defendants Dovgal's and Kim's specific instruction.

104. Defendants Dovgal and Kim supervised and controlled the quantity and quality of Plaintiff's and the putative class members' work on a routine basis;

105. Defendants Dovgal and Kim determined the rate and method of Plaintiff's and putative class members' compensation;

106. Plaintiff and the putative class members were required to follow Defendants' strict work schedules and work hours dictated and mandated by Defendants Dovgal and Kim. Plaintiff and others similarly situated had absolutely no capacity to change or alter their work schedules without permission from Defendant Dovgal.

107. Plaintiff and the putative class members were not allowed to end their work shifts early without early advanced approval from Defendants Dovgal and Kim.

108. The duties of Plaintiff and putative class members were not project-based, but rather performed on a continual and indefinite basis, as their services to Defendants were an integral part of the Defendants' business operations.

109. Defendants Dovgal and Kim determined and controlled which customers the Plaintiff and the proposed class members could and would service, including time, place, and the freight or loads to be hauled and delivered.

110. Defendants Dovgal and Kim developed the entire scheme of misclassifying Defendants' employees as independent contractors by not applying mandatory payroll tax withholding and

FILED DATE: 2/13/2019 12:00 AM 2019CH01814

contributing and remitting employer's portion of the payroll tax to federal and state tax authorities, and by forcing drivers to "lease" the equipment from one defendant company or its affiliate.

111.    Defendants required and compelled the putative class members to drive full time to the extent of the maximum permissible time on the road for an interstate truck driver per DOT regulations if the drivers wanted to keep their jobs. Moreover, Defendant companies required and compelled the putative class members and the Plaintiff to drive in excess of permitted number of hours on the road, in violation of the US Department of Transportation Federal Motor Carrier Safety Administration regulations. The Defendant companies per individual Defendants Dovgal's and Kim's instructions would cover up these violations later on by altering log books.

112.    Plaintiff and putative class members at all times performed their work by hauling loads and while driving the trucks that were owned by one of the Defendant companies. There were multiple "lease agreements" that the Defendant companies forced the Plaintiff and putative class members' to execute. There were leases by each of the Defendant companies at different times. Defendants Dovgal and Kim also required that such "lease" drivers actually "lease" the truck back to one of the Defendant companies because that was the only way the equipment could be insured and lawfully operated under the USDOT regulations.

113.    All such leases contained provisions that at all times the "leased" equipment would remain strictly the property of the Defendant companies, while a driver would not have any ownership rights to such equipment. Despite the fact that Defendants owned the equipment, Plaintiff and putative class members were responsible for maintaining the working condition of the trucks by personally compensating for any maintenance work performed on the vehicle.

FILED DATE: 2/13/2019 12:00 AM   2019CH01814

114.    In reality, all this "work" by one Defendant company to lease a truck to a driver, and for a driver to "lease" the truck to the other Defendant company was nothing more than a ploy to misclassify the drivers as independent contractors.

115.    On information and belief, the Defendants employed and continue to employ drivers who were not leasing the trucks but operated "company trucks", as well as owner-operators of their own trucks. Further, on information and belief, some drivers during the applicable statutory period were compensated on a per mile basis, as opposed to a per hauled cargo load basis, commonly referred to as a "percentage of rate confirmation". Nevertheless, any and all such drivers referred to in this paragraph were equally misclassified as independent contractors just as the same policies, procedures, exerted control and direction by Defendants Dovgal and Kim applied to all drivers regardless of the basis under which they were compensated.

116.    Working for the Defendants and operating their equipment, leased or owned by the drivers and leased to Defendant companies, was the usual and only place of work for all drivers working for the Defendants.

117.    The Plaintiff and putative class members were never free from control and direction by the Defendant companies and Defendants Dovgal and Kim over the performance of their work, both under agreements and in fact.

118.    All work that the Plaintiff and putative class members performed was never outside the usual course of business and was never performed outside all places of business of the Defendant companies as they drove the trucks owned by Defendant companies (or leased to and under the control of Defendant companies), and because they never hauled loads under the direction, dispatch, request, or control of any other transportation company during the time they worked for the Defendant companies.

FILED DATE: 2/13/2019 12:00 AM   2019CH01814

119.    Plaintiff and all other similarly situated truck drivers at all relevant times remained truck drivers whose primary and only trade, occupation and profession was to haul loads and make deliveries using the equipment provided by the Defendants or their equipment but hauled only the loads dispatched, controlled, and assigned for delivery to drivers by the Defendant companies.

120.    Defendants Dovgal and Kim had the right to control and direct Plaintiff's and the putative class members' duties performed for Defendant companies including but not limited to how deliveries were accomplished.

121.    Defendants Dovgal's and Kim's misclassification of the Plaintiff and the putative class members as independent contractors was done knowingly and intentionally. Defendant's willful misclassification was and continues to be done in direct violation of the Illinois Wage and Payment Collection Act, specifically under Section 2 of the IWPCA.

WHEREFORE, Plaintiff prays that this Honorable Court finds that at all relevant times the Defendants have acted and continue to act in violation of the Illinois Wage Payment and Collections Act in that they have misclassified Plaintiff and all other similarly situated truck drivers-putative class members as independent contractions; that the Defendant companies and Defendants Dovgal and Kim have done so willfully and in gross disregard for the statutory law in Illinois aimed at protecting public at large; and that such conduct warrants imposition of punitive damages; and award Plaintiff and others similarly situated compensatory in excess of $5,000.000.00, statutory interest, court costs, and attorney's fees, as well as and punitive damages in excess of $5,000,000.00

## COUNT II

**VIOLATIONS OF ILLINOIS WAGE PAYMENT AND COLLECTION ACT-
UNLAWFUL, UNAUTHORIZED AND UNCONSENTED TO DEDUCTIONS,**

25

## UNTIMELY COMPENSATION, WITHHOLDING OF COMPENSATION AND NON-PAYMENT OF FINAL COMPENSATION

122.    Plaintiff re-alleges and incorporates paragraphs 1 through 121 above as and for paragraph 122 of this Count II:

123.    Defendant Dovgal devised a scheme to misclassify and unlawfully classify the truck drivers working for Defendant companies as so-called "Independent Contractors" in order to achieve a number of objectives, but mainly to be able to withhold their earned compensation, make deductions from their compensation, not pay their timely compensation, deny final compensation, avoid the application of the IWPCA that governs the employer-employee relationship between Defendant companies and their truck drivers, and thus mandate that Plaintiff and other similarly situated drivers are compensated in accordance with the wage law and pursuant to the broader agreement between an employer and employee truck drivers and the promises given to drivers at hiring.

124.    Incidental to the main goal of misclassification outlined above, Defendants Dovgal and Kim caused the Defendant companies to achieve other illicit objectives:

125.    Evading the payment of employment taxes and withholding employment taxes from the drivers' paychecks to remit the same, along with the Defendant companies' payment of the employment taxes to IRS and State of Illinois;

126.    Evading the requirement of reporting income and employment taxes withheld from his and the defendant companies' employees on Employer's Quarterly Federal Tax Return and avoiding depositing these taxes in full to defendant companies' financial institutions pursuant to Federal Tax Deposit Requirements;

127.    Evading the requirement of filing FUTA returns and depositing and praying unemployment insurances taxes;

26

FILED DATE: 2/13/2019 12:00 AM   2019CH01814

128.    Evading the requirement of maintaining worker's compensation for the Plaintiffs and similarly situated truck drivers working for the Defendant companies pursuant to Illinois Workers' Compensation Act, 820 ILCS 305/1;

129.    Evading the requirement of completing the USCIS Form I-9 part of the employment eligibility verification process for Defendant companies' workers pursuant.

130.    Defendants Dovgal and Kim devised schemes and wage payment practices for the defendant companies they owned. Defendant Dovgal acted as the President and officer of DVL, and Defendant Kim operated Altex Logistics. Together, they acted as key decision makers with respect to compensation and denying compensation to truck drivers working for both defendant companies in such a way that once a driver would begin working for Defendant companies, the driver would not receive the full compensation that was promised to him at hiring. For this purpose, Defendants Dovgal and Kim created a system, and then caused the Defendant companies to implement them, where certain deductions would be taken from drivers' paychecks and where at times no paycheck would be issued at all as a result of the Defendant's blatant failure to compensate Plaintiffs and putative class members for their work.

131.    It was Defendants Dovgal's and Kim's intent, supported by their actions, to violate Illinois wage laws such as IWPCA and to create and use every possible opportunity to deduct a "charge" or "deduction" from the drivers' pay, to shift the cost of what an employer must pay for, such as various and multiple insurance coverage, costs of tractors and trailers, fuel, tolls, equipment repairs, and more, onto drivers, and to withhold compensation for two weeks or more or not pay final compensation to terminated truck drivers.

132.    Defendants Dovgal and Kim implemented and invented specific deductions that would appear on drivers' pay checks and settlement statements and which Defendants Dovgal and

FILED DATE: 2/13/2019 12:00 AM 2019CH01814

Kim would cause the Defendant companies to apply to the pay of the truck drivers' individual statements. Defendants Dovgal and Kim were individually responsible for deciding compensation and issuing compensation to drivers. Defendants Dovgal and Kim knowingly permitted violations of the IWPCA, and moreover, actually devised and implemented the scheme of steps and processes that would lead to violations of IWPCA.

133. There was no one else at either Defendant companies, such as other executives or human resources personnel or payroll personnel, other than Defendants Dovgal and Kim, with the authority to create, devise and implement the scheme to misclassify Plaintiff and other similarly situated drivers as independent contractors instead of being classified as W-2 employees, to make deductions from Plaintiffs and other similarly situated truck drivers' pay, and to withhold compensation for weeks or months or not pay the final compensation at all.

134. When Mr. Tsybikov and the class members would decide to complain about underpayment or non-payment, they knew it could only be Defendants Dovgal and Kim to whom they could address their complaints as they were told that they alone were authorized to hear and resolve any issues related to compensation.

135. Defendants Dovgal and Kim knew the above stated actions violated wage laws in Illinois, specifically the Illinois Wage Payment and Collections Act. Nevertheless, they continued with their actions to underpay or not pay the promised and agreed upon wages and compensations to Plaintiff and other similarly situated drivers.

136. Defendants Dovgal and Kim are "employers" within the meaning of Section 115/13 of IWPCA by virtue of their actions as key decision makers in their capacity as an officer or executive of DVL and Altex Logistics and who devised the scheme and took affirmative steps and actions pursuant to that scheme.

28

FILED DATE: 2/13/2019 12:00 AM   2019CH01814

137.   It is the same owners, managers, and key decision makers for both companies, Defendants Dovgal and Kim, who control and condition the current employees of DVL and Altex Logistics. Defendant Dovgal, owner and manager of DVL, makes key decisions for the Defendant company and plays an ultimate role in setting and controlling the essential terms and conditions of employees' employment, be it hiring, firing, discipline, hours, actual day-to-day supervision and direction of employees on the job, wages, deductions, underpayments, or non-payment of wages. Defendant Kim, owner and manager of Altex Logistics, makes key decisions for the Defendant company and plays an ultimate role in setting and controlling the essential terms and conditions of employees' employment, be it hiring, firing, discipline, hours, actual day-to-day supervision and direction of employees on the job, wages, deductions, underpayments, or non-payment of wages.

138.   Plaintiff's claims for compensation are for "wages" and/or "final compensation" within the meaning of IWPCA.

139.   As a result of the Defendant's misclassification scheme, Plaintiff and putative class members were subjected to unauthorized and improper deductions such as those stated as follows.

140.   Other deductions that were made from Mr. Tsybikov's paychecks include the following examples: $890 for 'truck repair'; $940 for 'DOT violation'; $2,000, $1,666.22 and $2500 in 'claims for load'; $2,700 for 'bad tires'; $300 for 'chains', and $800 for 'towing'.

141.   Defendants also deducted and withheld $2,500 from Mr. Tsybikov's compensation in so-called "escrow".

142.   Defendants also did not pay for at least 10% of miles that Mr. Tsybikov drove for them.

29

FILED DATE: 2/13/2019 12:00 AM 2019CH01814

143.    Defendants also forged the freight confirmations based on which Mr. Tsybikov was to be paid a percentage of a load he would haul, which resulted in reduction of his wages over the course of his employment compensated on a per-hauled load basis by at least $60,000, as Mr. Tsybikov believes and estimates. Collectively, Defendants are liable to Mr. Tsybikov, jointly and severally, for unpaid compensation and interest in excess of $118,000.00 plus attorneys' fees and costs to institute and prosecute this action.

144.    Mr. Tsybikov and the proposed member class are "employees" within the meaning of the IWPCA. They spent significant time working in the State of Illinois by delivering cargo to and from the Defendants' customers in Illinois, and also spent a significant amount of time in Illinois during the transport of cargo from state to state. At all relevant times, approximately ten or more percent of the Plaintiff and class members have permanently resided or reside in the State of Illinois. The named Plaintiff is a resident of the State of Illinois, and lives in Des Plaines, IL.

145.    Mr. Tsybikov was required to attend mandatory pre-hiring interviews, undergo drug tests, and undergo evaluations by Defendants' technical inspectors, who performed inspections and evaluations of the equipment the Plaintiff would use in furtherance of his employment in Defendants' facilities in Illinois.

146.    Mr. Tsybikov and others similarly situated were under constant direction and control of Illinois dispatchers and were receiving their paychecks from Illinois.

147.    Some of the loads that Mr. Tsybikov and putative class members hauled for Defendants were the loads taken on by DVL and some – Altex Logistics.

FILED DATE: 2/13/2019 12:00 AM   2019CH01814

148.   Individual Defendants Dovgal and Kim are "employers" within the meaning of Section 115/13 of IWPCA; each corporate Defendant is an "employer" within the meaning of Section 115/2 of IWPCA.

WHEREFORE, Plaintiff prays that this Honorable Court finds that at all relevant times the Defendants, corporate and individual, willfully violated multiple provisions of IWPCA and award Plaintiff and putative class members compensatory damages in excess of $5,000,000.00, statutory interest, attorney's fees and costs and punitive damages in excess of $5,000,000.00.

## COUNT III
## COMMON LAW FRAUD

149.   Plaintiff re-alleges and incorporates paragraphs 1 through 148 above as and for paragraph 149 of this Count III:

150.   During Mr. Tsybikov's interview, Defendant Dovgal made the following false statements of material facts to him orally, in the presence of Defendant Kim:

151.   That Defendants Dovgal and Kim ran an honest business and paid his employees on time and in full;

152.   That Defendants Dovgal and Kim would pay Mr. Tsybikov on time and in full if he became their employee;

153.   That Defendants Dovgal and Kim would pay Mr. Tsybikov for his work for Defendant DVL a certain rate of $0.48 cents per mile for the first 4 months, and thereafter $0.53 per mile.

154.   That Defendants Dovgal and Kim would pay in full for all work Mr. Tsybikov would perform;

155.   That Defendants Dovgal and Kim would pay on time within the time permitted by law the promised compensation;

FILED DATE: 2/13/2019 12:00 AM   2019CH01814

156.    That Defendants would treat Mr. Tsybikov as an employee and not as an independent contractor, as he would be required to work for Defendant only, under Defendant's strict control, supervision and direction, using strictly Defendants' equipment, and would not be allowed to use Defendant equipment for, and spend time on, doing performing any delivery tasks other than the ones directed and controlled by Defendants.

157.    Subsequent to hiring, approximately a year into Mr. Tsybikov's employment, Dovgal offered a change in the structure of compensation: that Mr. Tsybikov would be a lease-based driver and compensated on a percentage of a cost/pay derived from customers based on freight confirmation. Dovgal assured the Plaintiff that the freight confirmations would always be presented to Plaintiff and he would be compensated in full.

158.    Dovgal withheld material information that him and Kim have already been forging freight confirmations they would present to similarly situated "lease-based" drivers as to deprive them of earnings, and that Dovgal and Kim would do the same to the Plaintiff.

159.    Defendants Dovgal and Kim knew that these statements and representations to Mr. Tsybikov were false when they made such statements and representations, as well as withholding of material information, because:

160.    Defendants Dovgal and Kim consistently and repeatedly underpaid all of the truck drivers who worked or work for Defendant since 2009 and until present time;

161.    Defendants Dovgal and Kim developed a scheme to present false statements to Mr. Tsybikov while never intending to comply with those promises and knowing that Mr. Tsybikov would not uncover this fraudulent scheme until after he had been induced to accept an employment offer and commenced working.

FILED DATE: 2/13/2019 12:00 AM   2019CH01814

162. Defendants Dovgal and Kim intentionally withheld material facts from Mr. Tsybikov at hiring, which equally constitutes a false statement of material facts:

163. Defendants Dovgal and Kim, from the moment employment commenced and at all times afterwards, misclassified Mr. Tsybikov by treating him as an independent contractor on payroll and for the purposes of Defendants' IRS and IDR reporting. Defendants Dovgal and Kim did not tell Mr. Tsybikov of their intent to make such misclassifications. As a result, corporate Defendants did not plan to pay, and did not pay, his share of mandatory FICA contributions to IRS for the benefit of Mr. Tsybikov, the State of Illinois, and the federal government; did not intend to pay, and did not pay, worker's compensation and unemployment insurance to relevant authorities, and did not intend to make, and did not make, proper payroll tax withholdings on behalf of Mr. Tsybikov. Such practice added to Defendants' income and caused damages to Mr. Tsybikov.

164. Defendant Dovgal did not tell Mr. Tsybikov that Defendant would reduce wages earned by making Deductions from many paychecks for $890 for 'truck repair', $940 for 'DOT violation', $2,000, $1,666.22 and $2500 in 'claims for load', $2,700 for 'bad tires', $300 for 'chains', and $800 for 'towing'.

165. At separation of Mr. Tsybikov from Defendant companies, Defendants Dovgal and Kim did not explain that corporate Defendants intended not to pay the final compensation and did not pay final compensation.

166. Defendants Dovgal and Kim clearly and unequivocally intended that their statements of material facts to Mr. Tsybikov and withholding of material facts from him would induce Mr. Tsybikov to accept the employment offer and begin working for Defendants:

33

FILED DATE: 2/13/2019 12:00 AM  2019CH01814

167.    Defendants Dovgal and Kim clearly directed his false statements of material facts at Mr. Tsybikov hoping he would rely on such statements and in light of that and the withheld statements of material facts would accept a job with Defendant companies.

168.    Mr. Tsybikov did rely on false statements of material facts and withheld true statements of material facts by the two individual Defendants when he accepted a job with Defendant companies.

169.    The damages of Mr. Tsybikov stem from his reliance on individual Defendants' false statements of material facts and withholding of material facts when he accepted a job offer, commenced work, and continued to work for Defendant companies.

170.    That Defendants Dovgal and Kim had no legal basis to defraud Mr. Tsybikov and not pay him proper compensation he earned and was promised at hiring and when he was offered a change in the structure of his compensation.

171.    That any and all misrepresentations of material facts or otherwise fraudulent misrepresentations were made by Defendants Dovgal and Kim on behalf of and for the benefit of Defendant companies, as well as to their own personal benefit.

172.    That Defendants' refusal to pay Mr. Tsybikov the amount due and owed to him is vexatious, harassing, and in bad faith.

Punitive Damages

173.    That in addition to the amount of wages and/or final compensation the Defendant owes to Mr. Tsybikov as a result of their failure to pay his owed wages and final compensation, as well as attorneys' fees and costs incurred as a result of their actions, the named Plaintiff and others similarly situated are also entitled to punitive damages in an amount in excess of $1,000,000.00 to be determined by the trier of fact because:

34

FILED DATE: 2/13/2019 12:00 AM  2019CH01814

174.    Individual Defendants have knowingly and willfully made false statements of material fact

to Plaintiff and others similarly situated and withheld from them true statements of material

fact, and have done so on behalf of and for the benefit of Defendant companies, with an intent

to induce Plaintiff's and other similarly situated' reliance on individual Defendants' statements

and the information the individual Defendants withheld, did induce Plaintiff and others

similarly situated to accept the job offerings and work for Defendants in reliance on false

statements or withheld true statements of material act, and Defendants thus caused damages to

Plaintiffs and others similarly situated;

175.    The commission of common law fraud in Illinois is an intentional tort, and also is a

violation of Illinois Wage Payment and Collection Act, whereby the violation of that Act may

also constitute a criminal offense punishable by fines and imprisonment, (820 ILCS 115/14).

176.    Individual Defendants' fraud perpetrated upon Plaintiff and others similarly situated was

and is a deliberate attempt to lure Plaintiff into working for Defendant companies without due

compensation for their service, as well as annoy, harass, oppress, and intimidate Plaintiff and

others similarly situated - who do not have the financial and legal resources that the Defendants

Dovgal and Kim have at their disposal - into abandoning a legal right which Plaintiff and others

similarly situated properly asserted (*i.e.* to be paid the compensation by their employer which,

by all accounts, they have earned and which is due and owing pursuant to the Illinois Wage

Payment and Collection Act).

177.    The putative class members who are not residents of Illinois are not and would not be able

to seek relief and recover damages in any other jurisdiction except for Illinois and they would

not be able to raise claims of Illinois common law fraud in other states and other jurisdictions

FILED DATE: 2/13/2019 12:00 AM  2019CH01814

that have similar common law causes of action because other states do not permit suits and recovery against an out-of-state defendant.

WHEREFORE, Plaintiff prays that this Honorable Court finds that at all relevant times the Defendants Dovgal and Kim committed and continue to commit common law fraud in Illinois and award Plaintiff and others similarly situated compensatory and punitive damages in excess of $6,500,000.00 and their attorney's fees and costs.

## COUNT IV: CIVIL CONSPIRACY

178.   Plaintiff re-alleges and incorporates paragraphs 1 through 177 above as and for paragraph X of this Count IV.

179.   At the time when Defendants Dovgal and Kim incorporated and set up DVL, these two individual Defendants entered into an agreement with each other to defraud the truck drivers they were to hire and to violate provisions of the IWPCA.

180.   Individual Defendants knew that they would represent false statements of material fact to Plaintiff and others similarly situated and withhold true material facts from them in order to induce them to accept employment offers with Defendant companies.

181.   Individual Defendants also knew that to implement and further their scheme to defraud, they would need to have an agreement to perpetrate the fraud and to act in concert to ensure that all Defendants and their agents and employees comply with their fraudulent intent.

182.   Individual Defendants developed a scheme to misclassify the truck drivers as independent contractors, to withhold the compensation from truck drivers, to not pay them in a timely manner, and not pay them final compensation and all wages that they would earn. In short, they conspired to set up a scheme to violate Section 2 of IWPCA by misclassifying their employees-truck drivers as independent contractors.

FILED DATE: 2/13/2019 12:00 AM  2019CH01814

183.    Individual Defendants knew that they had no right under the IWPCA to withhold wages Plaintiff and others similarly situated earned. Individual Defendants also knew that to implement and further their scheme to violate rights of Plaintiff and others similarly situated under IWPCA, they would need to have an agreement to commit the violations and to act in concert to assure all Defendants and their agents and employees comply with their scheme to violate IWPCA and Plaintiffs' rights under the IWPCA.

184.    By their actions, Defendants caused and continue to cause injury to Plaintiff and others similarly situated by way of unpaid wages, unpaid final compensation, untimely and delayed payment of wages, by not paying payroll and other tax contributions on behalf of Plaintiff and others similarly situated.

185.    Individual Defendants committed overt acts in furtherance of the common scheme by advertising job positions with Defendants, interviewing Plaintiff and others similarly situated, making false statements of material facts and withholding true material facts, by offering them jobs and hiring them but then misclassifying them as independent contractors, by not paying them wages earned and final compensation, by not making required tax withholdings and not paying required tax contributions on their behalf.

186.    Individual Defendants committed civil conspiracy against Plaintiff and others similarly situated. Namely, to commit IWPCA violations, and to commit common law fraud in Illinois. The actions of individual Defendants and the conduct constituting civil conspiracy are imputed to Defendant companies that each individual Defendant respectively owns, directs and operates.

187.    Defendants' conspiracy against Plaintiff and others similarly situated is vexatious, harassing, and in bad faith.

188.    That in addition to the amount of wages and/or final compensation the Defendants owe Plaintiff and others similarly situated as a result of their conspiracy to defraud them and violate IWPCA, and attorneys' fees and costs incurred as a result of their actions, and Plaintiffs and others similarly situated are also entitled to punitive damages in an amount in excess of $1,500,000.00 to be determined by the trier of fact because:

189.    Individual Defendants have knowingly and willfully committed conspiracy to defraud Plaintiff and others similarly situated and to violate their rights under IWPCA;

190.    The commission of civil conspiracy in Illinois is an intentional tort, and also is a violation of Illinois Wage Payment and Collection Act, whereby the violation of that Act also constitutes a criminal violation of the laws of this state (820 ILCS 115/14); and

191.    Individual Defendants' civil conspiracy was and is a deliberate attempt to lure Plaintiffs into working for Defendant companies without due compensation for their service, as well as annoy, harass, oppress, and intimate Plaintiff and others similarly situated - who do not have the financial and legal resources that the Defendants have at their disposal - into abandoning a legal right which Plaintiff and others similarly situated properly asserted (*i.e.* to be paid the compensation by their employer which, by all accounts, they have earned and which is due and owing pursuant to the Illinois Wage Payment and Collection Act).

192.    The Plaintiff and putative class members who are not residents of Illinois are not and would not be able to seek relief and recover damages in any other jurisdiction except for Illinois pursuant they would not be able to raise claims of Illinois civil conspiracy in other states and other jurisdictions that have similar common law causes of action do not permit suits and recovery against an out-of-state defendant.

WHEREFORE, Plaintiff prays that this Honorable Court finds that at all relevant times the

FILED DATE: 2/13/2019 12:00 AM 2019CH01814

Defendants committed and continue to commit civil conspiracy in Illinois and award Plaintiff and others similarly situated compensatory and punitive damages in excess of $1,500,000.00 and the attorney's fees.

## COUNT V
## DECLARATORY JUDGMENT

193.     Plaintiff re-alleges and incorporates paragraphs 1 through 192 above as and for paragraph 193 of this Count V.

194.     Mr. Tsybikov and the class members have substantial legal interests in being properly classified as employees under IWPCA, in the earned compensation on a per mile basis and tasks performed, "wages" and/or "final compensation" improperly withheld by Defendants, and to which the Defendants Dovgal and Kim has failed and refused to pay, and therefore, in the outcome of the Court's decision as to the legality of Defendants' conduct.

195.     There are currently members of the putative class who remain employed by the Defendant companies and are directly and adversely affected by Defendants' wrongful policies of misclassifying drivers as independent contractors and ongoing violations of agreements to compensate the said truck drivers for all work they perform. Plaintiffs who are current employees continue to work without being compensated for all work they perform as company drivers and continue to be subjected to unlawful deductions from their earned compensation.

196.     Mr. Tsybikov and the class members have a tangible legal interest in the cessation of Defendants' unlawful misclassification of drivers as independent contractors, because Defendant continues to owe and withhold from their paychecks the unpaid "wages" or "final compensation", which the Plaintiff and class members have rightfully earned and are entitled to.

197. The named Plaintiff and class members have the common interest of determining whether Defendants are liable for money damages and entitled to equitable remedies to the proposed class of Defendants' truck drivers for violations of their rights under IWPCA and Illinois Common Law. The named Plaintiff is not subject to any unique defenses that may be asserted against him which render the putative class members-current employees' claims as atypical of other Class members.

198. The only difference between Defendants' former and current employees is that current employees cannot allege non-payment of final compensation.

199. Defendants have interests adverse to Mr. Tsybikov and the class members, particularly the current employees, in that by unlawfully misclassifying them as independent contractors and improperly withholding earned compensation on a per mile basis and tasks performed, "wages" and/or "final compensation", and by failing and refusing to pay said earned compensation on a per mile basis and tasks performed, "wages" and/or "final compensation", Defendants benefited and continue to benefit at their drivers' expense.

200. An actual case or controversy exists between Mr. Tsybikov and the class members on one side and the Defendants on the other due to the fact that, as alleged, Defendants have unlawfully misclassified them as independent contractors and then improperly withheld earned compensation on a per mile basis and tasks performed, "wages" and/or "final compensation" by creating "deductions" and refusing to pay the agreed-upon final compensation upon termination of their employment.

201. An actual case or controversy exists between Mr. Tsybikov and the class members on one side and the Defendants on another, due to the fact that, as alleged, Defendants continued to misclassify the existing employees and the new-hires and improperly withheld earned

FILED DATE: 2/13/2019 12:00 AM 2019CH01814

FILED DATE: 2/13/2019 12:00 AM 2019CH01814

compensation on a per mile basis and tasks performed, "wages" and/or "final compensation" from the pay of the employees presently working for the Defendants and continue to violate the agreement to compensate, while the violations of IWPCA are ongoing.

202.    Mr. Tsybikov is the only one, so far, who can seek declaratory judgment on behalf of the current employees because no current employee is likely to come forward and bring declaratory judgment action for the fear of retaliation by Corporate and Individual Defendants.

203.    Defendants must be ordered to cease the misclassification and must be ordered to account for all current and former employees' improperly withheld compensation on a per mile basis and tasks performed, "wages" and/or "final compensation."

204.    Defendants should be enjoined from dispersing said improperly withheld funds and said funds should be placed in a constructive trust until further order of the Court.

205.    The Court can resolve this dispute by declaring the parties' rights and obligations under Illinois law, *e.g.*, Mr. Tsybikov and the class members may request that the Court declare the Defendants' practice and policy of misclassifying their employees as independent contractors, and consequently, refusing to pay their current and terminated employees (voluntary or involuntary) their earned compensation on a per mile basis and tasks performed, "wages" and/or "final compensation" a null and void forfeiture; that the Court declare the rights of the parties pursuant to the IWCPA, 820 ILCS §115/; declare that the Defendants' retention of their current and terminated employees' (voluntary or involuntary) earned compensation on a per mile basis and tasks performed, "wages" and/or "final compensation" is a windfall which unjustly enriches the Defendants to the damage and detriment of the Plaintiff and the class members; and declare that the Defendants' practice of deeming earned-in-fact compensation on a per mile basis and tasks performed, "wages" and/or "final compensation" unearned,

41

FILED DATE: 2/13/2019 12:00 AM 2019CH01814

merely because Defendants' incurred expenses as a result of Plaintiff's and the putative class members' performing their assigned tasks, violates the Illinois Wage Payment and Collection Act, and unjustly enriches the Defendants to the damage and detriment of Mr. Tsybikov and the class members.

WHEREFORE, Plaintiff prays that this Honorable Court declares the parties' rights and obligations under Illinois law, *e.g.,* Plaintiff respectfully requests that the Court declares the Defendants' practice and policy of misclassifying their truck drivers as independent contractors violates IWPCA, that their ongoing practices of refusing to pay its current and terminated employees (voluntary or involuntary) their earned compensation on a per mile basis and tasks performed, "wages" and/or "final compensation" a null and void forfeiture; that the Court declares the rights of the parties pursuant to the IWCPA, 820 ILCS §115/ ; that the Court declares that the Defendants' retention of their current and terminated employees' (voluntary or involuntary) earned compensation on a per mile basis and tasks performed, "wages" and/or "final compensation" is a windfall which unjustly enriches the Defendants to the damage and detriment of the Plaintiff and the class members; and declares that the Defendants' practices of deeming earned-in-fact compensation on a per mile basis and tasks performed, "wages" and/or "final compensation" unearned, merely because Defendants incurred expenses as a result of Plaintiff's and the class members' performing their assigned tasks, violates the Illinois Wage Payment and Collection Act, and unjustly enrich the Defendants to the damage and detriment of Plaintiff and the class members.

<u>**COUNT VI**</u>
<u>**ACCOUNTING**</u>

206.    Plaintiff re-alleges and incorporates paragraphs 1 through 205 above and as and for paragraph 206 of this Count V.

42

FILED DATE: 2/13/2019 12:00 AM   2019CH01814

207.    Pursuant to the above-described claims and causes of action, the circumstances or relationship between the parties give rise to a duty on the part of the Defendants to account to Mr. Tsybikov and the class members.

208.    Fiduciary relationship existed between the Defendant companies and Mr. Tsybikov, as well as between Defendant companies and putative class members, and such a fiduciary relationship continues to exist between Defendant companies and its currently employed drivers because the corporate Defendants, being the defendant employers-companies and the Individual Defendants as the officers or executives of the Defendant employers-companies, were and are in a position of trust vis-à-vis its employees. Such a position of trust dictated that the Defendant companies and Individual Defendants accurately, truthfully and expeditiously account for and pay Mr. Tsybikov and the class members all earned compensatio, "wages" and/or "final compensation" improperly withheld by Defendants.

209.    The Defendant companies and individual Defendants were and are in a position of trust with respect to Mr. Tsybikov and the class members and owe a fiduciary duty to them because Defendants Dovgal and Kim exerted extraordinary control and influence over the them as their de-facto and de-jure employers.

210.    Special circumstances also exist which establish a fiduciary duty, owed by the Defendants to Mr. Tsybikov and the class members, as they, for the most part, lack sophisticated education and experience. The Defendants Dovgal and Kim knew that Mr. Tsybikov and the class members lack the requisite English language skills and had otherwise experienced language barriers in communicating with individual Defendants and defendant companies' personnel, including about the compensation for the performance of required tasks.

FILED DATE: 2/13/2019 12:00 AM   2019CH01814

211.    Defendant Dovgal had superior knowledge and understanding that Mr. Tsybikov and the class members would not have because they lacked and lack the resources to defer to legal advisors or translators during the hiring process and thereafter. The Plaintiff and putative class members had a great level of deference and trust towards Defendants because of their lack of sophisticated education, experience, and requisite language and communication skills.

212.    Mr. Tsybikov, and the class members provided personal services to the Defendants with the common, mutual and reciprocal understanding that they would receive compensation in full.

213.    There is a need for discovery through accounting because the amount of compensation on a per mile basis and tasks performed, "wages" and/or "final compensation" to which Mr. Tsybikov, and the class members are entitled and which they have earned greatly exceed the amounts which they have actually been paid.

214.    There is also a need for discovery through accounting because the amount of compensation on a per mile basis and tasks performed, "wages" and/or "final compensation" to which Mr. Tsybikov, and the class members are entitled and which they have earned, plus interest due to them cannot be presently known, because all books of accounts and records pertaining to the dispute are in the possession and control of the Defendant, and based thereon Mr. Tsybikov and the class members need an accounting thereof and discovery with respect thereto to ascertain the damages they are entitled to recover.

215.    The need for discovery is even greater to determine the true freight confirmations that the Defendant companies obtained from brokers and/or customers and which the Individual Defendants (or those personnel under the direction and control of Individual Defendants_

FILED DATE: 2/13/2019 12:00 AM  2019CH01814

forged in order to pay the drivers, including Mr. Tsybikov, less than what they earned pursuant to agreement to employ them and pay on a per-hauled load percentage basis.

216.    Accordingly, an accounting would permit Mr. Tsybikov and the class members (and the Court) to ascertain the amounts due to them.

217.    Mr. Tsybikov and the class members demanded that the Defendants and their management account for and pay all of their earned compensation on a per mile basis and tasks performed, "wages" and/or "final compensation" to date, and that truthful and not forged freight confirmations are presented to them and the Defendants had refused to present the truthful accounts and freight confirmation and to pay the actually earned compensation.

218.    An accounting should be conducted in equity for the following reasons:

219.    The need for an accounting has arisen from the above-described fiduciary relationship between the parties;

220.    There is a need for accounting supervised by this Court, because it would involve intricate itemizations of earned compensation on a per mile basis and tasks performed, "wages" and/or "final compensation" as damages awards and interest, and

221.    There is a need for discovery.

WHEREFORE, Plaintiff prays that this Honorable Court orders to perform accounting of the Plaintiff's and the putative class members' earned compensation, "wages" and/or "final compensation" to date, which the Defendants refused to pay.

## COUNT VII
## UNJUST ENRICHMENT (pleaded in an alternative to Counts I and II)

222.    Plaintiff re-alleges and incorporates paragraphs 1 through 221 above, as and for paragraph 222 of this Count VI. Count VII is pleaded in an alternative to Counts I and II.

FILED DATE: 2/13/2019 12:00 AM   2019CH01814

223.   Defendants received revenue and benefits by and through the efforts of Mr. Tsybikov and the class members and improperly withheld their earned compensation on a per mile basis and tasks (percentage of a hauled load) performed, "wages" and/or "final compensation" to their detriment and damage, all in violation of fundamental justice, equity and good conscience.

224.   Mr. Tsybikov and the class members have conferred a benefit on Defendant through their service of driving as interstate truck drivers hauling loads and cargo for Defendants' benefit and to its detriment because of Defendants' practices and policies of misclassifying the drivers as independent contractors and not paying them their earned compensation on a per mile basis and tasks performed, "wages" and/or "final compensation" to current employees or employees that have terminated their employment with Defendants (voluntarily or not voluntarily), prior to the disbursement of the payment checks, and because of Defendants' failure and refusal to pay Plaintiff and the putative class members their earned compensation on a per mile basis and tasks performed, "wages" and/or "final compensation" for their services; and Defendants' knowledge of this benefit and which they have accepted and retained the benefits conferred on them.

225.   Defendants will be unjustly enriched if they are allowed to retain the improperly withheld earned compensation of their current and former employees, which is estimated in excess of $5,000,000.00 on class basis.

226.   Defendants will be unjustly enriched if they are allowed to retain their self-imposed forfeiture of the withheld employees' compensation.

227.   This Count VI is pleaded in an alternative to Counts I and II.

WHEREFORE, Plaintiff prays that this Honorable Court finds that the Defendants have been unjustly enriched by the Plaintiff and others similarly situated putative class members conferring

FILED DATE: 2/13/2019 12:00 AM   2019CH01814

a benefit of their employment for Defendants without due compensation due to Defendants' practices and policies of misclassifying drivers as independent contractors, and by not paying earned compensation on a per mile basis and tasks performed, "wages" and/or "final compensation" and awards Plaintiffs their earned "wages" and/or "final compensation".

## PRAYER FOR RELIEF

228.   WHEREFORE, Plaintiff prays that this Honorable Court:

a.   Certifies the class and appoint Plaintiff and Plaintiff's counsel to represent the class;

b.   Finds that the Corporate Defendants violated the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1, § 115/2, § 115/3, § 115/4, § 115/5, § 115/9, § 115/10, and § 115/14 and that Individual Defendants are personally jointly and severally liable for the Corporate Defendants' violations of IWPCA under Section 13 of the IWPCA;

c.   Finds that Defendants committed common law fraud against Plaintiff and others similarly situated;

d. Finds that Defendants Dovgal and Kim entered into a conspiracy to commit violations of the IWPCA and to commit common law fraud;

e. Declares the rights of the parties, as alleged herein through declaratory judgment;

f. Finds that the Defendants must account for all current and former employees' improperly withheld compensation, "wages" and/or "final compensation", as alleged herein, that the Defendants should be enjoined from dispersing said funds; and that the said funds should be placed into a constructive trust until further order of Court;

g. Finds that the Defendants has been unjustly enriched by their practices and policies of not paying earned compensation on a per mile basis and tasks performed, "wages" and/or "final

FILED DATE: 2/13/2019 12:00 AM 2019CH01814

compensation" in the event it does not find violations of Illinois Wage Payment and Collections Act;

h. Finds that the Defendants must pay all earned compensation, "wages" and/or "final compensation" with interest thereon, including statutory interest under Section 14 of IWPCA, and any other statutory prejudgment interest;

i. Requires that the Defendants must pay punitive damage for their willful and wanton conduct as alleged herein;

j. Awards statutory attorneys' fees and costs pursuant to 820 ILCS § 115/14(a) and 705 ILCS 225/1; as well as punitive damages, and

k. Grants such other relief as this Court deems appropriate.

Respectfully submitted,

By: /s/ Julia Bikbova

Julia Bikbova, Plaintiffs' Attorney

Bikbova Law Offices, P.C.
Julia Bikbova
Attorney for Plaintiff
666 Dundee Rd, Suite 1604
Northbrook, IL 60062
Ph: 847.541.8100
Cook County ID: 49938

48

Return Date: No return date scheduled
Hearing Date: 6/13/2019 9:30 AM - 9:30 AM
Courtroom Number: N/A
Location: District 1 Court
    Cook County, IL

FILED
2/13/2019 12:00 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01814

FILED DATE: 2/13/2019 12:00 AM 2019CH01814

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| Summons - Alias Summons | (08/01/18) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Ayur Tsybikov

(Name all parties)

v.

OLEKSANDR DOVGAL, et al.

Case No. ²2019CH01814

☑ SUMMONS    ☐ ALIAS SUMMONS

To each Defendant: ~~Altex Logistics 2033 Milwaukee Ave, Ste 354, Riverwoods, IL 60015~~ *2064 W. 167th STR., Markham, IL 60428*

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3



**DIE DATE**
03/06/2019

**DOC.TYPE:** CHANCERY
**CASE NUMBER:** 2019CH01814
DEFENDANT
ALTEX LOGISTICS
2064 W 167TH ST
MARKHAM, IL 60428
ST

SERVICE INF

ATTACHED

Summons - Alias Summons          (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

2/13/2019 12:00 AM DOROTHY BROWN

Atty. No.: 49938

Witness: _____

Atty Name: Julia Bikbova

Atty. for: Ayur Tsybikov

DOROTHY BROWN, Clerk of Court

Address: 666 Dundee Road, Suite 1604

City: Northbrook

Date of Service: _____

State: IL    Zip: 60062

(To be inserted by officer on copy left with Defendant or other person):

Telephone: 847-730-1800

Primary Email: julia@bikbovalaw.com

FILED DATE: 2/13/2019 12:00 AM 2019CH01814

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

FILED DATE: 2/13/2019 12:00 AM   2019CH01814

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

**Daley Center Divisions/Departments**

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

Return Date: No return date scheduled
Hearing Date: 6/13/2019 9:30 AM - 9:30 AM
Courtroom Number: N/A
Location: District 1 Court
    Cook County, IL

FILED
2/13/2019 12:00 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01814

2120 - Served      2121 - Served
2220 - Not Served      2221 - Not Served
2320 - Served By Mail      2321 - Served By Mail
2420 - Served By Publication    2421 - Served By Publication

Summons - Alias Summons          (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Ayur Tsybikov
_____
                 (Name all parties)    Case No. _____

      v.

OLEKSANDR DOVGAL, et al.
_____

☑ **SUMMONS**    ☐ **ALIAS SUMMONS**

To each Defendant: **DVL Express Inc at 2064 W. 167th Str, Markham, IL 60428**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.



**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

**Summons - Alias Summons**                                    (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 49938

Witness: _2/13/2019 12:00 AM DOROTHY BROWN_

Atty Name: Julia Bikbova

Atty. for: Ayur Tsybikov

DOROTHY BROWN, Clerk of Court

Address: 666 Dundee Road, Suite 1604

City: Northbrook

Date of Service:
(To be inserted by officer on copy left with
Defendant or other person):

State: IL    Zip: 60062

Telephone: 847-730-1800

Primary Email: julia@bikbovalaw.com

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

**Daley Center Divisions/Departments**

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

FILED DATE: 2/13/2019 12:00 AM   2019CH01814

Return Date: No return date scheduled
Hearing Date: 6/13/2019 9:30 AM - 9:30 AM
Courtroom Number: N/A
Location: District 1 Court
        Cook County, IL

Case: 1:19-cv-03334 Document #: 1-2 Filed: 05/17/19 Page 58 of 169 PageID #:66

FILED
2/13/2019 12:00 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01814

2120 - Served                  2121 - Served
2220 - Not Served              2221 - Not Served
2320 - Served By Mail          2321 - Served By Mail
2420 - Served By Publication   2421 - Served By Publication
Summons - Alias Summons                              (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Ayur Tsybikov
_____
                    (Name all parties)      Case No. _____
            v.
OLEKSANDR DOVGAL, et al.
_____

☑ SUMMONS    ☐ ALIAS SUMMONS

To each Defendant: **Oleksandr Dovgal at 2064 W. 167th Str, Markham, IL 60428**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.



**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

FILED DATE: 2/13/2019 12:00 AM    2019CH01814

Summons - Alias Summons                              (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first
create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm
to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://
www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 49938

Atty Name: Julia Bikbova

Atty. for: Ayur Tsybikov

Address: 666 Dundee Road, Suite 1604

City: Northbrook

State: IL      Zip: 60062

Telephone: 847-730-1800

Primary Email: julia@bikbovalaw.com

2/13/2019 12:00 AM DOROTHY BROWN

Witness: _____

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with
Defendant or other person):

FILED DATE: 2/13/2019 12:00 AM   2019CH01814

# CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

FILED DATE: 2/13/2019 12:00 AM   2019CH01814

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

## Daley Center Divisions/Departments

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Return Date: No return date scheduled
Hearing Date: 6/13/2019 9:30 AM - 9:30 AM
Courtroom Number: N/A
Location: District 1 Court
    Cook County, IL

FILED
2/13/2019 12:00 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01814

FILED DATE: 2/13/2019 12:00 AM  2019CH01814

2120 - Served
2220 - Not Served
2320 - Served By Mail
2420 - Served By Publication

2121 - Served
2221 - Not Served
2321 - Served By Mail
2421 - Served By Publication

**Summons - Alias Summons**

(08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Ayur Tsybikov

             (Name all parties)

v.

OLEKSANDR DOVGAL, et al.

Case No. _____

☑ **SUMMONS**    ☐ **ALIAS SUMMONS**

To each Defendant: **Alina Kim at** 2033 Milwaukee Ave, Ste 354, Riverwoods, IL 60015

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons,** not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**

**cookcountyclerkofcourt.org**

Page 1 of 3

Summons - Alias Summons                                    (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first
create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm
to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://
www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

2/13/2019 12:00 AM DOROTHY BROWN

Atty. No.: 49938                          Witness: _____

Atty Name: Julia Bikbova

Atty. for: Ayur Tsybikbov                 DOROTHY BROWN, Clerk of Court

Address: 666 Dundee Road, Suite 1604

City: Northbrook                          Date of Service: _____
                                          (To be inserted by officer on copy left with
State: IL    Zip: 60062                   Defendant or other person):

Telephone: 847-730-1800

Primary Email: julia@bikbovalaw.com

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

FILED DATE: 2/13/2019 12:00 AM  2019CH01814

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
2/14/2019 1:26 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01814

FILED DATE: 2/14/2019 1:26 PM   2019CH01814

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| Summons - Alias Summons | (08/01/18) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Ayur Tsybikov

(Name all parties)

v.

OLEKSANDR DOVGAL, et al.

Case No.   2019CH01814

☑ SUMMONS   ☐ ALIAS SUMMONS

To each Defendant: **Altex Logistics at 2064 W. 167th Str, Markham, IL 60428**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

Summons - Alias Summons                                        (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first
create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm
to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://
www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 49938

Atty Name: Julia Bikbova

Atty. for: Ayur Tsybikov

Address: 666 Dundee Road, Suite 1604

City: Northbrook

State: IL      Zip: 60062

Telephone: 847-730-1800

Primary Email: julia@bikbovalaw.com

Witness: _____

2/14/2019 1:26 PM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with
Defendant or other person):

*FILED DATE: 2/14/2019 1:26 PM 2019CH01814*

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

FILED DATE: 2/14/2019 1:26 PM  2019CH01814

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
2/14/2019 1:26 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01814

FILED DATE: 2/14/2019 1:26 PM   2019CH01814

2120 - Served                2121 - Served
2220 - Not Served            2221 - Not Served
2320 - Served By Mail        2321 - Served By Mail
2420 - Served By Publication 2421 - Served By Publication
Summons - Alias Summons                    (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Ayur Tsybikov

(Name all parties)        Case No.    2019CH01814

v.

OLEKSANDR DOVGAL, et al.

☑ **SUMMONS**   ☐ **ALIAS SUMMONS**

To each Defendant: **Alina Kim at** 2064 W. 167th Str, Markham, IL 60428

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 3

Summons - Alias Summons            (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 49938

Atty Name: Julia Bikbova

Atty. for: Ayur Tsybikbov

Address: 666 Dundee Road, Suite 1604

City: Northbrook

State: IL    Zip: 60062

Telephone: 847-730-1800

Primary Email: julia@bikbovalaw.com

Witness: _____

2/14/2019 1:26 PM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

FILED DATE: 2/14/2019 1:26 PM 2019CH01814

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

**Daley Center Divisions/Departments**

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 3 of 3

FILED DATE: 2/14/2019 1:26 PM 2019CH01814

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
2/14/2019 1:26 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01814

FILED DATE: 2/14/2019 1:26 PM   2019CH01814

| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| Summons - Alias Summons | (08/01/18) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Ayur Tsybikov

(Name all parties)

v.

OLEKSANDR DOVGAL, et al.

Case No.   2019CH01814

☑ SUMMONS   ☐ ALIAS SUMMONS

To each Defendant: **Alina Kim at 2064 W. 167th Str, Markham, IL 60428**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3

**Summons - Alias Summons**                                    (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 49938

Atty Name: Julia Bikbova

Atty. for: Ayur Tsybikbov

Address: 666 Dundee Road, Suite 1604

City: Northbrook

State: IL    Zip: 60062

Telephone: 847-730-1800

Primary Email: julia@bikbovalaw.com

Witness: _____

2/14/2019 1:26 PM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with
Defendant or other person):

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

FILED DATE: 2/14/2019 1:26 PM   2019CH01814

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

FILED DATE: 2/14/2019 1:26 PM   2019CH01814

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

**Daley Center Divisions/Departments**

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

FILED
2/14/2019 8:42 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01814

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

COUNTY DEPARTMENT, CHANCERY DIVISION

AYUR TSYBIKOV,                          )
                                        )          **Hearing Date: 2/25/2019 10:00 AM - 10:00 AM**
                    Plaintiff,          )
                                        )
v.                                      )   Case No.:    2019 CH 01814
                                        )
OLEKSANDR DOVGAL,                       )
ALINA KIM,                              )
DVL EXPRESS INC,                        )
ALTEX LOGISTICS INC                     )
                    Defendants.         )

---

### DECLARATION OF PLAINTIFF'S COUNSEL JULIA BIKBOVA IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION PURSUANT TO RULE 5/2-801 OF THE ILLINOIS CODE OF CIVIL PROCEDURE AND MEMORANDUM IN SUPPORT OF THE MOTION

I, Julia Bikbova, being duly sworn, in support of the Plaintiff's Motion for Class Certification pursuant to Rule 5/2-801 of the Illinois Code of Civil Procedure and Memorandum in Support of the Motion, state as follows:

1.    I am the attorney for the plaintiff named in the above-captioned action.

2.    I am a graduate of the George Mason University in Fairfax, Virginia, having received a Bachelor of Science degree in Finance from said institution on June 5, 2003. I am also a graduate of the John Marshall Law School, having received a Juris Doctor degree from that institution on January 20, 2007.

3.    I am admitted to practice in the courts of State of Illinois, Federal District Court for the Northern District of Illinois, U.S. Immigration courts and Board of Immigration Appeals. I have nearly 12 years of experience as a practicing attorney.

FILED DATE: 2/14/2019 8:42 PM   2019CH01814

FILED DATE: 2/14/2019 8:42 PM 2019CH01814

4.      I have been a solo practitioner since June 2011, and have ample and able staff assisting me in my practice. The focus of my practice is civil litigation and immigration law.

5.      During the course of my career as a solo practitioner I have represented numerous clients involved in civil litigation matters in Illinois, including commercial disputes, wage payment disputes, breach of contract litigation and more. I have nearly 7 years of experience in representing aggrieved employees in wage disputes, as well as the employers accused of violations of wage laws in Illinois. I also handle a number of matters where I represent classes of commercial truck drivers, including where the class was certified and the matters were successfully resolved.

6.      Prior to becoming a solo-practitioner, I gained legal experience working as an associate at a law firm of Greenberg Traurig, LLP for over four years. I joined the firm right after graduating from law school and worked for both Washington, DC and Chicago offices. My primary focus was on complex civil litigation, white collar crimes, and international litigation. There I gained valuable and necessary experience in complex litigation matters, including representing class action defendants, alongside a team of experienced partners and associates in the firm.

7.      I have handled many class action matters as a Plaintiffs' attorney. I understand that I hold the responsibility of communicating with clients, attending court hearings, and in handling motion and deposition practice. I believe I possess all the skills and experience required to successfully prosecute the above captioned case as a Class Action.

11. With nearly a decade of experience in representing the Plaintiffs in class action matters, I believe that I am qualified to represent the Class in this case as its litigation counsel.


Further the affiant says not.

FILED DATE: 2/14/2019 8:42 PM    2019CH01814

Executed on February 14, 2019

*Julia Bikbova*

Julia Bikbova

## CERTIFICATION OF VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, I hereby certify that I have read the above document, that I have knowledge of the facts alleged therein, and that the facts contained therein are true, except as to those facts, if any, which are alleged to be upon information and belief, and as to those allegations, I hereby certify that I verily believe the same to be true.

*Julia Bikbova*

Julia Bikbova

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

AYUR TSYBIKOV,                        )
                                      )
                Plaintiff,            )
                                      )
v.                                    )   Case No.:      2019 CH 01814
                                      )
OLEKSANDR DOVGAL,                     )
ALINA KIM,                            )
DVL EXPRESS INC,                      )
ALTEX LOGISTICS INC                   )
                Defendants.           )

FILED
2/14/2019 8:42 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01814

Hearing Date: 2/25/2019 10:00 AM - 10:00 AM

FILED DATE: 2/14/2019 8:42 PM   2019CH01814

## NOTICE OF FILING

TO:    Oleksandr Dovgal                TO:    Alina Kim
       2064 W. 167th Str.,                    2064 W. 176th, Str.,
       Markham, IL 60428                      Markham, IL 60428

TO:    DVL Express Inc                 TO:    Altex Logisitics Inc
       2064 W. 167th Str.,                    2064 W. 167th Str.,
       Markham, IL 60428                      Markham, IL 60428

Please take notice that on February 14, 2019 I caused to be filed with the Clerk of the Circuit Court of Cook County the attached documents: Plaintiff's Motion for Class Certification Pursuant to Rule 5/2-801 of the Illinois Code of Civil Procedure and Memorandum in Support of the Motion.

*Julia Bikbova*

Attorney for Plaintiff

Julia Bikbova
Bikbova Law Offices, P.C.
666 Dundee Road, Suite 1604
Northbrook, IL 60062
Phone (847) 730-1800
Fax (847) 272-8779
Email: julia@bikbovalaw.com
Cook County: 49938

**PROOF OF SERVICE**

    I, Julia Bikbova, certify that I caused this Notice and to be served by email to above referenced recipients, mailing this notice to opposing counsel and the court, identified herein and by depositing true copies of same with proper postage prepaid in the U.S. Mail depository at 666 Dundee Road, 1604 Northbrook, IL 60062 on February 14, 2019 at 9:00pm

*Julia Bikbova*

Julia Bikbova, Attorney for Plaintiff

Bikbova Law Offices PC
666 Dundee Road, Suite 1604
Northbrook, IL 60062
Office: 847-730-1800
Cook County: 49938

FILED DATE: 2/14/2019 8:42 PM   2019CH01814

FILED
2/14/2019 8:42 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01814

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

AYUR TSYBIKOV,          )
      Plaintiff,      )
v.                 )  Case No.:  2019 CH 01814
                   )
OLEKSANDR DOVGAL,   )
ALINA KIM,           )   **Hearing Date: 2/25/2019 10:00 AM - 10:00 AM**
DVL EXPRESS INC,     )
ALTEX LOGISTICS INC   )
      Defendants.   )

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION PURSUANT TO RULE 5/2-801 OF THE ILLINOIS CODE OF CIVIL PROCEDURE

NOW COMES the Plaintiff, Ayur Tsybikov, individually and on behalf of all other similarly situated current and former employees, by his attorney, Julia Bikbova of Bikbova Law Offices, P.C., pursuant to Rule 5/2-801 of the Illinois Code of Civil Procedure, hereby moves this Court to certify the above captioned matter against Oleksandr Dovgal, Alina Kim, DVL Express Inc., and Altex Logistics Inc. (collectively "Defendants"), as a Class Action (hereinafter referred to as "Motion"), and in support of his Motion states as follows:

### INTRODUCTION

This lawsuit, brought by named Plaintiff, Ayur Tsybikov, as a class action on behalf of an estimated 120 putative class members-truck drivers, alleges violations of the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115 et seq. (hereinafter referred to as "IWPCA" and/or the "Act"), as well as common law causes of action of Fraud, Civil Conspiracy, and seeks damages pursuant to this Act and the common law causes of action, as well as equitable remedies pursuant to actions for Declaratory Judgment, Accounting, and Unjust Enrichment. It is undisputed that Defendant companies considered and continue to consider each of its approximately 1000 drivers who drove Defendant companies' trucks, including the named Plaintiff, to be independent contractors exempt from the protections of the Act. Furthermore, it is undisputed that Defendant

1

FILED DATE: 2/14/2019 8:42 PM   2019CH01814

companies instituted and made various deductions from drivers' pay, delayed the pay beyond the time allowed under the Act, and denied interim and final compensation.

Plaintiff maintains that he must be covered by the Act; and therefore, the deductions taken from driver's pay, unpaid final compensation and delayed pay violated Illinois State law, as well as Illinois common law as to causes of actions for Fraud and Civil Conspiracy. Plaintiff also maintains that he is entitled to equitable remedies of Accounting from Defendants to determine the actual total amount of damages due to him, Declaratory Judgment as to the drivers currently working for Defendants, and Unjust Enrichment relief. Plaintiff now seeks class certification of his IWPCA claim, as well as Fraud and Civil Conspiracy, and as to equitable remedies to be decided on a class basis, including actions for Accounting, Declaratory Judgment, and Unjust Enrichment.

The lawsuit is eminently suited for class treatment because it arises out of Defendants' actions uniformly directed at the Plaintiff and the class he seeks to represent. To the extent the Plaintiff seeks monetary remedies for himself and the proposed class, the method for calculating individual losses will be the same for each class member. In short, a class action under Section 2-801 will provide the most effective and efficient mechanism for redressing Defendants' unlawful conduct, rather than forcing individual plaintiff to maintain costly and complicated lawsuits.

## STATEMENT OF FACTS

Plaintiff and putative class members comprise a group of approximately 1000 drivers who worked or work as non-exempt employees for Defendants in the State of Illinois during the applicable statute of limitations period and were misclassified as independent contractors. Corporate defendants, DVL Express Inc ("DVL") and Altex Logistics Inc ("Altex"), at all relevant times have been Plaintiff's employers within the meaning of Section 2 of IWPCA. Defendants Oleksandr Dovgal and Alina Kim, Corporate Defendants' executives and key decision makers as

2

to Plaintiff's compensation, responsible for violations of IWPCA, at all relevant times have been Plaintiff's employers within the meaning of Section 13 of IWPCA.

The drivers were full-time "employees" within the meaning of the Act. Some drivers were offered per-mile compensation while working full- time for the Defendants, and some other drivers – on a per load percentage basis, including owner- operators and company equipment operators. Some drivers, as in the case of named Plaintiff, were offered per mile compensation at the beginning of their employment, and then paid on a per-load basis thereafter. While the "lease agreement", that Defendants made the Plaintiff sign, attempted to create the illusory appearance that the drivers were hired as independent contractors, in reality, they were full-time employees.

Defendants retained complete control over Plaintiff as their employee during the entire time of his employment, be it while they were "on the clock", *e.g.* when in route hauling loads for Defendant companies, or driving empty miles or resting. Defendants required all drivers to comply with their policies as company employees. All drivers were warned that the failure of "employees" to comply would result in termination. Defendants had the unfettered right to terminate the drivers' employment at any time. Defendants also required all drivers to report to Defendants' dispatch office to notify them of their progress and delivery schedule. Defendants required their drivers to haul a certain number of loads per week in order to keep their jobs. Defendants required Plaintiff to haul loads on a full-time and overtime basis without regard to government regulations restricting the amount of time truck drivers can safely and legally spend on the road.

Defendants managed all relations with their customers. Drivers were not permitted to call customers or to change delivery times or routes. When drivers would encounter problems, they were to contact Defendants for instructions as to how to proceed. Plaintiff was prohibited from driving and hauling loads for any other company but the Defendants, and Plaintiff never engaged

FILED DATE: 2/14/2019 8:42 PM   2019CH01814

in any other work during the time that they were hauling loads for Defendants as their company drivers. All cargo that Plaintiff ever hauled while employed by Defendants were intended for and delivered to Defendants' customers. The individual Defendants oversaw operations and managing their customers and their drivers' compliance, including through the direction of the companies' dispatchers and managers who set and oversaw the routes and schedules for the drivers.

Defendants had unfettered authority to discipline, fine, or terminate the Plaintiff and putative class members. Plaintiff and putative class members were required by Defendants to transport cargo via specific routes, avoiding specific toll roads, in a specific order, and in a specific number of hours. If drivers failed to comply with any of the afore-listed requirements, they would be subject to discipline. The Defendant companies and individual Defendants demanded strict compliance with their policies and intentionally and knowingly dictated the means of performance of drivers' duties, which demonstrates that the Plaintiff and others similarly situated were employees for Defendant companies and not independent contractors.

Defendants made a series of unauthorized deductions from virtually every one of Plaintiff's and the putative class members paychecks, though they never agreed to such deductions. For example, Defendants would unlawfully deduct for "truck repairs", "towing", "chains" and other improper deductions. Defendants refused to hear any and all attempts by Plaintiff to discuss the disputed deductions from pay. Those drivers who left voluntarily or were terminated in retaliation for complaining about the unlawful practices did not receive final compensation. There are current employees who continue to work for Defendants without being compensated for all work they perform as company drivers. Pursuant to the "lease agreements" and Defendant companies' rules and employee manuals and handouts, Defendants subjected Named Plaintiff and all putative class members to the same policies, rules and treatment. In sum, pursuant to the individual Defendants'

4

FILED DATE: 2/14/2019 8:42 PM 2019CH01814

scheme carried out through Defendant companies which they own or otherwise control, Defendants misclassified all members of the proposed class of approximately 1000 drivers as independent contractors under the IWPCA and made unlawful deductions from drivers' pay.

<u>**Statutory Violations Common to All Putative Class Members**</u>

Section 2 of the IWPCA prohibits classification of workers as independent contractors and requires classification as "employees" under the Act, unless an individual meets all three prongs of independent contractor exemption test, *infra,* at page 11. 820 ILCS 115/2. Defendants' drivers, members of putative class, do not meet any one of these prongs. What's more is that Defendants cannot meet all three prongs as is required under the statute. Defendants violated Section 2 of the Act by misclassifying Plaintiff and the putative class members as independent contractors.

Sections 3 and 4 of the Act require that an employer must, at least semi-monthly, pay every employee all wages earned during the semi-monthly pay period. 820 ILCS 115/3, 115/4. Section 5 requires an employer to pay final compensation of separated employees in full and timely. 820 ILCS 115/5. Section 9 dictates that the deductions from wages or final compensation are prohibited unless such deductions are (1) required by law; (2) to the benefit of the employee; (3) in response to a valid wage assignment or wage deduction order; (4) made with the express written consent of the employee, given freely at the time the deduction is made [...]. 820 ILCS 115/9. Defendants deliberately refused to pay Plaintiff and proposed class members for some, or all work performed, thus violating Sections 3, 4, 5 and 9 of the Act. All members of putative class shared similar job titles, followed the same policies and practices, performed similar duties and, as a result of Defendants' common scheme, worked unpaid time or without any compensation due to them.

<u>**Illinois Common Law Violations Common to All Putative Class Members**</u>

FILED DATE: 2/14/2019 8:42 PM   2019CH01814

As Plaintiff alleges in his Class Action Complaint, individual Defendants, Oleksandr Dovgal and Alina Kim, on behalf of themselves and the Corporate Defendants, made multiple misrepresentations of material fact and thus committed common law fraud, which too can be decided on class basis. Further, Individual Defendants, in their personal capacity and on behalf of the respective Corporate Defendants, committed Civil Conspiracy to violate IWPCA and common law fraud as to Named Plaintiff and all putative class members; thus, these causes of action also may and must be decided on a class basis. Equally, all claims alleged part of the actions seeking equitable remedies of Accounting, Declaratory Judgment, and Unjust Enrichment, are common to Named Plaintiff and putative class members; thus, warranting the resolution on a class basis.

## PROPOSED CLASS

Plaintiff asserts these claims on behalf of himself and a proposed class under Section 5/2-801 of Illinois Code of Civil Procedure. This action may be maintained as divided into two or three sub-classes at the discretion of this Court and each sub-class treated as a class. 735 ILCS 5/2-802. The proposed class, which the Named Plaintiff represents, is defined as:

*"All persons who have worked for Defendant companies as truck drivers and truck driver trainees in Illinois or otherwise have driven Defendant companies', their predecessors', successors', subsidiaries' and/or affiliated companies' trucks at any time during the relevant statutory period, and who entered into an Independent Contractor agreement individually or on behalf of another entity, and personally provided freight cargo transportation services pursuant to that Agreement for Defendant companies and who have not been classified as employees of Defendant companies".* (Count I).

*"All persons who have worked for Defendant companies as truck drivers and truck driver trainees in Illinois or otherwise have driven Defendant companies', their predecessors', successors', subsidiaries' and/or affiliated companies' trucks at any time during the relevant statutory period, and personally provided freight cargo transportation services pursuant to that Agreement for Defendant companies and who have not been classified as employees of Defendant companies", to whom the Individual Defendant made numerous misrepresentations of material facts or from whom the material facts were withheld, and thus common law fraud was perpetrated against them."* (Count II).

*"All persons who have worked for Defendant companies as truck drivers and truck driver*

6

FILED DATE: 2/14/2019 8:42 PM   2019CH01814

trainees in Illinois or otherwise have driven Defendant companies', their predecessors', successors', subsidiaries' and/or affiliated companies' trucks at any time during the relevant statutory period, and personally provided freight cargo transportation services pursuant to that Agreement for Defendant companies and who have not been classified as employees of Defendant companies", against whom the Individual Defendants, on behalf of themselves and their Defendant companies, committed Civil Conspiracy to violate IWPCA and perpetrate Common Law Fraud." (Count III).

"All persons who have worked for Defendant companies as truck drivers and truck driver trainees in Illinois or otherwise have driven Defendant companies', their predecessors', successors', subsidiaries' and/or affiliated companies' trucks at any time during the relevant statutory period, and personally provided freight cargo transportation services pursuant to that Agreement for Defendant companies and who have not been classified as employees of Defendant companies", who are entitled to Declaratory Judgement as to the current employees that they are unlawfully misclassified and are therefore employees and not independent contractors and are entitled to all compensation they earned without any unjustified deductions." (Count IV).

"All persons who have worked for Defendant companies as truck drivers and truck driver trainees in Illinois or otherwise have driven Defendant companies', their predecessors', successors', subsidiaries' and/or affiliated companies' trucks at any time during the relevant statutory period, and personally provided freight cargo transportation services pursuant to that Agreement for Defendant companies and who have not been classified as employees of Defendant companies", who are entitled to Order for Accounting by Defendants to determine all freight confirmations pursuant to which the compensation was to be made, original log books pursuant to which the compensation per mile was to be made, and all records of earned compensation, paid or unpaid." (Count V).

"All persons who have worked for Defendant companies as truck drivers and truck driver trainees in Illinois or otherwise have driven Defendant companies', their predecessors', successors', subsidiaries' and/or affiliated companies' trucks at any time during the relevant statutory period, and personally provided freight cargo transportation services pursuant to that Agreement for Defendant companies and who have not been classified as employees of Defendant companies", who are entitled to full compensation for all benefits confirmed upon the Defendants, corporate and individual, based on the Unjust Enrichment equitable relief basis." (Count VI).

## ARGUMENT

Section 2–801 of Illinois Code of Civil Procedure prescribes four elements that Plaintiff must satisfy and upon which the circuit court may certify a class action: (1) the class is so numerous as to make joinder impracticable; (2) there are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members; (3) the

interests of the class will be adequately protected by the class representatives; and (4) class treatment is an appropriate means for the fair and efficient adjudication of the controversy. 735 ILCS 5/2-801; *Weiss v. Waterhouse Secs., Inc.,* 208 Ill. 2d 439, 451 (2004). When evaluating the proposed class and collective actions, the Court must consider the substantive allegations of the complaint as true. *Avery v. State Farm Mut. Auto. Ins. Co.*, 321 Ill. App. 3d 269, 278 (5th Dist. 2001), judgment aff'd in part, rev'd in part on other grounds, 216 Ill. 2d 100 (2005). The court may consider any matters of law or fact properly in the record including pleadings, depositions, affidavits, answers to interrogatories, and any evidence on the satisfaction of these requirements that may be adduced at hearing. *Cruz v. Unilock Chicago*, 383 Ill. App.3d 752, 765(2d Dist. 2008).

Courts routinely certify claims involving employee misclassification when class members share similar job duties and are subjected to similar policies and practices. *Thomas v. Matrix Corp. Servs., Inc.,* 2012 U.S. Dist. LEXIS 116379, *10 (N.D. Ill. Aug. 17, 2012) (holding class action remains most efficient way to resolve claim of improper deductions); *Ladegaard v. Hard Rock Concrete Cutters, Inc,* 2001 U.S. Dist. LEXIS 18370 (N.D. Ill. Nov. 7, 2001)(granting class certification to truck drivers under the IWPCA); *Acosta v. Scott Labor LLC*, 2006 U.S. Dist. LEXIS 153 (N.D. Ill. Jan. 3, 2006) (granting class certification on claims under the IWPCA).

Plaintiff in this case allege viable individual causes of action. The claims are brought as a class action lawsuit, and the factual allegations of violations of Plaintiff's rights under IWPCA and Illinois Common Law are broad enough in scope to establish possible existence of a class action suit. Here, certification of a class is proper because:

1.) The proposed class of estimated 1000 drivers is so numerous as to make joinder impracticable;

2.) There are common questions of law and fact as to whether Defendants improperly misclassified the drivers as independent contractors and the drivers were and are in fact covered by the IWPCA; whether Defendants made unlawful deductions from drivers'

FILED DATE: 2/14/2019 8:42 PM   2019CH01814

compensation and did not pay final compensation; whether class members are entitled to statutory interest and attorney's fees and costs, whether material misrepresentations constituting fraud made by individual Defendants to putative class members were the same or nearly the same as to the named Plaintiff; whether Individual Defendants committed Civil Conspiracy, in their own capacity or on behalf of respective Corporate Defendants to violate IWPCA and commit common law fraud as to all putative class members; whether the drivers are entitled to recover the amounts deducted by the Company from their wages and an unpaid but earned compensation; whether the claims asserted by named Plaintiff part of the equitable remedies they seek under the actions for Accounting, Declaratory Judgment and Unjust Enrichment are common to all putative class members; that each driver has the same potential claim and types of damages, and these common questions of law and fact predominate over any possible questions affecting only individual members;

3.) That the named Plaintiff and his attorney will adequately protect the interests of the entire class; and

4.) Class treatment in this case is the only appropriate means for the fair and efficient adjudication of the controversy because of the length of the dispute, the intimidation and retaliation threats and actions by Defendants towards former and current employees over the course of many years.

### 1) The Class is So Numerous That Joinder of All Members is Impracticable

In Illinois, the proposed Class satisfies the statutory requirement if Class is so numerous that joinder of all members is impracticable. 735 ILCS 5/2-801(1); *McCabe v. Burgess,* 57 Ill. App. 3d 450 (4th Dist.1978). Among the factors taken into consideration are: (1) the amount of a plaintiff's claim; (2) the ability of putative class members to bring suit on their own behalf; (3) the likelihood that they might do so; and (4) the geographic location of putative class members. *Steinberg v. Chicago Med. School*, 69 Ill. 2d 320, 338 (1977). The number of necessary members to certify a class action should be decided on a fact-specific basis. *Application of Rosewell*, 236 Ill. App. 3d 165, 177(1st Dist.1992). The existence of 80 to 90 employees who had been denied full overtime wages in one pay period supported a finding of numerosity. *Cruz v. Unilock Chicago*, 383 Ill.App.3d 765-68.

The proposed class contains estimated 1000 drivers. The proposed class is made up of the "smaller guy": individual truck drivers who are not sophisticated or in position to seek legal

9

FILED DATE: 2/14/2019 8:42 PM    2019CH01814

redress individually. *See, e.g., Wood River Are Dev. Corp. v. German Fed. Savings & Loan Assoc.*, 198 Ill.App.3d 445, 451-52 (5th Dist. 1990). Joinder of all or even a substantial percentage of class members as individual plaintiffs clearly would be prohibitively expensive and impracticable for the same reason as if Plaintiff brought his claims individually. The size of this putative class easily satisfies the numerosity requirement of Section 2-801.

### 2) There are Questions of Law or Fact Common to the Class, Which Predominate over Questions Affecting Only Individual Members, If Any Such Questions Exist

The commonality requirement is satisfied where the defendants allegedly acted wrongfully in the same basic manner with regard to an entire class. *Ramirez v. Smart Corp.,* 371 Ill. App. 3d 797, 816 (3d Dist. 2007). Underlying this requirement of common questions of fact or law is the requisite that the named representative of the proposed class possesses a valid cause of action. *Wheatley v. Board of Educ. of Tp. High School Dist. 205,* 99 Ill. 2d 481, 487 (1984). While there need not be both a common question of fact and a common question of law, there must be a common question that predominates over individual questions. *Miner v. Gillette Co*., 87 Ill.2d 7, 17 (Ill. 1981). The test for the predominance of common issues is not whether common issues outnumber individual ones but whether common or individual issues will be the object of most of the litigant's efforts. *Smith v. Illinois Cent. R.R. Co.,* 223 Ill. 2d 441, 449 (2006). The predominance test is qualitative, not quantitative. *Id.* Further, the predominance test is met when shown that successful adjudication of the Plaintiff's claim would establish a right to recovery in the class members. *Weiss v. Waterhouse Securities, Inc.,* 208 Ill. 2d, at 450. Individually required assessment of damages will normally not preclude a class action where there is a common issue of liability. See Health Cost Controls v. Sevilla, 365 Ill. App. 3d 795 (1st District. 2006).

All of Plaintiff's claims have common questions of law because they allege a myriad of violations of IWPCA and Illinois Common Law by Defendants, as well as common question of

facts to support these allegations. In short, there are two central inquiries common to each putative class member: first, whether the drivers were employees or independent contractors, and second, whether Defendants made improper deductions from the drivers' pay and improperly withheld earned and final compensation. These two inquiries will be resolved with clear common evidence and are self- evidently common issues to all putative class members. In addition, whether the conduct constituting common law fraud and civil conspiracy was common as to putative class members, and equally, if the questions of fact and law as to deciding equitable actions of Accounting, Declaratory Judgment, and Unjust Enrichment (pleaded in an alternative to IWPCA claim in Count I of the complaint) can be resolved on class basis.

### a. Whether putative class members are properly covered by the IWPCA can be resolved with common evidence.

The IWPCA utilizes a strict three-part standard for determining employment status for the purpose of coverage. 820 ILCS 115/2. It defines an "employee" as "any individual permitted to work by an employer in an occupation" but excludes any individual:

(1) who has been and will continue to be free from control and direction over the performance of his work, both under his contract of service with his employer and in fact; and
(2) who performs work which is either outside the usual course of business or is performed outside of all the places of business of the employer unless the employer is in the business of contracting third parties for the placement of employees; and
(3) who is an independently established trade, occupation, profession, or business. *Id.*

The burden of proof lies with the employer seeking exclusion which must satisfy all three prongs before an individual can be classified as exempt. *AFM Messenger Serv., Inc. v. Dept. of Empl. Sec.*, 198 Ill. 2d 380, 398 (Ill. 2001). Consequently, if Defendants cannot satisfy just one prong of this test, their drivers must be classified as employees and the protections of IWPCA apply to them. *Costello v. BeavEx, Inc.*, 810 F.3d 1045 (7th Cir 2015). ("Under the IWPCA, if the employer cannot satisfy just one prong of the test, the inquiry into employment status ends.")

11

FILED DATE: 2/14/2019 8:42 PM   2019CH01814

FILED DATE: 2/14/2019 8:42 PM   2019CH01814

Defendants will not be able to satisfy any one of the three prongs. Defendants' inability to carry their burden of proof under the IWPCA may and must be resolved through common evidence for all three prongs. Common evidence will demonstrate that drivers had no independent control over their employment, and certainly no proprietary interest in the routes to haul cargo. Simply stated, Defendants' complete control over drivers as their employees can be shown through common evidence to be produced by Defendants as well as by the named Plaintiff's declarations, attached hereto as *Exhibits 1*. The second prong too can be resolved through common evidence. Prong two only requires common evidence about defendants' business model, which is applicable to all class members. *See Costello v. BeavEx, Inc.*, Costello v. BeavEx, Inc., 810 F.3d at 1060.

On one hand, interstate truck drivers perform their duties while physically being outside of places of business of their employer. Yet, being on the road and behind the wheel of a truck cannot be considered as work outside of the usual course of business; otherwise, truck drivers could never oppose meeting prong 2 of the "employee" definition test. Truck drivers hauling loads for trucking companies are not just the normal course of Defendants' business, but their whole business, just like the courier drivers doing deliveries for messenger services or limousine chauffeurs driving limos for limousine companies. *See Chi. Messenger Serv. v. Jordan*, 356 Ill. App. 3d 101, 110 (1st Dist. 2005). Lastly, common evidence demonstrates the inability of Defendants to meet Prong 3 because the drivers did not conduct or own independently established trades or businesses separate and apart from those of Defendant companies.

**b. The wage deduction and nonpayment inquiry can be resolved with common evidence.**

Deductions by employers for wages...are prohibited unless such deductions are (1) required by law; (2) to the benefit of the employee; (3) in response to a valid wage assignment or wage deduction order; (4) made with the express written consent of the employee, ***given freely at***

FILED DATE: 2/14/2019 8:42 PM   2019CH01814

*the time the deduction is made*... 820 ILCS 115/9 *(emphasis added)*. A class action is not to be dismissed because of differences in elements of proof between members of the class and individual questions of damages. *Steinberg*, at 341; *Health Cost Controls v. Sevilla*, 365 Ill. App. 3d 795, 809 (1st Dist. 2006). Once again, common evidence will demonstrate that Defendants made deductions from Plaintiff's compensation that were not agreed to and which are not permissible under the IWPCA, as Plaintiff fell prey to Defendants' broader scheme to underpay them, despite variations in the precise amounts that were deducted from individual Plaintiff.

**c. Whether Defendants Made Material Misrepresentations Amounting to Fraud and Conspired to Violate IWPCA and Commit Fraud, as well as inquiry as to equitable remedies sought in actions for Accounting, Declaratory Judgment and Unjust Enrichment, can be resolved with common evidence.**

Named Plaintiff will provide testimony and documentary evidence based on which decisive inquiry can be made to amount to evidence common to all putative class members. Equally, whether Defendants committed Civil Conspiracy with respect to only the named Plaintiff or all putative class members will too be resolved through common evidence, namely, the evidence to be proffered by Defendants. Similarly, whether the declaratory judgment can be entered bearing on the entire class, just like the actions for Accounting and Unjust Enrichment, can be resolved with common evidence.

**d. Common issues of law and fact predominate over any possible individual inquiries.**

The Seventh Circuit overruled a lower court's denial of class certification in a very similar case, which involved IWPCA violations by a transportation and delivery company on the grounds that individualized inquiries would be necessary to resolve prongs one and three of the IWPCA's test for employment, and consequently, common issues could not predominate. *Costello*, at 1060. The Seventh Circuit rejected the district court's reasoning and ruled that there is no requirement to ignore the conjunctive structure of the IWPCA's test for employment. *Id.* The court reiterated

13

that in conducting a predominance inquiry the court must look only so far as to determine whether, given the factual setting of the case, if the plaintiff's general allegations are true, common evidence could suffice to make out a prima facie case for the class. *Id.* Without a doubt, Plaintiff's will demonstrate that common questions (namely, whether they were misclassified as independent contractors and subjected to deductions without consent) predominate by making out a prima facie claim under the IWPCA based on evidence common to the class. Thus, the predominance test is met because successful adjudication of the Plaintiff's claim that they were employees and that illegal deductions were made would establish a right to recovery in the class members.

### 3. The Representative Parties Will Fairly and Adequately Protect the Interests of the Class

The Plaintiff must meet two conditions to satisfy adequacy requirement: (1) that Plaintiff's interests not be antagonistic or in conflict with the class and (2) that Plaintiff's attorney be qualified, experienced, and generally able to conduct litigation. *Miner v. Gillette Co.*, 87 Ill. 2d 7, 14 (Ill. 1981). Here, Class Representatives' interests are co-extensive and not in conflict with the interests of class members. The named Plaintiff and class members have the common interest of determining whether Defendants are liable for money damages and entitled to equitable remedies to the proposed class of Defendants' truck drivers for violations of their rights under IWPCA and Illinois Common Law. The named Plaintiff is not subject to any unique defenses that may be asserted against them which render them atypical of other Class members.

The only difference between Defendants' former and current employees is that current employees cannot allege non-payment of final compensation. Moreover, Class Representatives agreed to bear the responsibilities of serving as the representative Plaintiff for the Class and retained experienced, competent counsel. Their retained Class counsel Julia Bikbova has demonstrated her utmost commitment to the case, competence and professionalism, as well as years of experience of

14

FILED DATE: 2/14/2019 8:42 PM    2019CH01814

prosecuting wage act complaints, including class actions. *See* Exhibit 3, Declaration of Julia Bikbova. Accordingly, the prerequisites of adequacy of representation are met.

## 4. Class Treatment is Appropriate Means for Fair and Efficient Adjudication of this Case

In deciding whether the fourth requirement is met, a court considers whether a class action can best secure economies of time, effort, and expense or accomplish the other ends of equity and justice that class actions seek to obtain. *Walczak v. Onyx Acceptance Corp.,* 365 Ill. App. 3d 664, 679 (Ill. 2006). Where the first three requirements for class certification have been satisfied, the fourth requirement may be considered fulfilled as well. *Gordon v. Boden*, 224 Ill. App. 3d 195, 204 (Ill. 1991). As Plaintiff demonstrates in his declaration, this class action is the best way to secure economies of time, effort, and expense. Moreover, this Court should find that Plaintiff has satisfied the first three requirements of Section 2-801; and therefore, the Class treatment in this case is appropriate means for the fair and efficient adjudication of the case.

## CONCLUSION

The named Plaintiff met the burden on all four elements of class certification statute and move for certification of a class on behalf of himself and proposed class members. He respectfully submits that this lawsuit is suitable and appropriate for treatment as a class action pursuant to Section 5/2-801 and 5/2-802 of Illinois Code of Civil Procedure and respectfully request that the Court appoint them as Class Representatives and appoint Plaintiff's counsel as Class Counsel.

WHEREFORE, the Plaintiff, Ayur Tsybikov, respectfully request that this Honorable Court enter an order for parties to initiate and complete discovery limited in scope to the issues raised in the instant Motion to Certify the Class, grant this instant Motion, and for any other relief this Court may deem equitable and just.

Respectfully Submitted,

15

FILED DATE: 2/14/2019 8:42 PM   2019CH01814

__/s/ Julia Bikbova_____
Julia Bikbova, Plaintiff's Attorney

Julia Bikbova
Bikbova Law Offices PC
666 Dundee Rd, Suite 1604
Northbrook, IL 60062
Ph: 847.730.1800
Julia@Bikbovalaw.com
Cook County: 49938

FILED
2/15/2019 10:15 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01814

FILED DATE: 2/15/2019 10:15 PM  2019CH01814

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| AYUR TSYBIKOV, | ) | |
| | ) | **Hearing Date: 2/25/2019 10:00 AM - 10:00 AM** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:    2019 CH 01814 |
| | ) | |
| OLEKSANDR DOVGAL, | ) | |
| ALINA KIM, | ) | |
| DVL EXPRESS INC, | ) | |
| ALTEX LOGISTICS INC | ) | |
| Defendants. | ) | |

## DECLARATION OF AYUR TSYBIKOV IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CLASSIFICATION

I, AYUR TSYBIKOV, the named Plaintiff in the above-captioned matter, declare as follows:

1. I currently reside in the State of Illinois and work as a commercial driver. I hold a CDL license. I learned about the truck driver vacancy with Defendant Companies, DVL Express Inc and Altex Logistics Inc, through a friend.

2. I applied for a truck driving job with Defendant Companies in August 2014 and was invited for an interview at Defendants' headquarters in Illinois with Defendant Oleksandr Dovgal ("Dovgal"). At that initial interview, I was told my duties would be to transport loads and to strictly follow instructions provided to me by dispatchers, and that I could only work for Defendants and that this position would be a full-time commitment.

3. Additionally, Defendant Dovgal said that I would be paid per hauled cargo load. Specifically, I would earn $0.48 cents per mile for the first 4 months, and thereafter $0.53 per mile.

DocuSign Envelope ID: FA2CF1E9-D29B-4582-81    DA075DFAE76

4. Immediately after the interview, Defendant Alina Kim ("Kim") presented me with a contract to sign. I began to review it, but did not understand it, as my English is poor. I told him that I needed time to review the contract with an interpreter, but he said that if I wanted the job, I needed to sign the documents right away. I signed the documents and began working.

5. During my interview, individual Defendants promised to me that he ran an honest business and paid his employees in full, that I would be paid on time if I became an employee, and that I would be treated as an employee, not an independent contractor. I relied on these promises when I accepted the position.

6. At the time I was hired by the Defendant companies, I assumed I was being hired as an employee rather than an independent contractor.

7. The Defendant companies made numerous erroneous deductions from my pay, including $890 for "truck repair"; $940 for "DOT Violations", $2,000, $1666.22 and $2500 for "claims for load", $2700 for "bad tires", $300 for "chains" and $800 for "towing".

8. I was never notified of these deductions before or after my acceptance of the job offer.

9. In August 2015, I stopped working for Defendants. Defendant Companies failed to pay me the full compensation which I am entitled to. Defendants failed to pay me approximately $60,000 for the work I performed.

10. I know I have incurred Attorney's fees and costs, which will be estimated by my counsel.

11. I was actively involved in retaining and assisting my counsel in preparing for the commencement of this suit and have actively assisted counsel in filing this lawsuit as a class action on behalf of hundreds of persons who are or have been the Company's drivers.

DocuSign Envelope ID: FA2CF1E9-D29B-4582-81    DA075DFAE76

12. I intend to vigorously pursue all claims that have been asserted in the lawsuit on behalf of all similarly situated persons and intend to take an active role in this litigation as counsel and I determine is appropriate.

Dated: February 14, 2019

_____

Ayur Tsybikov

## VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, I hereby certify that I have read the above document, that I have knowledge of the facts alleged therein, and that the facts contained therein are true, except as to those facts, if any, which are alleged to be upon information and belief, and as to those allegations, I hereby certify that I verily believe the same to be true.

_____

Ayur Tsybikov

Return Date: No return date scheduled
Hearing Date: 2/25/2019 10:00 AM - 10:00 AM
Courtroom Number:
Location:

FILED
2/15/2019 10:32 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01814

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

AYUR TSYBIKOV,                          )
                                        )
                    Plaintiff,          )
                                        )
v.                                      )    Case No.:    2019 CH 01814
                                        )    Calendar 5
OLEKSANDR DOVGAL,                       )
ALINA KIM,                              )
DVL EXPRESS INC,                        )
ALTEX LOGISTICS INC                     )
                    Defendants.         )

## NOTICE OF MOTION

TO:    Oleksandr Dovgal                 TO:    Alina Kim
       2064 W. 167th Str.,                     2064 W. 176th, Str.,
       Markham, IL 60428                       Markham, IL 60428


TO:    DVL Express Inc                  TO:    Altex Logisitics Inc
       2064 W. 167th Str.,                     2064 W. 167th Str.,
       Markham, IL 60428                       Markham, IL 60428


On February 25, 2019 I shall appear before the Honorable Judge Neil H. Cohen or any judge sitting in his or her stead at 10:00 am or as soon thereafter as counsel may be heard in courtroom 2308 in the Chancery Division Richard J Daley Center 50 W Washington, Chicago, IL 60602 or in a courtroom otherwise designated on that date in the Courthouse for the Circuit Court of Cook County, Illinois, and shall then and there present the enclosed Plaintiffs Motion For Class Certification Pursuant to Rule 5/2-801 of the Illinois Code of Civil Procedure and Memorandum in Support of the Motion.

*Julia Bikbova*
_____
Julia Bikbova, Attorney for Plaintiff

**PROOF OF SERVICE**

   I, Julia Bikbova, certify that I caused this Notice and to be served by email to above referenced recipients, mailing this notice to opposing counsel and the court, identified herein and by depositing true copies of same with proper postage prepaid in the U.S. Mail depository at 666 Dundee Road, 1604 Northbrook, IL 60062 on February 15, 2019 at 7:00pm

*Julia Bikbova*

       Julia Bikbova, Attorney for Plaintiff

Bikbova Law Offices PC
666 Dundee Road, Suite 1604
Northbrook, IL 60062
Office: 847-730-1800
Cook County: 49938

FILED DATE: 2/15/2019 10:32 AM   2019CH01814

Order                                                            (Rev. 02/24/05) CCG N002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Ayur Tsybikov,
v. on behalf of
others similarly situated

DVL Express, ALTEX Logistics
Oleksandr Doval, ALINA Kim

No. _2019 CH 01814_

**ORDER**

This matter is coming before this Court
for Presentment of Plaintiffs' Motion for
Class Certification; it is hereby ordered
that:

Plaintiffs' motion to Certify Class pursuant
to 735 ILCS 5/2-801 is considered Lodged
and is entered and continued to the date
of the Initial case management on
June 13, 2019 at 9:30am in Room 2308 of
Daley Center.

**ENTERED**
Judge Neil H. Cohen-2021

FEB 25 2019

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Attorney No.: _49938_
Name: _Julia Bikbova_
Atty. for: _Plaintiffs_
Address: _666 Dundee Rd, #1604_
City/State/Zip: _Northbrook, IL 60062_
Telephone: _847-730-1800_

ENTERED:

Dated: _2/25/19_

_____
Judge                    Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**



### SHERIFF'S OFFICE OF COOK COUNTY
### AFFIDAVIT OF SERVICE

**CASE NUMBER:** 2019CH01814   **SHERIFF NUMBER:** 03019293   **MULT. SER.:** 4   **DOC. TYPE:** CHAN

**DIE DATE:** 03/06/2019   **RECEIVED DATE:** 02/11/2019   **FILED DATE:** 02/13/2019   **DIST:** 428

| | |
|---|---|
| **DEFENDANT:** KIM, ALINA | **PLAINTIFF:** TSYBIKOV, AYUR |
| ADDRESS: 2064 W 167TH | **ATTORNEY:** BOBOVA JULIA |
| CITY: MARKHAM | ADDRESS: 2064 DUNDEE RD STE 1604 |
| STATE: IL   ZIP CODE: 60428 | CITY: NORTHBROOK |
| ATTACHED FEE AMT: | STATE: IL   ZIP CODE: 60062 |
| SERVICE INFORMATION: | |

**I CERTIFY THAT I SERVED THE DEFENDANT/RESPONDENT AS FOLLOWS:**

☐ **(1) PERSONAL SERVICE:** BY LEAVING A COPY OF THE WRIT/ORDER WITH THE DEFENDANT/RESPONDENT PERSONALLY, AND INFORMING DEFENDANT/RESPONDENT OF CONTENTS.

☑ **(2) SUBSTITUTE SERVICE:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH A FAMILY MEMBER OR PERSON RESIDING THERE, 13 YEARS OR OLDER, AND INFORMING THAT PERSON OF THE CONTENTS OF THE SUMMONS. ALSO, A COPY OF THE SUMMONS WAS MAILED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE ON THE 05 DAY OF March   2019.

☐ **(3) UNKNOWN OCCUPANTS:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT NAMING "UNKNOWN OCCUPANTS" WITH A PERSON OF THE AGE OF 13 OR UPWARDS OCCUPYING SAID PREMISE.

☐ **(4) CORP/CO/BUS/PART:** BY LEAVING THE APPROPRIATE NUMBER OF COPIES OF THE SUMMONS, COMPLAINTS, INTERROGATORIES, JUDGMENTS, CERTIFICATIONS AND NOTICES WITH THE REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT CORPORATION ____COMPANY____BUSINESS _____ PARTNERSHIP ___

☐ **(5) PROPERTY RECOVERED:** NO ONE PRESENT TO RECEIVE ORDER OF COURT. ORDER POSTED IN PLAIN VIEW.

☐ **(6) S.O.S/D.O.I.:** BY LEAVING THE SUMMONS AND COMPLAINT WITH THE SECRETARY OF THE STATE/DIRECTOR OF INSURANCE OF THE STATE OF ILLINOIS, AN AGENT OF SAID DEFENDANT LISTED ABOVE. ANY AGENT OF SAID CORPORATION NOT FOUND IN THE COUNTY OF COOK.

☐ **(7) CERTIFIED MAIL**

   **** COMPLETE THIS SECTION IF WRIT IS A THIRD PARTY CITATION/GARNISHMENT ****

**(8)** AND BY MAILING ON THE ___ DAY OF _____ 20 _____ A COPY OF THE THIRD PARTY GARNISHMENT/CITATON SUMMONS AND NOTICE TO THE JUDGMENT DEBTOR'S LAST KNOWN ADDRESS AS INDICATED IN THE NOTICE WITHIN (2) BUSINESS DAYS OF SERVICE UPON GARNISHEE/THIRD PARTY DEFENDANT.

**THE NAMED DEFENDANT WAS NOT SERVED FOR THE GIVEN REASON BELOW:**

| | | |
|---|---|---|
| ☐ (01) NO CONTACT | ☐ (05) WRONG ADDRESS | ☐ (09) DECEASED |
| ☐ (02) MOVED | ☐ (06) NO SUCH ADDRESS | ☐ (10) NO REGISTED AGENT |
| ☐ (03) EMPTY LOT | ☐ (07) EMPLOYER REFUSAL | ☐ (11) OUT OF COOK COUNTY |
| ☐ (04) NOT LISTED | ☐ (08) CANCELLED BY PLAINTIFF ATTY | ☐ (12) OTHER REASON (EXPLAIN) |

**EXPLANATION:**

| | |
|---|---|
| WRIT SERVED ON: SERGE ZHUKOE | ATTEMPTED SERVICES |
| SEX: M   RACE: WH   AGE: 40 | Date       Time       Star # |
| THIS 05 DAY OF March 20 19 | |
| TIME: 8:22 AM | |

THOMAS J. DART,

SHERIFF, BY: /S/   MENTZ, CHARLEY #10550                    , DEPUTY



**SHERIFF'S OFFICE OF COOK COUNTY**
**AFFIDAVIT OF SERVICE**

**CASE NUMBER:** 2019CH01814    **SHERIFF NUMBER:** 03019293    **MULT. SER.:** 4    **DOC. TYPE:** CHAN

**DIE DATE:** 03/06/2019    **RECEIVED DATE:** 02/11/2019    **FILED DATE:** 02/13/2019    **DIST:** 428

| Date | Time | Star # |
|------|------|--------|



**SHERIFF'S OFFICE OF COOK COUNTY**
**AFFIDAVIT OF SERVICE**

**CASE NUMBER:** 2019CH01814   **SHERIFF NUMBER:** 03019292   **MULT. SER.:** 4   **DOC. TYPE:** CHAN

**DIE DATE:** 03/06/2019   **RECEIVED DATE:** 02/11/2019   **FILED DATE:** 02/13/2019   **DIST:** 428

| | |
|---|---|
| **DEFENDANT:** DOVGAL, OLEKSANDR | **PLAINTIFF:** TSYBIKOV, AYUR |
| **ADDRESS:** 2064 W 167TH | **ATTORNEY:** BOBOVA JULIA |
| **CITY:** MARKHAM | **ADDRESS:** 2064 DUNDEE RD STE 1604 |
| **STATE:** IL   **ZIP CODE:** 60428 | **CITY:** NORTHBROOK |
| **ATTACHED FEE AMT:** | **STATE:** IL   **ZIP CODE:** 60062 |

**SERVICE INFORMATION:**

**I CERTIFY THAT I SERVED THE DEFENDANT/RESPONDENT AS FOLLOWS:**

☐ **(1) PERSONAL SERVICE:** BY LEAVING A COPY OF THE WRIT/ORDER WITH THE DEFENDANT/RESPONDENT PERSONALLY, AND INFORMING DEFENDANT/RESPONDENT OF CONTENTS.

☑ **(2) SUBSTITUTE SERVICE:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH A FAMILY MEMBER OR PERSON RESIDING THERE, 13 YEARS OR OLDER, AND INFORMING THAT PERSON OF THE CONTENTS OF THE SUMMONS. ALSO, A COPY OF THE SUMMONS WAS MAILED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE ON THE 05 DAY OF March 2019.

☐ **(3) UNKNOWN OCCUPANTS:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT NAMING "UNKNOWN OCCUPANTS" WITH A PERSON OF THE AGE OF 13 OR UPWARDS OCCUPYING SAID PREMISE.

☐ **(4) CORP/CO/BUS/PART:** BY LEAVING THE APPROPRIATE NUMBER OF COPIES OF THE SUMMONS, COMPLAINTS, INTERROGATORIES, JUDGMENTS, CERTIFICATIONS AND NOTICES WITH THE REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT CORPORATION ____COMPANY____BUSINESS ____ PARTNERSHIP ___

☐ **(5) PROPERTY RECOVERED:** NO ONE PRESENT TO RECEIVE ORDER OF COURT. ORDER POSTED IN PLAIN VIEW.

☐ **(6) S.O.S/D.O.I.:** BY LEAVING THE SUMMONS AND COMPLAINT WITH THE SECRETARY OF THE STATE/DIRECTOR OF INSURANCE OF THE STATE OF ILLINOIS, AN AGENT OF SAID DEFENDANT LISTED ABOVE. ANY AGENT OF SAID CORPORATION NOT FOUND IN THE COUNTY OF COOK.

☐ **(7) CERTIFIED MAIL**
**\*\*\*\* COMPLETE THIS SECTION IF WRIT IS A THIRD PARTY CITATION/GARNISHMENT \*\*\*\***

☐ **(8)** AND BY MAILING ON THE ___ DAY OF _____ 20 ____ A COPY OF THE THIRD PARTY GARNISHMENT/CITATON SUMMONS AND NOTICE TO THE JUDGMENT DEBTOR'S LAST KNOWN ADDRESS AS INDICATED IN THE NOTICE WITHIN (2) BUSINESS DAYS OF SERVICE UPON GARNISHEE/THIRD PARTY DEFENDANT.

**THE NAMED DEFENDANT WAS NOT SERVED FOR THE GIVEN REASON BELOW:**

☐ (01) NO CONTACT   ☐ (05) WRONG ADDRESS   ☐ (09) DECEASED
☐ (02) MOVED   ☐ (06) NO SUCH ADDRESS   ☐ (10) NO REGISTED AGENT
☐ (03) EMPTY LOT   ☐ (07) EMPLOYER REFUSAL   ☐ (11) OUT OF COOK COUNTY
☐ (04) NOT LISTED   ☐ (08) CANCELLED BY PLAINTIFF ATTY   ☐ (12) OTHER REASON (EXPLAIN)

**EXPLANATION:**

**WRIT SERVED ON:** SERGE ZHUKOE
**SEX:** M   **RACE:** WH   **AGE:** 40
**THIS** 05 **DAY OF** March 20 19
**TIME:** 8:20 AM

**ATTEMPTED SERVICES**
Date   Time   Star #

THOMAS J. DART,
SHERIFF, BY: /S/   MENTZ, CHARLEY #10550   , DEPUTY



**SHERIFF'S OFFICE OF COOK COUNTY**
**AFFIDAVIT OF SERVICE**

**CASE NUMBER:** 2019CH01814 **SHERIFF NUMBER:** 03019292 **MULT. SER.:** 4 **DOC. TYPE:** CHAN

**DIE DATE:** 03/06/2019 **RECEIVED DATE:** 02/11/2019 **FILED DATE:** 02/13/2019 **DIST:** 428

| Date | Time | Star # |
|------|------|--------|



**SHERIFF'S OFFICE OF COOK COUNTY**
**AFFIDAVIT OF SERVICE**

**CASE NUMBER:** 2019CH01814   **SHERIFF NUMBER:** 03019291   **MULT. SER.:** 4   **DOC. TYPE:** CHAN

**DIE DATE:** 03/06/2019   **RECEIVED DATE:** 02/11/2019   **FILED DATE:** 02/13/2019   **DIST:** 428

| | |
|---|---|
| **DEFENDANT:** DVL EXPRESS INC | **PLAINTIFF:** TSYBIKOV, AYUR |
| **ADDRESS:** 2064 W 167TH | **ATTORNEY:** BOBOVA JULIA |
| **CITY:** MARKHAM | **ADDRESS:** 2064 DUNDEE RD STE 1604 |
| **STATE:** IL   **ZIP CODE:** 60428 | **CITY:** NORTHBROOK |
| **ATTACHED FEE AMT:** | **STATE:** IL   **ZIP CODE:** 60062 |
| **SERVICE INFORMATION:** | |

**I CERTIFY THAT I SERVED THE DEFENDANT/RESPONDENT AS FOLLOWS:**

☐ **(1) PERSONAL SERVICE:** BY LEAVING A COPY OF THE WRIT/ORDER WITH THE DEFENDANT/RESPONDENT PERSONALLY, AND INFORMING DEFENDANT/RESPONDENT OF CONTENTS.

☐ **(2) SUBSTITUTE SERVICE:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH A FAMILY MEMBER OR PERSON RESIDING THERE, 13 YEARS OR OLDER, AND INFORMING THAT PERSON OF THE CONTENTS OF THE SUMMONS. ALSO, A COPY OF THE SUMMONS WAS MAILED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE ON THE DAY OF _ 20.

☐ **(3) UNKNOWN OCCUPANTS:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT NAMING "UNKNOWN OCCUPANTS" WITH A PERSON OF THE AGE OF 13 OR UPWARDS OCCUPYING SAID PREMISE.

☑ **(4) CORP/CO/BUS/PART:** BY LEAVING THE APPROPRIATE NUMBER OF COPIES OF THE SUMMONS, COMPLAINTS, INTERROGATORIES, JUDGMENTS, CERTIFICATIONS AND NOTICES WITH THE REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT CORPORATION ____COMPANY____BUSINESS _____ PARTNERSHIP __

☐ **(5) PROPERTY RECOVERED:** NO ONE PRESENT TO RECEIVE ORDER OF COURT. ORDER POSTED IN PLAIN VIEW.

☐ **(6) S.O.S/D.O.I.:** BY LEAVING THE SUMMONS AND COMPLAINT WITH THE SECRETARY OF THE STATE/DIRECTOR OF INSURANCE OF THE STATE OF ILLINOIS, AN AGENT OF SAID DEFENDANT LISTED ABOVE. ANY AGENT OF SAID CORPORATION NOT FOUND IN THE COUNTY OF COOK.

☐ **(7) CERTIFIED MAIL**
**** COMPLETE THIS SECTION IF WRIT IS A THIRD PARTY CITATION/GARNISHMENT ****

**(8)** AND BY MAILING ON THE ___ DAY OF _____ 20 _____ A COPY OF THE THIRD PARTY GARNISHMENT/CITATON SUMMONS AND NOTICE TO THE JUDGMENT DEBTOR'S LAST KNOWN ADDRESS AS INDICATED IN THE NOTICE WITHIN (2) BUSINESS DAYS OF SERVICE UPON GARNISHEE/THIRD PARTY DEFENDANT.

**THE NAMED DEFENDANT WAS NOT SERVED FOR THE GIVEN REASON BELOW:**

☐ (01) NO CONTACT   ☐ (05) WRONG ADDRESS   ☐ (09) DECEASED
☐ (02) MOVED   ☐ (06) NO SUCH ADDRESS   ☐ (10) NO REGISTED AGENT
☐ (03) EMPTY LOT   ☐ (07) EMPLOYER REFUSAL   ☐ (11) OUT OF COOK COUNTY
☐ (04) NOT LISTED   ☐ (08) CANCELLED BY PLAINTIFF ATTY   ☐ (12) OTHER REASON (EXPLAIN)

**EXPLANATION:**

**WRIT SERVED ON:** SERGE ZHUKOE   **ATTEMPTED SERVICES**
**SEX:** M   **RACE:** WH   **AGE:** 40   Date   Time   Star #
**THIS** 05 **DAY OF** March 20 19
**TIME:** 8:21 AM

THOMAS J. DART,
SHERIFF, BY: /S/   MENTZ, CHARLEY #10550   , DEPUTY

Page 1 of 2



**SHERIFF'S OFFICE OF COOK COUNTY**
**AFFIDAVIT OF SERVICE**

**CASE NUMBER:** 2019CH01814    **SHERIFF NUMBER:** 03019291    **MULT. SER.:** 4    **DOC. TYPE:** CHAN

**DIE DATE:** 03/06/2019    **RECEIVED DATE:** 02/11/2019    **FILED DATE:** 02/13/2019    **DIST:** 428

Date                Time               Star #



**SHERIFF'S OFFICE OF COOK COUNTY**
**AFFIDAVIT OF SERVICE**

**CASE NUMBER:** 2019CH01814     **SHERIFF NUMBER:** 03019294     **MULT. SER.:** 4     **DOC. TYPE:** CHAN

**DIE DATE:** 03/06/2019   **RECEIVED DATE:** 02/11/2019   **FILED DATE:** 02/13/2019   **DIST:** 428

| | |
|---|---|
| **DEFENDANT:** ALTEX LOGISTICS | **PLAINTIFF:** TSYBIKOV, AYUR |
| **ADDRESS:** 2064 W 167TH | **ATTORNEY:** BOBOVA JULIA |
| **CITY:** MARKHAM | **ADDRESS:** 2064  DUNDEE RD STE 1604 |
| **STATE:** IL   **ZIP CODE:** 60428 | **CITY:** NORTHBROOK |
| **ATTACHED FEE AMT:** | **STATE:** IL   **ZIP CODE:** 60062 |
| **SERVICE INFORMATION:** | |

**I CERTIFY THAT I SERVED THE DEFENDANT/RESPONDENT AS FOLLOWS:**

☐ **(1) PERSONAL SERVICE:** BY LEAVING A COPY OF THE WRIT/ORDER WITH THE DEFENDANT/RESPONDENT PERSONALLY, AND INFORMING DEFENDANT/RESPONDENT OF CONTENTS.

☐ **(2) SUBSTITUTE SERVICE:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH A FAMILY MEMBER OR PERSON RESIDING THERE, 13 YEARS OR OLDER, AND INFORMING THAT PERSON OF THE CONTENTS OF THE SUMMONS. ALSO, A COPY OF THE SUMMONS WAS MAILED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE ON THE  DAY OF _ 20.

☐ **(3) UNKNOWN OCCUPANTS:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT NAMING "UNKNOWN OCCUPANTS" WITH A PERSON OF THE AGE OF 13 OR UPWARDS OCCUPYING SAID PREMISE.

☑ **(4) CORP/CO/BUS/PART:** BY LEAVING THE APPROPRIATE NUMBER OF COPIES OF THE SUMMONS, COMPLAINTS, INTERROGATORIES, JUDGMENTS, CERTIFICATIONS AND NOTICES WITH THE REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT CORPORATION ____COMPANY____BUSINESS _____ PARTNERSHIP __

☐ **(5) PROPERTY RECOVERED:** NO ONE PRESENT TO RECEIVE ORDER OF COURT. ORDER POSTED IN PLAIN VIEW.

☐ **(6) S.O.S/D.O.I.:** BY LEAVING THE SUMMONS AND COMPLAINT WITH THE SECRETARY OF THE STATE/DIRECTOR OF INSURANCE OF THE STATE OF ILLINOIS, AN AGENT OF SAID DEFENDANT LISTED ABOVE. ANY AGENT OF SAID CORPORATION NOT FOUND IN THE COUNTY OF COOK.

☐ **(7) CERTIFIED MAIL**

**** COMPLETE THIS SECTION IF WRIT IS A THIRD PARTY CITATION/GARNISHMENT ****

**(8)** AND BY MAILING ON THE ___ DAY OF _____ 20 ____ A COPY OF THE THIRD PARTY GARNISHMENT/CITATON SUMMONS AND NOTICE TO THE JUDGMENT DEBTOR'S LAST KNOWN ADDRESS AS INDICATED IN THE NOTICE WITHIN (2) BUSINESS DAYS OF SERVICE UPON GARNISHEE/THIRD PARTY DEFENDANT.

**THE NAMED DEFENDANT WAS NOT SERVED FOR THE GIVEN REASON BELOW:**

| | | |
|---|---|---|
| ☐ (01) NO CONTACT | ☐ (05) WRONG ADDRESS | ☐ (09) DECEASED |
| ☐ (02) MOVED | ☐ (06) NO SUCH ADDRESS | ☐ (10) NO REGISTED AGENT |
| ☐ (03) EMPTY LOT | ☐ (07) EMPLOYER REFUSAL | ☐ (11) OUT OF COOK COUNTY |
| ☐ (04) NOT LISTED | ☐ (08) CANCELLED BY PLAINTIFF ATTY | ☐ (12) OTHER REASON (EXPLAIN) |

**EXPLANATION:**

**WRIT SERVED ON:**  SERGE ZHUKOE         **ATTEMPTED SERVICES**

**SEX:** M  **RACE:** WH  **AGE:** 40          Date      Time      Star #

**THIS** 05 **DAY OF** March 20 19

**TIME:** 8:23 AM

THOMAS J. DART,
SHERIFF, BY: /S/   MENTZ, CHARLEY #10550            , DEPUTY



**SHERIFF'S OFFICE OF COOK COUNTY**
**AFFIDAVIT OF SERVICE**

**CASE NUMBER:** 2019CH01814    **SHERIFF NUMBER:** 03019294    **MULT. SER.:** 4    **DOC. TYPE:** CHAN

**DIE DATE:** 03/06/2019    **RECEIVED DATE:** 02/11/2019    **FILED DATE:** 02/13/2019    **DIST:** 428

Date       Time       Star #

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| AYUR TSYBIKOV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2019 CH 01814 |
| | ) | |
| OLEKSANDR DOVGAL, | ) | |
| ALINA KIM, | ) | |
| DVL EXPRESS INC, | ) | |
| ALTEX LOGISTICS INC | ) | |
| Defendants. | ) | |

## NOTICE OF FILING

TO:   Oleksandr Dovgal
      2064 W. 167th Str.,
      Markham, IL 60428

TO:   Alina Kim
      2064 W. 167th, Str.,
      Markham, IL 60428

TO:   DVL Express Inc
      2064 W. 167th Str.,
      Markham, IL 60428

TO:   Altex Logisitics Inc
      2064 W. 167th Str.,
      Markham, IL 60428

Please take notice that on April 4, 2019 I caused to be filed with the Clerk of the Circuit Court of Cook County the attached documents: Plaintiff's Motion for Default Judgment.

Julia Bikbova
Bikbova Law Offices, P.C.
666 Dundee Road, Suite 1604
Northbrook, IL 60062
Phone (847) 730-1800
Fax (847) 272-8779
Email: julia@bikbovalaw.com
Cook County: 49938

*Julia Bikbova*
Attorney for Plaintiff

FILED
4/5/2019 1:52 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01814

## PROOF OF SERVICE

I, Julia Bikbova, certify that I caused this Notice and to be served by email to above referenced recipients, mailing this notice to opposing counsel and the court, identified herein and by depositing true copies of same with proper postage prepaid in the U.S. Mail depository at 666 Dundee Road, 1604 Northbrook, IL 60062 on April 4, 2019 at 7:00pm

*Julia Bikbova*

Julia Bikbova, Attorney for Plaintiff

Bikbova Law Offices PC
666 Dundee Road, Suite 1604
Northbrook, IL 60062
Office: 847-730-1800
Cook County: 49938

FILED
4/5/2019 1:52 PM
DOROTHY BROV
CIRCUIT CLERK
COOK COUNT
2019CH01814

FILED DATE: 4/5/2019 1:52 PM  2019CH01814

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| AYUR TSYBIKOV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:    2019 CH 01814 |
| | ) | Calendar 5 |
| OLEKSANDR DOVGAL, | ) | |
| ALINA KIM, | ) | |
| DVL EXPRESS INC, | ) | |
| ALTEX LOGISTICS INC | ) | |
| Defendants. | ) | |

## NOTICE OF MOTION

TO:    Oleksandr Dovgal
      2064 W. 167th Str.,
      Markham, IL 60428

TO:    Alina Kim
      2064 W. 167th, Str.,
      Markham, IL 60428

TO:    DVL Express Inc
      2064 W. 167th Str.,
      Markham, IL 60428

TO:    Altex Logisitics Inc
      2064 W. 167th Str.,
      Markham, IL 60428

On April 18th , 2019 I shall appear before the Honorable Judge Neil H. Cohen or any judge sitting in his or her stead at 10:00 am or as soon thereafter as counsel may be heard in courtroom 2308 in the Chancery Division Richard J Daley Center 50 W Washington, Chicago, IL 60602 or in a courtroom otherwise designated on that date in the Courthouse for the Circuit Court of Cook County, Illinois, and shall then and there present the enclosed Plaintiff's Motion for Default Judgment.

*Julia Bikbova*

Julia Bikbova, Attorney for Plaintiff

**PROOF OF SERVICE**

I, Julia Bikbova, certify that I caused this Notice and to be served by email to above referenced recipients, mailing this notice to opposing counsel and the court, identified herein and by depositing true copies of same with proper postage prepaid in the U.S. Mail depository at 666 Dundee Road, 1604 Northbrook, IL 60062 on April 4, 2019 at 7:00pm

*Julia Bikbova*
Julia Bikbova, Attorney for Plaintiff

Bikbova Law Offices PC
666 Dundee Road, Suite 1604
Northbrook, IL 60062
Office: 847-730-1800
Cook County: 49938

FILED DATE: 4/5/2019 1:52 PM 2019CH01814

FILED
4/5/2019 1:52 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01814

FILED DATE: 4/5/2019 1:52 PM   2019CH01814

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| AYUR TSYBIKOV, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2019CH01814 |
| | ) |
| OLEKSANDR DOVGAL, | ) |
| ALINA KIM, | ) |
| DVL EXPRESS INC, | ) |
| ALTEX LOGISTICS INC | ) |
| Defendants. | ) |
| Defendants. | ) |

## MOTION FOR DEFAULT JUDGMENT

NOW COMES Ayur Tsybikov ("Plaintiff"), pursuant to Rule 2-1301 of the Illinois Code of Civil Procedure, 735 ILCS 5/2-1301, and moves this Court for the entry of a Default Judgment in his favor and in favor of all putative class members and against Defendants Oleksandr Dovgal, Alina Kim, DVL Express Inc., Altex Logistics Inc. ("Defendants"), and in support thereof, states as follows:

1. On February 13, 2019, Plaintiff filed his Class Action Complaint in this matter. The Complaint was brought pursuant to Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/ for misclassification of Plaintiffs and class members and non-payment of earned wages and compensation to Plaintiff and others similarly situated during the relevant times within the applicable statute of limitation. Additionally, Plaintiff brought the Complaint pursuant to counts of Common Law Fraud, Civil Conspiracy, Equitable Relief of Declaratory Judgment, Equitable Relief of Accounting and an Equitable Claim for Unjust Enrichment.

1

FILED DATE: 4/5/2019 1:52 PM   2019CH01814

2. On March 5, 2019, Defendants were duly served with copies of the Complaint and Summons. A copy of the docket sheet is attached hereto as *Exhibit E*.

3. On February 24, 2019, Plaintiff filed his Motion for Class Certification Pursuant to Rule 5/2-801 of the Illinois Code of Civil Procedure.

4. Pursuant to Supreme Court Rule 181(b)(1), Defendants were required to file their appearance and answer to the Complaint, or otherwise plead, no later than April 2, 2019.

5. As of the date of this Motion, the April 2, 2019 deadline has passed, and neither one of the afore-stated Defendants has filed an appearance nor an answer in this matter.

6. Further, the undersigned counsel for Plaintiff is the only Attorney who has filed an appearance in this pending matter.

7. Thus, all four Defendants, Oleksandr Dovgal, Alina Kim, DVL Express Inc., Altex Logistics Inc., are in default.

8. Moreover, the "damages" allegations of the Complaint are based on a sum certain or a sum that can be made certain by computation, and therefore, the judgment should be entered without the necessity of a further hearing.

9. Specifically, Plaintiff and all putative class members claimed damages in the Complaint as follows:

10. For Count I, Violations of the IWPCA, Misclassification under s2 IWPCA, Plaintiff and others similarly situated claimed compensatory damages in excess of $5,000.000.00, as well as and punitive damages in excess of $5,000,000.00.

11. For Count II, Violations of the IWPCA, Unlawful, Unauthorized Deductions, Untimely Compensation, Withholding of Compensation, and Non-Payment of Final Compensation,

FILED DATE: 4/5/2019 1:52 PM   2019CH01814

Plaintiff and others similarly situated claimed compensatory damages in excess of $5,000,000.00 and punitive damages in excess of $5,000,000.00.

12. For Count III, Common Law Fraud, Plaintiff and others similarly situated claimed compensatory and punitive damages in excess of $6,500,000.00.

13. For Count IV, Civil Conspiracy, Plaintiff and others similarly situated claimed compensatory and punitive damages in excess of $16,500,000.00

14. The undersigned counsel has expended a significant amount of time performing a thorough investigation of the material facts underlying the Complaint, consulting with clients and relevant witnesses, as well as in preparing and filing the multi-count Class Action Complaint, filing the Summons, and filing the Motion to Certify Class. To date, undersigned counsel, Julia Bikbova of Bikbova Law Offices, P.C., has incurred $8,250.00 in attorney's fees and $1,100 in filing fees.

15. The total sum for which Defendants are liable is $16,500,000.00 in compensatory damages, attorney's fees, interest, and filing fees, in addition to punitive damages as this court sees fit.

16. Pursuant to Section 13 of the Illinois Wage Payment and Collection Act, 820 ILCS 115.12, individual Defendants, Sergiy Bazylyuk and Tetyana Bazylyuk, are liable individually and severally for the entire sum which the corporate Defendants are also liable for.

17. Defendants are in default as to the underlying Class Action Complaint, as well as Plaintiff's Motion to Certify Class.

WHEREFORE, Plaintiff, Ayur Tsybikov, respectfully requests that the Court:

3

FILED DATE: 4/5/2019 1:52 PM   2019CH01814

A.  Enter a judgment in default against Defendants Oleksandr Dovgal, Alina Kim, DVL Express Inc., Altex Logistics Inc., as to Plaintiff's underlying Class Action Complaint;

B.  Enter a judgment in default against Defendants Oleksandr Dovgal, Alina Kim, DVL Express Inc., Altex Logistics Inc., as to Plaintiff's underlying Motion to Certify Class;

C.  Declares the class, as represented by Named Plaintiff, to be defined as:

*"All persons who have worked for Defendant companies as truck drivers and truck driver trainees in Illinois or otherwise have driven Defendant companies', their predecessors', successors', subsidiaries' and/or affiliated companies' trucks at any time during the relevant statutory period, and who entered into an Independent Contractor agreement individually or on behalf of another entity, and personally provided freight cargo transportation services pursuant to that Agreement for Defendant companies and who have not been classified as employees of Defendant companies".* (Count I).

*"All persons who have worked for Defendant companies as truck drivers and truck driver trainees in Illinois or otherwise have driven Defendant companies', their predecessors', successors', subsidiaries' and/or affiliated companies' trucks at any time during the relevant statutory period, and personally provided freight cargo transportation services pursuant to that Agreement for Defendant companies and who have not been classified as employees of Defendant companies", to whom the Individual Defendant made numerous misrepresentations of material facts or from whom the material facts were withheld, and thus common law fraud was perpetrated against them."* (Count II).

*"All persons who have worked for Defendant companies as truck drivers and truck driver trainees in Illinois or otherwise have driven Defendant companies', their predecessors', successors', subsidiaries' and/or affiliated companies' trucks at any time during the relevant statutory period, and personally provided freight cargo transportation services pursuant to that Agreement for Defendant companies and who have not been classified as employees of Defendant companies", against whom the Individual Defendants, on behalf of themselves and their Defendant companies, committed Civil Conspiracy to violate IWPCA and perpetrate Common Law Fraud."* (Count III).

*"All persons who have worked for Defendant companies as truck drivers and truck driver trainees in Illinois or otherwise have driven Defendant companies', their predecessors',*

4

FILED DATE: 4/5/2019 1:52 PM 2019CH01814

*successors', subsidiaries' and/or affiliated companies' trucks at any time during the relevant statutory period, and personally provided freight cargo transportation services pursuant to that Agreement for Defendant companies and who have not been classified as employees of Defendant companies", who are entitled to Declaratory Judgement as to the current employees that they are unlawfully misclassified and are therefore employees and not independent contractors and are entitled to all compensation they earned without any unjustified deductions."* (Count IV).

*"All persons who have worked for Defendant companies as truck drivers and truck driver trainees in Illinois or otherwise have driven Defendant companies', their predecessors', successors', subsidiaries' and/or affiliated companies' trucks at any time during the relevant statutory period, and personally provided freight cargo transportation services pursuant to that Agreement for Defendant companies and who have not been classified as employees of Defendant companies", who are entitled to Order for Accounting by Defendants to determine all freight confirmations pursuant to which the compensation was to be made, original log books pursuant to which the compensation per mile was to be made, and all records of earned compensation, paid or unpaid."* (Count V).

*"All persons who have worked for Defendant companies as truck drivers and truck driver trainees in Illinois or otherwise have driven Defendant companies', their predecessors', successors', subsidiaries' and/or affiliated companies' trucks at any time during the relevant statutory period, and personally provided freight cargo transportation services pursuant to that Agreement for Defendant companies and who have not been classified as employees of Defendant companies", who are entitled to full compensation for all benefits confirmed upon the Defendants, corporate and individual, based on the Unjust Enrichment equitable relief basis."* (Count VI).

D. Order Defendants to pay the Plaintiff and all class members a judgment of $16,500,000.00 in compensatory damages, attorney's fees, interest, and filing fees, in addition to punitive damages as this court sees fit;

E. Order Defendants to pay Plaintiff's reasonable attorney's fees incurred in the instant matter; and

F. Grant Plaintiff and all putative class members such other relief as may be just and proper under circumstances.

Dated: April 4, 2019

Respectfully submitted,

5

AYUR TSYBIKOV

 /s/ Julia Bikbova
Julia Bikbova, Attorney for Plaintiff

Julia Bikbova
Bikbova Law Offices, P.C.
666 Dundee Rd., Suite 1604
Northbrook, IL 60062
Office: 847.730.1800
julia@bikbovalaw.com
Cook County: 49938

FILED DATE: 4/5/2019 1:52 PM 2019CH01814

6

4/4/2019
Cook County Sheriff Civil Process
Return Date: No return date scheduled
Hearing Date: 4/18/2019 10:00 AM - 10:00 AM
Courtroom Number: N/A
Location: District 1 Court
Cook County, IL

FILED DATE: 4/4/2019 4:47 PM   2019CH01814

# Cook County
# SHERIFF
## THOMAS J DART

## Civil Process
## Service Lookup

FILED
4/4/2019 4:47 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01814

## Search Results:

| Sheriff # | Name | Address | Status |
|-----------|------|---------|--------|
| 03019291 | DVL EXPRESS INC | 2064 W 167TH ST ST, MARKHAM, IL 60428 | SERVED |

**Service Date/Time:**   3/5/2019   8:21:00 AM

Service Type:   Service on a Corporation/Company/Business/Partnership

Served on:   SERGE ZHUKOE , White male

Remarks:   FRONT OFFICE

Search Again

By using this search tool, you acknowledge that you understand that it is solely your responsibility to verify any information you may obtain herein before relying on said information for any type of legal action.

Cook County Sheriff's Office Civil Division • 50 W. Washington, Room 701
Chicago, IL 60602 • **(312) 603-3365**



EXHIBIT

Return Date: No return date scheduled
Hearing Date: 4/18/2019 10:00 AM - 10:00 AM
Courtroom Number: N/A
Location: District 1 Court
      Cook County, IL

FILED
4/4/2019 4:47 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01814

*(sidebar, left margin)* FILED DATE: 4/4/2019 4:47 PM   2019CH01814

# Cook County
## SHERIFF
### THOMAS J DART

## Civil Process
## Service Lookup

## Search Results:

| Sheriff # | Name | Address | Status |
|---|---|---|---|
| 03019292 | DOVGAL, OLEKSANDR | 2064 W 167TH ST ST, MARKHAM, IL 60428 | SERVED |

**Service Date/Time:**      3/5/2019    8:20:00 AM
Service Type:      Substitute Service
Served on:      SERGE ZHUKOE , White male
Remarks:      FRONT OFFICE

[ Search Again ]

By using this search tool, you acknowledge that you understand that it is solely your responsibility to verify any information you may obtain herein before relying on said information for any type of legal action.

Cook County Sheriff's Office Civil Division • 50 W. Washington, Room 701
Chicago, IL 60602 • **(312) 603-3365**


EXHIBIT
B
tabbies

Return Date: No return date scheduled
Hearing Date: 4/16/2019 10:00 AM - 10:00 AM
Courtroom Number: N/A
Location: District 1 Court
　Cook County, IL

FILED
4/4/2019 4:47 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01814

**Cook County**
**SHERIFF**
THOMAS J DART

**Civil Process**
**Service Lookup**

## Search Results:

| Sheriff # | Name | Address | Status |
|-----------|------|---------|--------|
| 03019293 | KIM, ALINA | 2064 W 167TH ST ST, MARKHAM, IL 60428 | SERVED |

**Service Date/Time:**          3/5/2019   8:22:00 AM
Service Type:                Substitute Service
Served on:                   SERGE ZHUKOE , White male
Remarks:                     FRONT OFFICE

[ Search Again ]

By using this search tool, you acknowledge that you understand that it is solely your
responsibility to verify any information you may obtain herein before relying on said
information for any type of legal action.

Cook County Sheriff's Office Civil Division • 50 W. Washington, Room 701
Chicago, IL 60602 • **(312) 603-3365**



EXHIBIT
C

Return Date: No return date scheduled
Hearing Date: 4/30/2019 10:00 AM - 10:00 AM
Courtroom Number: N/A
Location: District 1
Cook County, IL

FILED DATE: 4/4/2019 4:47 PM 2019CH01814

## Cook County SHERIFF
### THOMAS J DART

## Civil Process
## Service Lookup

FILED
4/4/2019 4:47 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01814

## Search Results:

| Sheriff # | Name | Address | Status |
|-----------|------|---------|--------|
| 03019294 | ALTEX LOGISTICS | 2064 W 167TH ST ST, MARKHAM, IL 60428 | SERVED |

**Service Date/Time:** 3/5/2019  8:23:00 AM

**Service Type:** Service on a Corporation/Company/Business/Partnership

**Served on:** SERGE ZHUKOE , White male

**Remarks:** FRONT OFFICE

Search Again

By using this search tool, you acknowledge that you understand that it is solely your responsibility to verify any information you may obtain herein before relying on said information for any type of legal action.

Cook County Sheriff's Office Civil Division • 50 W. Washington, Room 701
Chicago, IL 60602 • **(312) 603-3365**


EXHIBIT
D

1/1



Return Date: No return date scheduled
Hearing Date: 4/18/2019 9:00 AM - 9:00 AM
Courtroom Number: N/A
Location: District 1 Court
Cook County, IL

FILED DATE: 4/4/2019 4:47 PM　2019CH01814

# Cook County
# Clerk of the Circuit Court
### Electronic Docket Search
Chancery, Domestic/Child Support, Civil and Law Division

4/4/2019
EXHIBIT
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01814

## Case Information Summary for Case Number
## 2019-CH-01814

Filing Date: 02/13/2019                     Case Type: CLASS ACTION
Division: Chancery Division                 District: First Municipal
Ad Damnum: $0.00                            Calendar: 05

### Party Information

**Plaintiff(s)**                            **Attorney(s)**
TSYBIKOV AYUR                               BIKBOVA JULIA
                                            666 DUNDEE RD #1604
                                            NORTHBROOK IL, 60062
                                            (847) 730-1800

**Defendant(s)**          **Defendant Date of Service**    **Attorney(s)**
ALTEX LOGISTICS INC
DOVGAL OLEKSANDR
DVL EXPRESS INC
KIM ALINA

### Case Activity

Activity Date: 02/13/2019                   Participant: TSYBIKOV AYUR

CLASS ACTION COMPLAINT FILED

Court Fee: 368.00                           Attorney: BIKBOVA JULIA

Activity Date: 02/13/2019                   Participant: TSYBIKOV AYUR

SUMMONS ISSUED AND RETURNABLE

                                            Attorney: BIKBOVA JULIA

Activity Date: 02/13/2019                   Participant: TSYBIKOV AYUR

SUMMONS ISSUED AND RETURNABLE

                                            Attorney: BIKBOVA JULIA

Activity Date: 02/13/2019                   Participant: TSYBIKOV AYUR

SUMMONS ISSUED AND RETURNABLE

FILED DATE: 4/4/2019 4:47 PM   2019CH01814

Attorney: BIKBOVA JULIA

Activity Date: 02/13/2019        Participant: TSYBIKOV AYUR

SUMMONS ISSUED AND RETURNABLE

Attorney: BIKBOVA JULIA

Activity Date: 02/13/2019        Participant: TSYBIKOV AYUR

NOTICE OF FILING FILED

Attorney: BIKBOVA JULIA

Activity Date: 02/13/2019        Participant: TSYBIKOV AYUR

CASE SET ON CASE MANAGEMENT CALL

Date: 06/13/2019        Judge: COHEN, NEIL H.

Court Time: 0930        Attorney: BIKBOVA JULIA

Activity Date: 02/14/2019        Participant: TSYBIKOV AYUR

AFFIDAVIT FILED

Attorney: BIKBOVA JULIA

Activity Date: 02/14/2019        Participant: TSYBIKOV AYUR

SUMMONS ISSUED AND RETURNABLE

Attorney: BIKBOVA JULIA

Activity Date: 02/14/2019        Participant: TSYBIKOV AYUR

SUMMONS ISSUED AND RETURNABLE

Attorney: BIKBOVA JULIA

Activity Date: 02/14/2019        Participant: TSYBIKOV AYUR

NOTICE OF FILING FILED

Attorney: BIKBOVA JULIA

Activity Date: 02/14/2019        Participant: TSYBIKOV AYUR

MOTION FILED

Attorney: BIKBOVA JULIA

Activity Date: 02/15/2019        Participant:

MOTION SCHEDULED (MOTION COUNTER ONLY)

Court Time: 1000

Activity Date: 02/15/2019                                    Participant:

MOTION SCHEDULED (MOTION COUNTER ONLY)

Date: 02/25/2019
Court Time: 1000                        Attorney: BIKBOVA JULIA

Activity Date: 02/15/2019                    Participant: TSYBIKOV AYUR

AFFIDAVIT FILED

Attorney: BIKBOVA JULIA

Activity Date: 02/15/2019                    Participant: TSYBIKOV AYUR

NOTICE OF MOTION FILED

Attorney: BIKBOVA JULIA

Activity Date: 02/19/2019                                    Participant:

MOTION SCHEDULED (MOTION COUNTER ONLY)

Date: 02/26/2019
Court Time: 1000                        Attorney: BIKBOVA JULIA

Activity Date: 02/25/2019                    Participant: TSYBIKOV

CONTINUANCE - ALLOWED -

Date: 06/13/2019
Court Time: 0930                        Judge: COHEN, NEIL H.
Court Room: 2308

Activity Date: 03/05/2019                    Participant: DVL EXPRESS INC

SUMMONS - RETD P.S.

Date: 03/05/2019

Activity Date: 03/05/2019                    Participant: DOVGAL OLEKSANDR

SUMMONS - RETD P.S.

Date: 03/05/2019

Activity Date: 03/05/2019                    Participant: KIM ALINA

SUMMONS - RETD P.S.

Date: 03/05/2019

Activity Date: 03/05/2019                                    Participant: ALTEX LOGISTICS INC

SUMMONS - RETD P.S.

Date: 03/05/2019

Back to Top

---

Please note: Neither the Circuit Court of Cook County nor the Clerk of the
Circuit Court of Cook County warrants the accuracy, completeness, or the currency
of this data. This data is not an official record of the Court or the Clerk and may
not be represented as an official court record.

If data does not appear in a specific field, we likely do not have the responsive data
in our master database.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

FILED
4/17/2019 2:47 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01814

4729201

AYUR TSYBIKOV,                          )
                                        )
        Plaintiff,                      )
                                        )
    vs.                                 )        No. 2019 CH 01814
                                        )
OLEKSANDR DOVGAL, ALINA KIM,            )
DVL EXPRESS INC. AND                    )
ALTEX LOGISTICS INC.,                   )
                                        )
        Defendants.                     )

**NOTICE OF FILING**

To:     Julia Bikbova
        Bikbova Law Offices PC
        666 Dundee Road
        Suite 1604
        Northbrook, Illinois 60062
        Email: julia@bikbovalaw.com

        PLEASE TAKE NOTICE that on the 17th day of April, 2019, this office caused to be filed with the Clerk of the above captioned court the attached *Appearance*, a copy of which is attached hereto and hereby served upon you.

                        KALCHEIM HABER, LLC

**CERTIFICATE OF SERVICE**

        The undersigned hereby certifies under penalties of perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, that the above Notice of Filing and attached document(s) were [  ] placed in the U.S. Mail properly addressed and mailed with first class postage prepaid; and/or [ x ] sent via electronic mail; and/or [ ] sent via facsimile to the party/parties at the address(es) set forth above on the 17th day of April, 2019, on or before the hour of 5:00 p.m.

Kalcheim Haber, LLC
Attorneys for Plaintiff
134 N. LaSalle Street, Suite 2100
Chicago, Illinois 60602
(312) 236-9445
Attorney No. 43719

FILED DATE: 4/17/2019 2:47 PM   2019CH01814

**12-Person Jury**

Return Date: No return date scheduled
Hearing Date: 4/18/2019 10:00 AM - 10:00 AM
Courtroom Number: N/A
Location: District 1 Court
     Cook County, IL

FILED
4/17/2019 2:47 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01814

FILED DATE: 4/17/2019 2:47 PM 2019CH01814

Appearance and Jury Demand *

4702(03/19) CCG 0009

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

County DEPARTMENT/ CH DISTRICT

Ayur Tsybikov,

           Plaintiff

v.

Oleksandr Dovgal, Alina Kim, DVL Express Inc. Altex Logistics Ir

           Defendant

Case No. 2019 CH 01814

Claimed $: _____

Return Date: _____ Time: _____

Court Date: _____ Room No.: _____

Richard J. Daley Center, Chicago, Illinois 60602
Address of Court District for Filing

## APPEARANCE AND JURY DEMAND *

☑ General Appearance
    0900 - Fee Paid
    0908 - Trial Lawyers Appearance - No Fee

☑ Jury Demand *
    1900 - Appearance and Jury Demand/Fee Paid
    1904 - Appearance and Jury Demand/No Fee Paid

    0904 - Fee Waived

☑ Twelve-person Jury
    Six-person Jury

The undersigned enters the appearance of:    Plaintiff    Defendant

Litigant's Name: All Named Defendants

Signature: _____

☑ Initial Counsel of Record    Pro Se (Self-represented)

    Additional Appearance    Substitute Appearance

• Atty. No.: 43719    Pro Se 99500

Name: Kalcheim Haber, LLC

Atty. for (if applicable):

Oleksandr Dovgal, Alina Kim, DVL Express, Inc. Altex Logistics

Address: 134 North LaSalle Street, Suite 2100

City: Chicago

State: IL  Zip: 60602  Phone: (312) 236-9445

Primary Email: mhaber@kalcheimhaber.com

\* Strike demand for trial by jury if not applicable.

I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the
Court to be in default for failure to plead.

2810 Rule 707 Out-of-State Counsel
(pro hac vice)

### IMPORTANT

*Once this Appearance form is filed, photocopies of this form must be sent to
all other parties named in this case (or to their attorneys) using either regular
mail, fax, email or personal delivery. (See Illinois Supreme Court Rules 11
and 13 for more information.)*

Pro Se Only:
    I have read and agree to the terms of Clerk's Office
    Electronic Notice Policy and choose to opt in to electronic
    notice from the Clerk's office for this case at this email address:

Email: _____

Attorney for    Plaintiff  • Defendant

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**

cookcountyclerkofcourt.org

Page 1 of 1

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Tsybikov, et al

     v.

DVL Express, Alexandr
Dovgal, Alina Kim,
Altex Logistics, Inc.

No. 2019 CH 01814

**ORDER**

This matter is coming to be heard on
Plaintiff's motion for Default Judgment; Defendants
having filed their appearance; it is hereby ordered
that:
① Defendants are granted 28 days to answer or
otherwise plead the Plaintiff's Class Action Complaint,
by May 16, 2019;
② Plaintiff's motion for Default Judgment is
withdrawn;
③ This matter is set for status on May 22, 2019
at 9:30 am in room 2308 of Daly Center.

Attorney No.: 49938
Name: Julia Bikbova
Atty. for: Plaintiff
Address: 666 Dundee Rd, St 1604
City/State/Zip: Northbrook, IL 60062
Telephone: 847-730-1800

ENTERED:

Dated: _____

```
    E N T E R E D
  Judge Neil H. Cohen-2021
      APR 18 2019
      DOROTHY BROWN
  CLERK OF THE CIRCUIT COURT
      OF COOK COUNTY, IL
      DEPUTY CLERK
```

_____   _____
Judge        Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Return Date: No return date scheduled
Hearing Date: 6/13/2019 9:30 AM - 9:30 AM
Courtroom Number: N/A
Location: District 1 Court
     Cook County, IL

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

FILED
5/9/2019 2:36 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01814

4996570

FILED DATE: 5/9/2019 2:36 PM   2019CH01814

AYUR TSYBIKOV,               )
                              )
     Plaintiff,             )
                              )
     v.                    )     Case No.  2019 CH 01814
                              )
OLEKSANDR DOVGAL,       )
ALINA KIM,                  )
DVL EXPRESS INC.,         )
ALTEX LOGISTICS INC.      )
                              )
     Defendants.         )

To:    Julia Bikbova
       Bikbova Law Offices, P.C.
       666 Dundee Road, Suite 1604
       Northbrook, IL 60062
       Via email to: Julia.bikbova@gmail.com

## NOTICE OF FILING

      PLEASE TAKE NOTICE that on May 9, 2019, this office caused to be filed with the Clerk of the above captioned court, **Defendants' Motion to Quash Service of Process**, a copy of which is attached and hereby served upon you.

                               _Jamie L. Ross_
                              KALCHEIM HABER, LLC
                              Attorneys for Defendants

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies under penalties of perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, that the above Notice of Filing and the above indicated document(s) were [ ] placed in the U.S. Mail properly addressed and mailed with first class postage prepaid; [ X ] sent via electronic mail; [ ] personally hand delivered and/or [ ] sent via facsimile to the party/parties at the address(es) set forth above on the 9th day of May, 2019, on or before the hour of 5:00 p.m.

                               _Jamie L. Ross_
                              KALCHEIM HABER, LLC

FILED DATE: 5/9/2019 2:36 PM   2019CH01814

KALCHEIM HABER, LLC
Attorneys for Defendants
134 North LaSalle Street, Suite 2100
Chicago, Illinois 60602
(312) 236-9445
Attorney No. 43719
mhaber@kalcheimhaber.com
cgaziano@kalcheimhaber.com
jross@kalcheimhaber.com

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

FILED
5/9/2019 2:36 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01814

4996570

FILED DATE: 5/9/2019 2:36 PM  2019CH01814

|  |  |
|---|---|
| AYUR TSYBIKOV, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2019 CH 01814 |
| | ) |
| OLEKSANDR DOVGAL, | ) |
| ALINA KIM, | ) |
| DVL EXPRESS INC., | ) |
| ALTEX LOGISTICS INC. | ) |
| | ) |
| Defendants. | ) |

## MOTION TO QUASH SERVICE OF PROCESS

NOW COMES the Defendants, OLEKSANDR DOVGAL ("Dovgal"), ALINA KIM

("Kim"), DVL EXPRESS, INC. ("DVL"), and ALTEX LOGISTICS, INC. ("Altex") (collectively,

"Defendants") by and through their attorneys, KALCHEIM HABER, LLC, and pursuant to 735 ILCS

5/2-301 moves this Honorable Court to quash service of process on Defendants, and in support thereof,

states as follows:

### Factual Background

1.      Plaintiff, AYUR TSYBIKOV ("Ayur") filed his Complaint in the Chancery Division of

the Circuit Court of Cook County on February 13, 2019 under Civil Action No. 2019-CH-01814 (the

"Complaint").

2.      The Complaint alleges seven causes of action and seeks class certification under 735 ILCS

5/2-801.

3.      Defendants consist of two individuals, Dovgal and Kim, and two corporations, DVL and

Altex, all of whom were purportedly served through "Serge Zhukoe", whose name was misspelled

FILED DATE: 5/9/2019 2 36 PM 2019CH01814

and is correctly spelled Sergii Zukov. This individual, as set forth in detail below, is neither a household member of either individual nor an authorized agent of either corporation.

4.     Defendants seek to quash service of process based upon a failure to follow the statutory requisites. Copies of all process filed in this action are attached hereto as **Group Exhibit A**, and the Defendants have not been served with any process, other than the documents attached hereto.

5.     The Affidavits of Service for Dovgal and Kim provide that they were served with substitute service by leaving a copy of the Summons and Complaint at their usual place of abode with an individual over the age of thirteen by the name of "Serge Zhukoe" on March 5, 2019.

6.     The address where this substituted service was purportedly made is 2064 West 167th Street, Markham, Illinois (the "Markham Property"). As the Affidavit of Sergii Zhukov ("Zhukov") attached hereto as **Exhibit B** and incorporated herein for all purposes, attests, the address where substitute service was allegedly made is a trucking repair center and is not the abode of either Dovgal or Alina.

7.     Moreover, as **Exhibit B** further indicates, Zukhov does not work for either corporate defendant. Instead, he is employed by a completely separate company, Markham Truck Center, a vehicle repair shop located in a separate unit from DVL.

8.     Alina does not reside at the Markham Property, as she attests in her Affidavit, a copy of which is attached hereto as **Exhibit C** and incorporated herein for all purposes. Instead, Unit A of the Markham Property is the business address for DVL.

9.     Dovgal does not reside at the Markham property. Instead, as he attests in his Affidavit attached hereto as **Exhibit D** and incorporated herein for all purposes, Unit A of the Markham Property is the business address for DVL.

10.     The Affidavits of Service for Altex and DVL, attached hereto in **Group Exhibit A**, reflect that service on both entities by "leaving the appropriate number of copies of the summons and

2

FILED DATE: 5/9/2019 2:36 PM  2019CH01814

complaints . . with the registered agent, authorized person or partner of the defendant corporation ...". *See* **Exhibit A**. Zhukov is identified as the individual upon whom service was made, although his name was incorrectly spelled.

11.     However, as Zhukov's Affidavit establishes, Zhukov does not work for either Altex or DVL, but for a separate entity entirely, Markham Truck Center. *See* **Exhibit B**.

12.     Significantly, Kim's Affidavit attests that she is both the President and registered agent of Altex. She further attests that Zhukov is not an agent or employee of Altex.

13.     Similarly, the Affidavit of Dovgal establishes that he is both the President and registered agent of DVL. *See* **Exhibit D**. His Affidavit further attests that Zhukov is not an employee or agent of DVL.

**Legal Argument**

14.     Pursuant to 735 ILCS 5/2-301, a defendant may contest service of process pursuant to the following procedure:

> "(a) Prior to the filing of any other pleading or motion other than as set forth in subsection (a-6), a party may object to the court's jurisdiction over the party's person, either on the ground that the party is not amenable to process of a court of this State or on the ground of insufficiency of process or insufficiency of service of process, by filing a motion to dismiss the entire proceeding or any cause of action involved in the proceeding or by filing a motion to quash service of process. Such a motion may be made singly or included with others in a combined motion, but the parts of a combined motion must be identified in the manner described in Section 2-619.1. Unless the facts that constitute the basis for the objection are apparent from papers already on file in the case, the motion must be supported by an affidavit setting forth those facts."

15.     In the instant case, Kim and Dovgal both contend that substitute service upon them was improper because the location where service was attempted was not the actual abode of either of these defendants.

16.     Service upon an individual may be made pursuant to 735 ILCS 5/2-203 as follows:

3

"(a) Except as otherwise expressly provided, service of summons upon an individual defendant shall be made (1) by leaving a copy of the summons with the defendant personally, (2) by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode ..."

17. The Affidavits of Service filed by Plaintiff claim to have effectuated abode service upon Dovgal and Kim at the Markham Property. *See* **Group Exhibit A**. However, "unlike personal service, abode service, also referred to as substitute service, does not carry the same presumption of validity since it is not the defendant himself being served, but someone in his stead living at his abode." *M.B. Financial Bank N.A. v. Ted & Paul*, LLC 2013 IL App (1st) 122077. Therefore, "no presumption of service arises where an individual defendant is not served in person." *People v. Mikow*, 58 Ill. App. 3d 780, 783 (1st Dist. 1978).

18. Here, Dovgal and Kim both submitted affidavits attesting to the fact that the Markham Property is not either defendant's abode. Further, both indicated they do not reside with Zhukov, so service upon him did not constitute substitute service. Accordingly, the Affidavits of Service purportedly attesting to substitute service on each of these individual defendants are rebutted, and service on Dovgal and Kim should be quashed. *See e.g. Prudential Property & Casualty, Ins. Co. v. Dickerson*, 202 Ill. App. 3d 180 (1st Dist. 1990) (defendant's affidavit attesting that he did not reside at premises where substitute service was effectuated was unrebutted and, therefore, trial court should have granted defendant's motion to quash.)

19. The purported service upon the corporate defendants, DVL and Altex, is similarly flawed and must be quashed. Indeed, the Affidavits of Kim and Dovgal reveal that the individual with whom the summonses and complaints were left, Zhukov, was not an agent, or even an employee, of either corporate defendant.

4

FILED DATE: 5/9/2019 2:36 PM   2019CH01814

20.     Service on a corporation is governed by 735 ILCS 5/2-204, which provides that:

"A private corporation may be served (1) by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State; or (2) in any other manner now or hereafter permitted by law. A private corporation may also be notified by publication and mail in like manner and with like effect as individuals ..."

21.     In the instant case, the Returns of Service for Altex and DVL do not specify whether the person with whom the summons and complaints were left, Zhukov, was a registered agent, authorized person or partner of either entity. *See* **Group Exhibit A**. This omission is not surprising, because we know from Zhukov's affidavit that he was none of those things. In fact, he was not even an employee of either corporation upon which service was attempted.

22.     The service on Altex and DVL, therefore, was clearly insufficient. Notably, "[w]hen a corporation is sued ... a sheriff's return as to the fact of agency is not conclusive." *Dei v. Tumari Food Mart, Inc.*, 406 Ill. App. 3d 856 (1st Dist. 2010). *See also, Giallanza v. Intercontinental Hotels Group*, 2004 U.S. Dist. Lexis 12950 at *4 (N.D. Ill. 2004) (plaintiff failed to establish that service upon corporation was proper under either Federal or Illinois state law when it could not establish that the "complaint and summons were served upon an officer, a managing or general agent, or any agent authorized by appointment or by law to receive service of process".)

23.     Here, the process for both corporate defendants, Altex and DVL, was left with an individual, Zhukov, whose Affidavit reveals that, not only is he not an agent or officer of either defendant, but also, he does not work for either corporation. *See* **Exhibit B**. Therefore, Zhukov cannot qualify as the registered agent, officer or agent of either entity.

24.     Accordingly, service upon both corporate defendants, Altex and DVL, was insufficient and should be quashed.

5

FILED DATE: 5/9/2019 2:36 PM   2019CH01814

WHEREFORE, the Defendants respectfully pray that this Honorable Court grant the following relief:

A.    Entry of an Order quashing the service of the summons and complaint in this matter on

each of the Defendants; and

B.    For such other and further relief as this Court deems just and equitable.

Respectfully submitted:

OLEKSANDR DOVGAL, ALINA KIM,
DVL EXPRESS INC., and ALTEX LOGISTICS
INC.

By _____
KALCHEIM HABER, LLC

KALCHEIM HABER, LLC
Attorneys for Defendants
134 North LaSalle Street
Suite 2100
Chicago, Illinois 60602
(312) 236-9445
Firm No. 43719

6

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
2/14/2019 1:26 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01814

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

Summons - Alias Summons                              (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Ayur Tsybikov
_____
                        (Name all parties)     Case No.    2019CH01814
                v.
OLEKSANDR DOVGAL, et al.

☑ SUMMONS      ☐ ALIAS SUMMONS

To each Defendant: **Alina Kim at 2064 W. 167th Str, Markham, IL 60428**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois     *Group*
cookcountyclerkofcourt.org                          **EXHIBIT**
Page 1 of 3                                                    *A*

Summons - Alias Summons                                    (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first
create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm
to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://
www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 49938

Atty Name: Julia Bikbova

Atty. for: Ayur Tsybikbov

Address: 666 Dundee Road, Suite 1604

City: Northbrook

State: IL    Zip: 60062

Telephone: 847-730-1800

Primary Email: julia@bikbovalaw.com

Witness: _____

2/14/2019 1:26 PM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with
Defendant or other person):

Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 2 of 3

CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

FILED DATE: 5/9/2019 2:36 PM  2019CH01814
FILED DATE 2/14/2019 1:28 PM  2019CH01814

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

**Daley Center Divisions/Departments**

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 3 of 3

Return Date: No return date scheduled
Hearing Date: 6/13/2019 9:30 AM - 9:30 AM
Courtroom Number: N/A
Location: District 1 Court
    Cook County, IL

FILED
2/13/2019 12:00 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01814

2120 - Served
2220 - Not Served
2320 - Served By Mail
2420 - Served By Publication
Summons - Alias Summons

2121 - Served
2221 - Not Served
2321 - Served By Mail
2421 - Served By Publication

(08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Ayur Tsybikov

        (Name all parties)

v.

OLEKSANDR DOVGAL, et al.

Case No. _____

☑ SUMMONS    ☐ ALIAS SUMMONS

To each Defendant: <u>Alina Kim at</u> 2033 Milwaukee Ave, Ste 354, Riverwoods, IL 60015

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 3

Summons - Alias Summons                                    (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 49938

Atty Name: Julia Bikbova

Atty. for: Ayur Tsybikbov

Address: 666 Dundee Road, Suite 1604

City: Northbrook

State: IL    Zip: 60062

Telephone: 847-730-1800

Primary Email: julia@bikbovalaw.com

2/13/2019 12:00 AM DOROTHY BROWN

Witness: _____

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

FILED DATE: 5/9/2019 2:36 PM 2019CH01814
FILED DATE: 2/13/2019 12:00 AM 2019CH01814

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

FILED DATE: 5/9/2019 2:36 PM 2019CH01814
FILED DATE: 2/13/2019 12:00 AM 2019CH01814

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Return Date: No return date scheduled
Hearing Date: 6/13/2019 9:30 AM - 9:30 AM
Courtroom Number: N/A
Location: District 1 Court
        Cook County, IL

FILED
2/13/2019 12:00 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01814

FILED DATE: 5/9/2019 2:36 PM  2019CH01814
FILED DATE: 2/13/2019 12:00 AM  2019CH01814

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| Summons - Alias Summons | (08/01/18) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Ayur Tsybikov

_____
(Name all parties)

v.

OLEKSANDR DOVGAL, et al.

Case No. 2 _____

☑ SUMMONS     ☐ ALIAS SUMMONS

To each Defendant: **Oleksandr Dovgal at 2064 W. 167th Str, Markham, IL 60428**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.



**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**

cookcountyclerkofcourt.org

Summons - Alias Summons                                      (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty No.: 49938

Atty Name: Julia Bikbova

Atty for: Ayur Tsybikov

Address: 666 Dundee Road, Suite 1604

City: Northbrook

State: IL       Zip: 60062

Telephone: 847-730-1800

Primary Email: julia@bikbovalaw.com

Witness: _____ 2/13/2019 12:00 AM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: _____

(To be inserted by officer on copy left with Defendant or other person):

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 2 of 3

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

FILED DATE: 5/9/2019 2:36 PM 2019CH01814
FILED DATE: 2/13/2019 12:00 AM 2019CH01814

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

Return Date: No return date scheduled
Hearing Date: 6/13/2019 9:30 AM - 9:30 AM
Courtroom Number: N/A
Location: District 1 Court
        Cook County, IL

FILED
2/13/2019 12:00 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01814

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| Summons - Alias Summons | (08/01/18) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Ayur Tsybikov

                (Name all parties)

v.

OLEKSANDR DOVGAL, et al.

Case No.   2019CH01814

☑ SUMMONS   ☐ ALIAS SUMMONS

To each Defendant: **DVL Express Inc at 2064 W. 167th Str, Markham, IL 60428**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.



Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 1 of 3

Summons - Alias Summons                                    (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 49938

Atty Name: Julia Bikbova

Atty. for: Ayur Tsybikov

Address: 666 Dundee Road, Suite 1604

City: Northbrook

State: IL    Zip: 60062

Telephone: 847-730-1800

Primary Email: julia@bikbovalaw.com

Witness: 2/13/2019 12:00 AM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service:
(To be inserted by officer on copy left with Defendant or other person):

Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org

FILED DATE: 5/9/2019 2:36 PM  2019CH01814
FILED DATE: 2/13/2019 12:00 AM  2019CH01814

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

FILED DATE: 5/9/2019 2:36 PM   2019CH01814
FILED DATE: 2/13/2019 12:00 AM   2019CH01814

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
2/14/2019 1:26 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01814

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| Summons - Alias Summons | (08/01/18) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Ayur Tsybikov

(Name all parties)

v.

OLEKSANDR DOVGAL, et al.

Case No. 2019CH01814

### ☑ SUMMONS  ☐ ALIAS SUMMONS

To each Defendant: **Altex Logistics** at 2064 W. 167th Str, Markham, IL 60428

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 3

Summons - Alias Summons           (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 49938

Atty Name: Julia Bikbova

Atty. for: Ayur Tsybikov

Address: 666 Dundee Road, Suite 1604

City: Northbrook

State: IL    Zip: 60062

Telephone: 847-730-1800

Primary Email: julia@bikbovalaw.com

Witness: _____

2/14/2019 1:26 PM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person).

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 2 of 3

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

FILED DATE: 5/9/2019 2:36 PM   2019CH01814
FILED DATE: 2/14/2019 1:26 PM   2019CH01814

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Return Date: No return date scheduled
Hearing Date: 6/13/2019 9:30 AM - 9:30 AM
Courtroom Number: N/A
Location: District 1 Court
    Cook County, IL

FILED
2/13/2019 12:00 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH01814

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

Summons - Alias Summons                         (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Ayur Tsybikov

                      (Name all parties)    Case No. 2019CH01814

v.

OLEKSANDR DOVGAL, et al.

☑ SUMMONS  ☐ ALIAS SUMMONS

2064 W. 167th Str., Markham, IL 6042c

To each Defendant: ~~Altex Logistics 2033 Milwaukee Ave, Ste 354, Riverwoods, IL 60015~~

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.



**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 3

FILED DATE: 5/9/2019 2 36 PM  2019CH01814



DIE DATE
03/06/2019

DOC.TYPE: CHANCERY
CASE NUMBER: 2019CH01814
DEFENDANT
ALTEX LOGISTICS
2064 W 167TH ST
MARKHAM, IL 60428
ST

SERVICE INF

ATTACHED

Summons - Alias Summons        (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

2/13/2019 12:00 AM DOROTHY BROWN

Atty. No.: 49938

Witness: _____

Atty Name: Julia Bikbova

Atty. for: Ayur Tsybikov

Address: 666 Dundee Road, Suite 1604

DOROTHY BROWN, Clerk of Court

City: Northbrook

State: IL    Zip: 60062

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

Telephone: 847-730-1800

Primary Email: julia@bikbovalaw.com

FILED DATE: 5/9/2019 2:36 PM 2019CH01814
FILED DATE: 2/13/2019 12:00 AM 2019CH01814

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

FILED DATE: 5/9/2019 2:36 PM 2019CH01814

FILED DATE: 2/13/2019 12:00 AM 2019CH01814

○   Richard J Daley Center
50 W Washington
Chicago, IL 60602

○   District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

○   District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○   District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

○   District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

○   District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

○   Domestic Violence Court
555 W Harrison
Chicago, IL 60607

○   Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

○   Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

○   Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

⊙   Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○   Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○   Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○   Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○   County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○   Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○   Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○   Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org



SHERIFF'S OFFICE OF COOK COUNTY
AFFIDAVIT OF SERVICE

FILED DATE: 5/9/2019 2:36 PM   2019CH01814

CASE NUMBER: 2019CH01814   SHERIFF NUMBER: 03019293   MULT. SER.: 4   DOC. TYPE: CHAN

DIE DATE: 03/06/2019   RECEIVED DATE: 02/11/2019   FILED DATE: 02/13/2019   DIST: 428

| | |
|---|---|
| DEFENDANT: KIM, ALINA | PLAINTIFF: TSYBIKOV AYUR |
| ADDRESS: 2064 W 167TH | ATTORNEY: BOBOVA JULIA |
| CITY: MARKHAM | ADDRESS: 2064 DUNDEE RD STE 1604 |
| STATE: IL   ZIP CODE: 60428 | CITY: NORTHBROOK |
| ATTACHED FEE AMT: | STATE: IL   ZIP CODE: 60062 |
| SERVICE INFORMATION: | |

I CERTIFY THAT I SERVED THE DEFENDANT/RESPONDENT AS FOLLOWS:

☐ **(1) PERSONAL SERVICE:** BY LEAVING A COPY OF THE WRIT/ORDER WITH THE DEFENDANT/RESPONDENT PERSONALLY, AND INFORMING DEFENDANT/RESPONDENT OF CONTENTS.

☒ **(2) SUBSTITUTE SERVICE:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH A FAMILY MEMBER OR PERSON RESIDING THERE, 13 YEARS OR OLDER, AND INFORMING THAT PERSON OF THE CONTENTS OF THE SUMMONS. ALSO, A COPY OF THE SUMMONS WAS MAILED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE ON THE 05 DAY OF March   2019.

☐ **(3) UNKNOWN OCCUPANTS:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT NAMING "UNKNOWN OCCUPANTS" WITH A PERSON OF THE AGE OF 13 OR UPWARDS OCCUPYING SAID PREMISE.

☐ **(4) CORP/CO/BUS/PART:** BY LEAVING THE APPROPRIATE NUMBER OF COPIES OF THE SUMMONS, COMPLAINTS, INTERROGATORIES, JUDGMENTS, CERTIFICATIONS AND NOTICES WITH THE REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT CORPORATION ____COMPANY____BUSINESS _____PARTNERSHIP ____

☐ **(5) PROPERTY RECOVERED:** NO ONE PRESENT TO RECEIVE ORDER OF COURT. ORDER POSTED IN PLAIN VIEW.

☐ **(6) S.O.S/D.O.I.:** BY LEAVING THE SUMMONS AND COMPLAINT WITH THE SECRETARY OF THE STATE/DIRECTOR OF INSURANCE OF THE STATE OF ILLINOIS, AN AGENT OF SAID DEFENDANT LISTED ABOVE. ANY AGENT OF SAID CORPORATION NOT FOUND IN THE COUNTY OF COOK.

☐ **(7) CERTIFIED MAIL**

**** COMPLETE THIS SECTION IF WRIT IS A THIRD PARTY CITATION/GARNISHMENT ****

**(8)** AND BY MAILING ON THE ___ DAY OF _____ 20 _____ A COPY OF THE THIRD PARTY GARNISHMENT/CITATON SUMMONS AND NOTICE TO THE JUDGMENT DEBTOR'S LAST KNOWN ADDRESS AS INDICATED IN THE NOTICE WITHIN (2) BUSINESS DAYS OF SERVICE UPON GARNISHEE/THIRD PARTY DEFENDANT.

---

THE NAMED DEFENDANT WAS NOT SERVED FOR THE GIVEN REASON BELOW:

☐ (01) NO CONTACT      ☐ (05) WRONG ADDRESS      ☐ (09) DECEASED
☐ (02) MOVED           ☐ (06) NO SUCH ADDRESS    ☐ (10) NO REGISTED AGENT
☐ (03) EMPTY LOT       ☐ (07) EMPLOYER REFUSAL   ☐ (11) OUT OF COOK COUNTY
☐ (04) NOT LISTED      ☐ (08) CANCELLED BY PLAINTIFF ATTY   ☐ (12) OTHER REASON (EXPLAIN)

EXPLANATION:

---

| | | |
|---|---|---|
| WRIT SERVED ON: SERGE ZHUKOE | | ATTEMPTED SERVICES |
| SEX: M   RACE: WH   AGE: 40 | | Date      Time      Star # |
| THIS 05 DAY OF March 20 19 | | |
| TIME: 8:22 AM | | |

THOMAS J. DART,

SHERIFF, BY: /S/   MENTZ, CHARLEY #10550   , DEPUTY



SHERIFF'S OFFICE OF COOK COUNTY
AFFIDAVIT OF SERVICE

CASE NUMBER: 2019CH01814    SHERIFF NUMBER: 03019293    MULT. SER.: 4    DOC. TYPE: CHAN

DIE DATE: 03/06/2019    RECEIVED DATE: 02/11/2019    FILED DATE: 02/13/2019    DIST: 428

| Date | Time | Star # |
| --- | --- | --- |

FILED DATE: 5/9/2019 2:36 PM  2019CH01814



**SHERIFF'S OFFICE OF COOK COUNTY**
**AFFIDAVIT OF SERVICE**

FILED DATE: 5/9/2019 2:36 PM  2019CH01814

CASE NUMBER: 2019CH01814    SHERIFF NUMBER: 03019292    MULT. SER.: 4    DOC. TYPE: CHAN

DIE DATE: 03/06/2019    RECEIVED DATE: 02/11/2019    FILED DATE: 02/13/2019    DIST: 428

| | |
|---|---|
| DEFENDANT: DOVGAL, OLEKSANDR | PLAINTIFF: TSYBIKOV, AYUR |
| ADDRESS: 2064 W 167TH | ATTORNEY: BOBOVA JULIA |
| CITY: MARKHAM | ADDRESS: 2064 DUNDEE RD STE 1604 |
| STATE: IL   ZIP CODE: 60428 | CITY: NORTHBROOK |
| ATTACHED FEE AMT: | STATE: IL   ZIP CODE: 60062 |

SERVICE INFORMATION:

**I CERTIFY THAT I SERVED THE DEFENDANT/RESPONDENT AS FOLLOWS:**

☐ **(1) PERSONAL SERVICE:** BY LEAVING A COPY OF THE WRIT/ORDER WITH THE DEFENDANT/RESPONDENT PERSONALLY, AND INFORMING DEFENDANT/RESPONDENT OF CONTENTS.

☑ **(2) SUBSTITUTE SERVICE:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH A FAMILY MEMBER OR PERSON RESIDING THERE, 13 YEARS OR OLDER, AND INFORMING THAT PERSON OF THE CONTENTS OF THE SUMMONS. ALSO, A COPY OF THE SUMMONS WAS MAILED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE ON THE 05 DAY OF March  2019.

☐ **(3) UNKNOWN OCCUPANTS:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT NAMING "UNKNOWN OCCUPANTS" WITH A PERSON OF THE AGE OF 13 OR UPWARDS OCCUPYING SAID PREMISE.

☐ **(4) CORP/CO/BUS/PART:** BY LEAVING THE APPROPRIATE NUMBER OF COPIES OF THE SUMMONS, COMPLAINTS, INTERROGATORIES, JUDGMENTS, CERTIFICATIONS AND NOTICES WITH THE REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT CORPORATION ____COMPANY____BUSINESS _____ PARTNERSHIP ___

☐ **(5) PROPERTY RECOVERED:** NO ONE PRESENT TO RECEIVE ORDER OF COURT. ORDER POSTED IN PLAIN VIEW.

☐ **(6) S.O.S/D.O.I.:** BY LEAVING THE SUMMONS AND COMPLAINT WITH THE SECRETARY OF THE STATE/DIRECTOR OF INSURANCE OF THE STATE OF ILLINOIS, AN AGENT OF SAID DEFENDANT LISTED ABOVE. ANY AGENT OF SAID CORPORATION NOT FOUND IN THE COUNTY OF COOK.

☐ **(7) CERTIFIED MAIL**
        **** COMPLETE THIS SECTION IF WRIT IS A THIRD PARTY CITATION/GARNISHMENT ****

**(8)** AND BY MAILING ON THE ___ DAY OF _____ 20 _____ A COPY OF THE THIRD PARTY GARNISHMENT/CITATON SUMMONS AND NOTICE TO THE JUDGMENT DEBTOR'S LAST KNOWN ADDRESS AS INDICATED IN THE NOTICE WITHIN (2) BUSINESS DAYS OF SERVICE UPON GARNISHEE/THIRD PARTY DEFENDANT.

**THE NAMED DEFENDANT WAS NOT SERVED FOR THE GIVEN REASON BELOW:**

| | | |
|---|---|---|
| ☐ (01) NO CONTACT | ☐ (05) WRONG ADDRESS | ☐ (09) DECEASED |
| ☐ (02) MOVED | ☐ (06) NO SUCH ADDRESS | ☐ (10) NO REGISTED AGENT |
| ☐ (03) EMPTY LOT | ☐ (07) EMPLOYER REFUSAL | ☐ (11) OUT OF COOK COUNTY |
| ☐ (04) NOT LISTED | ☐ (08) CANCELLED BY PLAINTIFF ATTY | ☐ (12) OTHER REASON (EXPLAIN) |

EXPLANATION:

| | ATTEMPTED SERVICES |
|---|---|
| WRIT SERVED ON: SERGE ZHUKOE | Date    Time    Star # |
| SEX: M   RACE: WH   AGE: 40 | |
| THIS 05 DAY OF March 20 19 | |
| TIME: 8:20 AM | |

THOMAS J. DART,
SHERIFF, BY: /S/   MENTZ, CHARLEY #10550              , DEPUTY

Page 1 of 2



SHERIFF'S OFFICE OF COOK COUNTY
AFFIDAVIT OF SERVICE

CASE NUMBER:  2019CH01814    SHERIFF NUMBER:  03019292    MULT. SER.:  4    DOC. TYPE:  CHAN

DIE DATE:  03/06/2019    RECEIVED DATE:  02/11/2019    FILED DATE:  02/13/2019    DIST:  428

| Date | Time | Star # |
|------|------|--------|

FILED DATE: 5/9/2019 2 36 PM  2019CH01814



## SHERIFF'S OFFICE OF COOK COUNTY
## AFFIDAVIT OF SERVICE

FILED DATE: 5/9/2019 2:36 PM  2019CH01814

CASE NUMBER: 2019CH01814   SHERIFF NUMBER: 03019291   MULT. SER.: 4   DOC. TYPE: CHAN

DIE DATE: 03/06/2019   RECEIVED DATE: 02/11/2019   FILED DATE: 02/13/2019   DIST: 428

| | |
|---|---|
| **DEFENDANT:** DVL EXPRESS INC | **PLAINTIFF:** TSYBIKOV, AYUR |
| **ADDRESS:** 2064 W 167TH | **ATTORNEY:** BOBOVA JULIA |
| **CITY:** MARKHAM | **ADDRESS:** 2064 DUNDEE RD STE 1604 |
| **STATE:** IL   **ZIP CODE:** 60428 | **CITY:** NORTHBROOK |
| **ATTACHED FEE AMT:** | **STATE:** IL   **ZIP CODE:** 60062 |

SERVICE INFORMATION:

**I CERTIFY THAT I SERVED THE DEFENDANT/RESPONDENT AS FOLLOWS:**

☐ **(1) PERSONAL SERVICE:** BY LEAVING A COPY OF THE WRIT/ORDER WITH THE DEFENDANT/RESPONDENT PERSONALLY, AND INFORMING DEFENDANT/RESPONDENT OF CONTENTS.

☐ **(2) SUBSTITUTE SERVICE:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH A FAMILY MEMBER OR PERSON RESIDING THERE, 13 YEARS OR OLDER, AND INFORMING THAT PERSON OF THE CONTENTS OF THE SUMMONS. ALSO, A COPY OF THE SUMMONS WAS MAILED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE ON THE _ DAY OF _ 20.

☐ **(3) UNKNOWN OCCUPANTS:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT NAMING "UNKNOWN OCCUPANTS" WITH A PERSON OF THE AGE OF 13 OR UPWARDS OCCUPYING SAID PREMISE.

☑ **(4) CORP/CO/BUS/PART:** BY LEAVING THE APPROPRIATE NUMBER OF COPIES OF THE SUMMONS, COMPLAINTS, INTERROGATORIES, JUDGMENTS, CERTIFICATIONS AND NOTICES WITH THE REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT CORPORATION ____ COMPANY ____ BUSINESS ____ PARTNERSHIP __

☐ **(5) PROPERTY RECOVERED:** NO ONE PRESENT TO RECEIVE ORDER OF COURT. ORDER POSTED IN PLAIN VIEW.

☐ **(6) S.O.S/D.O.I.:** BY LEAVING THE SUMMONS AND COMPLAINT WITH THE SECRETARY OF THE STATE/DIRECTOR OF INSURANCE OF THE STATE OF ILLINOIS, AN AGENT OF SAID DEFENDANT LISTED ABOVE. ANY AGENT OF SAID CORPORATION NOT FOUND IN THE COUNTY OF COOK.

☐ **(7) CERTIFIED MAIL**

**** COMPLETE THIS SECTION IF WRIT IS A THIRD PARTY CITATION/GARNISHMENT ****

**(8)** AND BY MAILING ON THE ___ DAY OF _____ 20 _____ A COPY OF THE THIRD PARTY GARNISHMENT/CITATON SUMMONS AND NOTICE TO THE JUDGMENT DEBTOR'S LAST KNOWN ADDRESS AS INDICATED IN THE NOTICE WITHIN (2) BUSINESS DAYS OF SERVICE UPON GARNISHEE/THIRD PARTY DEFENDANT.

**THE NAMED DEFENDANT WAS NOT SERVED FOR THE GIVEN REASON BELOW:**

| | | |
|---|---|---|
| ☐ (01) NO CONTACT | ☐ (05) WRONG ADDRESS | ☐ (09) DECEASED |
| ☐ (02) MOVED | ☐ (06) NO SUCH ADDRESS | ☐ (10) NO REGISTED AGENT |
| ☐ (03) EMPTY LOT | ☐ (07) EMPLOYER REFUSAL | ☐ (11) OUT OF COOK COUNTY |
| ☐ (04) NOT LISTED | ☐ (08) CANCELLED BY PLAINTIFF ATTY | ☐ (12) OTHER REASON (EXPLAIN) |

**EXPLANATION:**

WRIT SERVED ON: SERGE ZHUKOE                    ATTEMPTED SERVICES

SEX: M   RACE: WH   AGE: 40                    Date     Time     Star #

THIS 05 DAY OF March 20 19

TIME: 8:21 AM

THOMAS J. DART,

SHERIFF, BY: /S/   MENTZ, CHARLEY #10550          , DEPUTY



SHERIFF'S OFFICE OF COOK COUNTY
AFFIDAVIT OF SERVICE

CASE NUMBER:   2019CH01814   SHERIFF NUMBER:   03019291   MULT. SER.:   4   DOC. TYPE:   CHAN

DIE DATE:   03/06/2019   RECEIVED DATE:   02/11/2019   FILED DATE:   02/13/2019   DIST:   428

| Date | Time | Star # |
| --- | --- | --- |

Page 2 of 2



**SHERIFF'S OFFICE OF COOK COUNTY**
**AFFIDAVIT OF SERVICE**

FILED DATE: 5/9/2019 2:36 PM   2019CH01814

| CASE NUMBER: 2019CH01814 | SHERIFF NUMBER: 03019294 | MULT. SER.: 4 | DOC. TYPE: CHAN |
|---|---|---|---|

DIE DATE: 03/06/2019   RECEIVED DATE: 02/11/2019   FILED DATE: 02/13/2019   DIST: 428

| DEFENDANT: ALTEX LOGISTICS | PLAINTIFF: TSYBIKOV, AYUR |
|---|---|
| ADDRESS: 2064 W 167TH | ATTORNEY: BOBOVA, JULIA |
| CITY: MARKHAM | ADDRESS: 2064 DUNDEE RD STE 1604 |
| STATE: IL   ZIP CODE: 60428 | CITY: NORTHBROOK |
| ATTACHED FEE AMT: | STATE: IL   ZIP CODE: 60062 |

SERVICE INFORMATION:

I CERTIFY THAT I SERVED THE DEFENDANT/RESPONDENT AS FOLLOWS:

☐ **(1) PERSONAL SERVICE:** BY LEAVING A COPY OF THE WRIT/ORDER WITH THE DEFENDANT/RESPONDENT PERSONALLY, AND INFORMING DEFENDANT/RESPONDENT OF CONTENTS.

☐ **(2) SUBSTITUTE SERVICE:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH A FAMILY MEMBER OR PERSON RESIDING THERE, 13 YEARS OR OLDER, AND INFORMING THAT PERSON OF THE CONTENTS OF THE SUMMONS. ALSO, A COPY OF THE SUMMONS WAS MAILED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE ON THE DAY OF _ 20.

☐ **(3) UNKNOWN OCCUPANTS:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT NAMING "UNKNOWN OCCUPANTS" WITH A PERSON OF THE AGE OF 13 OR UPWARDS OCCUPYING SAID PREMISE.

☑ **(4) CORP/CO/BUS/PART:** BY LEAVING THE APPROPRIATE NUMBER OF COPIES OF THE SUMMONS, COMPLAINTS, INTERROGATORIES, JUDGMENTS, CERTIFICATIONS AND NOTICES WITH THE REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT CORPORATION ____COMPANY____BUSINESS _____ PARTNERSHIP ___

☐ **(5) PROPERTY RECOVERED:** NO ONE PRESENT TO RECEIVE ORDER OF COURT. ORDER POSTED IN PLAIN VIEW.

☐ **(6) S.O.S/D.O.I.:** BY LEAVING THE SUMMONS AND COMPLAINT WITH THE SECRETARY OF THE STATE/DIRECTOR OF INSURANCE OF THE STATE OF ILLINOIS, AN AGENT OF SAID DEFENDANT LISTED ABOVE. ANY AGENT OF SAID CORPORATION NOT FOUND IN THE COUNTY OF COOK.

☐ **(7) CERTIFIED MAIL**

**** COMPLETE THIS SECTION IF WRIT IS A THIRD PARTY CITATION/GARNISHMENT ****

**(8)** AND BY MAILING ON THE ___ DAY OF _____ 20 _____ A COPY OF THE THIRD PARTY GARNISHMENT/CITATON SUMMONS AND NOTICE TO THE JUDGMENT DEBTOR'S LAST KNOWN ADDRESS AS INDICATED IN THE NOTICE WITHIN (2) BUSINESS DAYS OF SERVICE UPON GARNISHEE/THIRD PARTY DEFENDANT.

---

**THE NAMED DEFENDANT WAS NOT SERVED FOR THE GIVEN REASON BELOW:**

| ☐ (01) NO CONTACT | ☐ (05) WRONG ADDRESS | ☐ (09) DECEASED |
|---|---|---|
| ☐ (02) MOVED | ☐ (06) NO SUCH ADDRESS | ☐ (10) NO REGISTED AGENT |
| ☐ (03) EMPTY LOT | ☐ (07) EMPLOYER REFUSAL | ☐ (11) OUT OF COOK COUNTY |
| ☐ (04) NOT LISTED | ☐ (08) CANCELLED BY PLAINTIFF ATTY | ☐ (12) OTHER REASON (EXPLAIN) |

EXPLANATION:

---

WRIT SERVED ON: SERGE ZHUKOE

SEX: M   RACE: WH   AGE: 40

THIS 05 DAY OF March 20 19

TIME: 8:23 AM

ATTEMPTED SERVICES
Date      Time      Star #

THOMAS J. DART,

SHERIFF, BY: /S/   MENTZ, CHARLEY #10550              , DEPUTY



SHERIFF'S OFFICE OF COOK COUNTY
AFFIDAVIT OF SERVICE

CASE NUMBER: 2019CH01814   SHERIFF NUMBER: 03019294   MULT. SER.: 4   DOC. TYPE: CHAN
DIE DATE: 03/06/2019   RECEIVED DATE: 02/11/2019   FILED DATE: 02/13/2019   DIST: 428

Date                    Time                         Star #

FILED DATE 5/9/2019 2:36 PM   2019CH01814

Page 2 of 2

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

AYUR TSYBIKOV,                          )
                                        )
    Plaintiff,                        )
                                        )
    v.                                )     Case No.  2019 CH 01814
                                        )
OLEKSANDR DOVGAL,                       )
ALINA KIM,                              )
DVL EXPRESS INC.,                       )
ALTEX LOGISTICS INC.                    )
                                        )
    Defendants.                       )

<u>**AFFIDAVIT OF SERGII ZHUKOV**</u>

STATE OF ILLINOIS          )
                           ) ss.
COUNY OF COOK              )

    I, SERGII ZHUKOV, being first duly sworn on oath, depose and state that the following is true to the best of my knowledge:

1.    I am over the age of eighteen and competent to testify to the matters stated herein.

2.    I am an employee of Markham Truck Center and I work at their offices located at **Unit D** of the building at 2064 West 167th Street, Markham, Illinois.

3.    I am the Shop Manager of Markham Truck Center.

4.    I have never been employed by DVL Express, Inc. ("DVL") or Altex Logistics, Inc. ("Altex").

5.    I do not conduct any business for DVL or Altex.

6.    I do not reside at the property known as 2064 West 167th Street, Markham, Illinois, and that address has never been my usual place of abode.



EXHIBIT
B

FILED DATE: 5/9/2019 2:36 PM  2019CH01814

FILED DATE: 5/9/2019 2:36 PM 2019CH01814

7.    I have never resided at the same location as OLEKSANDR DOVGAL or ALINA

KIM.

FURTHER YOUR AFFIANT SAYETH NOT.

Under penalties of perjury as provided by law pursuant to Section 5/1-109 of the Code of Civil Procedure (735 ILCS 5/1-109), the undersigned certifies that the statements set forth in this instrument are true and correct, except as to such matters based upon information and belief, and as to such matters the undersigned certifies as aforesaid that I verily believe the same to be true.

_____

SERGII ZHUKOV

Kalcheim Haber, LLC
Attorneys for Defendants
134 North LaSalle Street
Suite 2100
Chicago, Illinois 60602
(312) 236-9445
Attorney No. 43719

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

AYUR TSYBIKOV,                          )
                                        )
    Plaintiff,                      )
                                        )
    v.                              )       Case No.  2019 CH 01814
                                        )
OLEKSANDR DOVGAL,                       )
ALINA KIM,                              )
DVL EXPRESS INC.,                       )
ALTEX LOGISTICS INC.                    )
                                        )
    Defendants.                     )

## AFFIDAVIT OF ALINA KIM

STATE OF ILLINOIS       )
                        ) ss.
COUNY OF COOK           )

    I, ALINA KIM, being first duly sworn on oath, depose and state that the following is true to the best of my knowledge:

1.    I am over the age of eighteen and competent to testify to the matters stated herein.

2.    I am one of the Defendants in the above captioned action.

3.    I am the President of Altex Logistics, Inc. ("Altex").

4.    The corporate address for Altex is located in Burr Ridge, Illinois.

5.    I do not reside at the property known as 2064 West 167th Street, Markham, Illinois, and that address has never been my usual place of abode.

6.    Sergii Zhukov ("Zhukov") is not an officer or employee of Altex.

7.    Zhukov is an employee of an entity known as Markham Truck Center, which is located at **Unit D** of the building at 2064 West 167th Street, Markham, Illinois.

8.    Altex is a wholly separate entity from Markham Truck Center.



FILED DATE: 5/9/2019 2:36 PM   2019CH01814

9.    Zhukov has never been employed by Altex and is not an agent of Altex.

10.    Zhukov does not now, nor has he ever, resided with me at my usual place of abode.

FURTHER YOUR AFFIANT SAYETH NOT.

Under penalties of perjury as provided by law pursuant to Section 5/1-109 of the Code of Civil Procedure (735 ILCS 5/1-109), the undersigned certifies that the statements set forth in this instrument are true and correct, except as to such matters based upon information and belief, and as to such matters the undersigned certifies as aforesaid that I verily believe the same to be true.

_____
ALINA KIM

Kalcheim Haber, LLC
Attorneys for Defendants
134 North LaSalle Street
Suite 2100
Chicago, Illinois 60602
(312) 236-9445
Attorney No. 43719

FILED DATE: 5/9/2019 2:36 PM   2019CH01814

FILED DATE: 5/9/2019 2:36 PM  2019CH01814

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

AYUR TSYBIKOV,                          )
                                        )
    Plaintiff,                           )
                                        )
    v.                                   )    Case No. 2019 CH 01814
                                        )
OLEKSANDR DOVGAL,                       )
ALINA KIM,                              )
DVL EXPRESS INC.,                       )
ALTEX LOGISTICS INC.                    )
                                        )
    Defendants.                          )

## AFFIDAVIT OF OLEKSANDR DOVGAL

STATE OF ILLINOIS    )
                    ) ss.
COUNY OF COOK       )

    I, OLEKSANDR DOVGAL, being first duly sworn on oath, depose and state that the following is true to the best of my knowledge:

1.    I am over the age of eighteen and competent to testify to the matters stated herein.

2.    I am one of the Defendants in the above captioned action.

3.    I am the President of DVL Express, Inc. ("DVL").

4.    The corporate address for DVL is 2064 West 167th Street, **Unit A**, Markham, Illinois.

5.    I do not reside at the property known as 2064 West 167th Street, Markham, Illinois, and that address has never been my usual place of abode.

6.    Sergii Zhukov ("Zhukov") is not an officer or employee of DVL.

7.    Zhukov is an employee of an entity known as Markham Truck Center, which is located at **Unit D** of the building at 2064 West 167th Street, Markham, Illinois.



EXHIBIT
D

FILED DATE: 5/9/2019 2 36 PM  2019CH01814

8.      DVL is a wholly separate entity from Markham Truck Center.

9.      Zhukov has never been employed by DVL and is not an agent of DVL.

10.     Zhukov does not now, nor has he ever, resided with me at my usual place of abode.

FURTHER YOUR AFFIANT SAYETH NOT.

Under penalties of perjury as provided by law pursuant to Section 5/1-109 of the Code of Civil Procedure (735 ILCS 5/1-109), the undersigned certifies that the statements set forth in this instrument are true and correct, except as to such matters based upon information and belief, and as to such matters the undersigned certifies as aforesaid that I verily believe the same to be true.

_____
OLEKSANDR DONGAL

Kalcheim Haber, LLC
Attorneys for Defendants
134 North LaSalle Street
Suite 2100
Chicago, Illinois 60602
(312) 236-9445
Attorney No. 43719