UNITED STATES DISTRICT COURT
NORTHEN DISTRICT OF ILLINOIS

| | |
|---|---|
| AYUR TSYBIKOV, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-03334 |
| ) | |
| OLEKSANDR DOVGAL, ) | |
| ALINA KIM, DVL EXPRESS INC., ) | |
| ALTEX LOGISTICS INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT PURSUANT TO FED. R.
CIV. P. 12(b)(6)**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I | INTRODUCTION | 1 |
| II | STANDARD ON A MOTION TO DISMISS | 1 |
| III | ARGUMENT | 3 |
| | A. Count I: Violations of the Illinois Wage Payment and Collection Act | 3 |
| |     a. Plaintiff Fails to State a Cause of Action under the IWPCA | 3 |
| |     b. Plaintiff Fails to State a Cause of Action Against Defendants, Kim and Altex Under Joint Employer Liability | 3 |
| |     c. Plaintiff is Not an Employee in Illinois | 5 |
| | B. Count II: Fraud in the Inducement; Count III: Fraudulent Misrepresentation; Count IV: Fraudulent Concealment; Count V: Fraudulent Misrepresentation as to Defendant Companies Only, in Relation to Freight Confirmations | 5 |
| |     a. Plaintiff's Fraud Claims Fail to Meet Fed. R. Civ. P. 9(b)'s Pleading Standard and Otherwise Fail to State a Claim | 5 |
| |     b. Plaintiff's Fraud Claims Must Also Fail, Because He Has Failed to Allege a False Statement of Material Fact | 8 |
| |     c. Plaintiff's Fraudulent Concealment Claim Also Fails Because a Fiduciary Relationship Does Not Exist as a Matter of Law on the Facts as Plead | 8 |
| | C. Count IV: Civil Conspiracy | 9 |
| |     a. Plaintiff's Complaint Has Not Alleged that there are Co-Conspirators | 9 |
| |     b. Plaintiff's Complaint Fails to Allege an Underlying Act that is Independently Tortious | 10 |
| |     c. Plaintiff's Civil Conspiracy Claim Premised on Fraud Is Not Plead with Particularity and is Duplicative and Redundant | 10 |
| | D. Count VII: Declaratory Judgment | 11 |
| |     a. Plaintiff Lacks Standing to Assert a Claim for Declaratory Judgment | 11 |
| | E. Count VIII: Accounting | 12 |
| |     a. Plaintiff Fails to State a Cause of Action for Accounting as Plaintiff has an Adequate Remedy at Law | 12 |
| | F. Count IX: Unjust Enrichment | 13 |
| |     a. Plaintiff Fails to State a Cause of Action for Unjust Enrichment Because a Written Contract Exists | 13 |
| IV | CONCLUSIONS | 15 |

**POINTS AND AUTHORITIES**

**Cases**

*Adcock v. Brakegate, Ltd.* 9,10
  164 Ill.2d 54 (1994)
*Autotech Tech L.P. v. Automationdirect.com* 13
  471 F.3d 745 (7th Cir. Dec. 11, 2006)
*Bell Atl. Corp. v. Towmbly* 2
  550 U.S. 544 (2007)
*Brown v. County of Cook* 11
  549 F. Supp.2d 1026 (N.D. Ill. Apr. 4, 2008)
*Cohan v. Medline Indus., Inc.* 5
  170 F.Supp.3d 1162 (N.D. Ill. Mar. 21, 2016)
*Connick v. Suzuki Motor Co.* 8
  174 Ill.2d 482 (1996)
*Coronet Ins. Co. v. Seyfarth* 7
  665 F. Supp. 661 (N.D. Ill. 1987)
*Dahlin v. Jenner & Block, L.L.C.* 8
  2001 U.S. Dist. LEXIS 16370 (N.D. Ill. 2001)
*DiLeo v. Ernst & Young* 6, 11
  901 F.2d 624 (7th Cir. 1990)
*Doe v. Dilling* 6
  228 Ill.2d 324 (2008)
*Enger v. Chicago Carriage Cab Corp.* 3
  812 F.3d 565 (7th Cir. 2016)
*Enter. Recovery Sys. v. Salmeron* 5
  401 Ill.App.3d 65 (1st Dist. 2010)
*Estate of Brown v. Arc Music Group* 9, 13
  523 Fed. Appx. 407 (7th Cir. 2013)
*Feit v. Ward* 12
  886 F.2d 848 (7th Cir. 1989)
*Fujisawa Pharm Co., Ltd. v. Kapoor* 6
  814 F.Supp. 720 (N.D. Ill. 1993)
*Gagnon v. Schickel* 14
  2012 Ill. App (1st) 120645
*Gas Tech. Inst. v. Amirali G. Rehmat* 2
  2006 U.S. Dist. LEXIS 91420 (N.D. Ill. Dec. 15, 2006)
*Gelco Corp. v. Duval Motor Corp.* 6
  2002 U.S. Dist. LEXIS 24651 (N.D. Ill. Dec. 26, 2002)
*Hawkins v. Groot Indus., Inc.* 12
  2003 U.S. Dist. LEXIS 15242 (N.D. Ill. Sept. 2, 2003)
*Heard v. Walker* 2
  2008 U.S. Dist. LEXIS 76505 (N.D. Ill. Aug. 28, 2008)

iii

*Hirst v. SkyWest, Inc.* ..... 11
  2016 U.S. Dist. LEXIS 67806 (N.D. Ill. May 24, 2016)

*Johnson v. Diakon Logistics* ..... 3, 4, 14
  2018 U.S. Dist. LEXIS 52149 (N.D. Ill. Marc. 28, 2018)

*Kolupa v. Roselle Park Dist.* ..... 5
  438 F.3d 713 (7th Cir. 2006)

*Lewis v. Casey* ..... 12
  518 U.S. 343 (1996)

*Lillien v. Peak6 Investments, L.P.* ..... 9, 13
  417 F.3d 667 (7th Cir. 2005)

*LoggerHead Tools, LLC v. Sears Holding Corp.* ..... 10, 11
  19 F.Supp.3d 775 (N.D. Ill. Nov. 6, 2013)

*LuAku v. Chi. Bd. Of Educ.* ..... 2
  290 F. Supp.3d 852 (N.D. Ill. Nov. 14, 2017)

*Nichols Motorcycle Supply v. Dunlop Tire Corp.* ..... 10
  1994 U.S. Dist. LEXIS 17761 (N.D. Ill. Dec. 9, 1994)

*Novero v. Duke Energy* ..... 14-15
  735 Fed. Appx. 759 (11th Cir. Oct. 16, 2018)

*O'Shea v. Littleton* ..... 12
  414 U.S. 488 (1974)

*Patel v. 7-Eleven, Inc.* ..... 3
  2019 U.S. Dist. LEXIS 130026 (N.D. Ill. Aug. 5, 2019)

*Ruffin v. Exel Direct, Inc.* ..... 11
  2009 U.S. Dist. LEXIS 89579 (N.D. Ill. Sept. 29, 2009)

*Sawyer v. Vivint, Inc.* ..... 11
  2015 U.S. Dist. LEXIS 69184 (N.D. Ill. May 28, 2015)

*Sears v. Likens* ..... 7
  912 F.2d 889 (7th Cir. 1990)

*Semitekol v. Monaco Coach Corp.* ..... 1, 2
  582 F.Supp.2d 1009 (N.D. Ill. Oct. 21, 2008)

*Vendetti v. Compass Envtl., Inc.* ..... 5
  2006 U.S. Dist. LEXIS 9040

*Wells Fargo Bank v. Leafs Hockey Club, Inc.* ..... 13
  2014 U.S. Dist. LEXIS 104284 (N.D. Ill. Jul. 31, 2014)

*Wigod v. Wells Fargo Bank, N.A.* ..... 6
  673 F.3d 547 (7th Cir. 2012)

*Williams v. WMC Technologies, Inc.* ..... 2
  112 F.3d 175 (5th Cir. 1997)

*Wooley v. Jackson Hewitt, Inc.* ..... 14
  540 F.Supp. 978 (N.D. Ill. Marc. 25, 2008)

**Statutes**

820 ILCS 115/1 *et. seq.* ..... 3, 5

**Rules**
Fed. R. Civ. P. 8 ............................................................................................................................14
Fed. R. Civ. P. 9 .................................................................................................................. 5, 6, 11
Fed. R. Civ. P. 12 ............................................................................................................................1

Defendants, Oleksandr Dovgal ("Dovgal"), Alina Kim ("Kim"), DVL Express Inc. ("DVL"), and Altex Logistics Inc. ("Altex"), by their attorneys, pursuant to Fed. R. Civ. P. 12(b)(6), move to dismiss Plaintiff's Amended Class Action Complaint and in support thereof state:

## I. INTRODUCTION

DVL and Altex are motor carriers that facilitated the transportation of products across the United States. Ayur Tsybikov, through his company, Motom Corp, entered into an Agreement to provide transportation services for DVL. Dovgal is the sole shareholder and President of DVL. Although Plaintiff joins Altex, and its shareholder-President, Kim, as Defendants, there is no contract or business relationship with either of those Defendants. Plaintiff's complaint, brought in his individual capacity, advances nine claims against Defendants: (1) violations of the Illinois Wage Payment and Collection Act ("IWPCA"); (2) fraud in the inducement; (3) fraudulent misrepresentation; (4) fraudulent concealment; (5) fraudulent misrepresentation; (6) civil conspiracy; (7) declaratory judgment; (8) accounting; and (9) unjust enrichment. The allegations of the Plaintiff's complaint and the theories of recovery bear a striking resemblance to the Amended Class Action Complaint filed on May 7, 2019, in the case styled, *Stepan Bruger and Dmytro Bruger v. Olero, Inc, EMB Group, Inc., Oleg Romanyuk, and Eugeny Minochin*, pending in this District before the Honorable Judge Joan Lefkow, Civil Action 19-CV-02277, which is also currently the subject of a motion to dismiss. For the reasons set forth in the argument below, each of Plaintiff's claims must be dismissed.

## II. STANDARD ON A MOTION TO DISMISS

Each and every one of Plaintiff's nine (9) claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a viable cause of action. *Semitekol v. Monaco Coach Corp.*,

1

582 F.Supp.2d 1009, 1016-17 (N.D. Ill. Oct. 21, 2008). Although Plaintiff's complaint consists of 62 pages and 295 allegations, it is surprisingly absent of detail. *See Williams v. WMC Technologies, Inc.*, 112 F.3d 175, 178 (5th Cir. 1997) ("A complaint can be long-winded, even prolix, without pleading with particularity. Indeed, such a garrulous style is not an uncommon mask for an absence of detail.") "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Semitekol* at 1017 citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations of the complaint must rise above any speculative relief. *Heard v. Walker*, 2008 U.S. Dist. LEXIS 76506, 4 (N.D. Ill. Aug. 28, 2008). "[A]llegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion. As such, threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *LuAku v. Chi. Bd. Of Educ.*, 290 F.Supp.3d 852, 859 (N.D. Ill. Nov. 14, 2017) (citations omitted).

In deciding a motion to dismiss, the Court is permitted to consider extrinsic evidence and documents attached to a defendants' motion to dismiss. *Gas Tech. Inst. v. Amirali G. Rehmat*, 2006 U.S. Dist. LEXIS 91420, 47-48 (N.D. Ill. Dec. 15, 2006) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim; thus, the court can consider such documents without converting the motion to one for summary judgment.") In support of this motion, Defendants have attached the following which the Court can consider on a motion to dismiss: Independent Contractor Agreement between DVL Express, Inc. and Motom Corp., by Ayur Tsybikov, its President as **Exhibit 1**.

III.  ARGUMENT

A. Count I: Violations of the Illinois Wage Payment and Collection Act

    a.  Plaintiff Fails to State a Cause of Action under the IWPCA

Sections 3 and 4 of the IWPCA provide a cause of action for employees against employers for the timely and complete payment of wages earned. *820 ILCS 115/1 et. seq.* Section 2 of the IWPCA narrowly defines the term "wages" as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties…." *820 ILCS 115/2*.

By definition, the Plaintiff, Ayur Tsybikov, is not a party to the agreement which would be subject to the IWPCA – namely: the May 27, 2015 Independent Contractor Agreement between Defendant, DVL and Motom Corp., the Plaintiff's business entity. Consequently, Plaintiff has no IWPCA claim to assert. See *Patel v. 7-Eleven, Inc.*, 2019 U.S. Dist. LEXIS 130026 *11-12 (Aug. 5, 2019) (plaintiff failed to plead any agreement to pay wages, formal or informal, as the agreement for compensation was between plaintiff's entity and defendant corporation); *Johnson v. Diakon Logistics,* 2018 U.S. Dist. LEXIS 52149, *32 (N.D. Ill. Mar. 28, 2018) (denying plaintiff's cause of action under IWPCA as there was no direct agreement between plaintiff and defendant); *Enger v. Chicago Carriage Cab Corp.*, 812 F.3d 565, 568 (7th Cir. 2016) (finding that plaintiff's IWPCA claim failed because they had not demonstrated that defendants owed them "wages").

    b. **Plaintiff Fails to State a Cause of Action Against Defendants, Kim and Altex Under Joint Employer Liability.**

Plaintiff cannot assert the existence of any agreement, whether individually or through his entity, with Defendants Kim and Altex, which would fall under joint employer liability. "The test for the existence of joint employers is whether 'two or more employers exert significant control over the same employees – where from the evidence it can be shown that they share or co-

3

determine those matters governing essential terms and conditions of employment.'" *Johnson* at 33. In determining joint employer liability, the court looks at the following factors: "role of the defendant in hiring, firing, promotions, demotions, setting wages, work hours, and other terms and conditions of employment, discipline, and actual day-to-day supervision and direction of employees on the job." *Id.*

Plaintiff alleges that Defendants Kim and Altex controlled Plaintiff's employment based upon the false allegation that Kim is Defendant Dovgal's wife[1] (Complaint ¶11) and that Defendant Dovgal is DVL and Altex's key decision maker and its actual executive (Complaint ¶12). However, Plaintiff, makes inconsistent allegations, in that Plaintiff also alleges that Defendant Kim "was and is Altex Logistics' key decision maker and its actual executive" (Complaint ¶11). Plaintiff acknowledges in his Complaint that Defendant Kim "is the sole shareholder of Altex Logistics," "has been its incorporator, founder, registered agent, President, and officer from its inception through the present day," and was "the key decision maker as to compensation of the drivers and its actual executive" (Complaint ¶11). Plaintiff further acknowledges that Defendant Dovgal conducted the phone interview (Complaint ¶¶33, 133), stated the terms of the agreement (Complaint ¶34), made the alleged promises of on time payments (Complaint ¶¶35, 131), told Plaintiff to sign a lease agreement (Complaint ¶38), made the alleged promises to pay Plaintiff fairly, on time and that he didn't "doctor" figures (Complaint ¶43), that the alleged impermissible deductions were made to Plaintiff's wages for "DVL claim" (Complaint ¶49) and that Plaintiff was required to use vehicles displaying the DVL signs (Complaint ¶58).

In fact, Plaintiff alleges that he doesn't know whether he was paid compensation by Kim and/or Altex (Complaint ¶31). The allegations contained in Plaintiff's Complaint cannot support

---

[1] Individual Defendants Dovgal and Kim are not married to each other.

4

a cause of action against Defendants, Kim and Altex in that all of the allegations relate to actions allegedly conducted by Defendants Dovgal and/or DVL. "A plaintiff pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Kolupa v. Roselle Park Dist.,* 438 F.3d 713, 715 (7th Cir. 2006)

    c. **Plaintiff is Not an Employee in Illinois.**

The IWPCA applies to employees in Illinois. *820 ILCS 115/1*. Although Plaintiff pleads he is currently an Illinois resident (Complaint ¶6), he makes no allegations concerning his residency or that of his company at the time of any agreement alleged. Plaintiff, and his entity, Motom Corp. were not Illinois residents/entities during the time frame in question. Plaintiff was a New York resident with a New York driver's license. *See* Driver's Statement and Employment Eligibility as **Exhibit 2**. Motom Corp., was and continues to be a New Jersey corporation. *See* W9 as **Exhibit 3**. Most, if not all, of Plaintiff's services were performed outside of the State of Illinois. Consequently, Plaintiff is not an "employee" in the State of Illinois for purposes of seeking redress under the IWPCA. *Vendetti v. Compass Envtl., Inc.*, 2006 U.S. Dist. LEXIS 9040; *Cohan v. Medline Indus., Inc.*, 170 F.Supp.3d 1162, 1174-75 (N.D. Ill. Mar. 21, 2016).

**B. Count II: Fraud in the Inducement; Count III: Fraudulent Misrepresentation; Count IV: Fraudulent Concealment; Count V: Fraudulent Misrepresentation as to Defendant Companies Only, in Relation to Freight Confirmations**

    a. **Plaintiff's Fraud Claims Fail to Meet Fed. R. Civ. P. 9(b)'s Pleading Standard and Otherwise Fail to State A Claim.**

Fraud in the inducement, fraudulent misrepresentation, and fraudulent concealment are all forms of common law fraud that require a plaintiff to plead (1) a false statement of material fact; (2) by one who knows or believes it to be false; (3) made with the intent to induce action by another in reliance on the statement; (4) action by the other in reliance on the truthfulness of the statement; and (5) injury to the other resulting from that reliance. *Enter. Recovery Sys. v. Salmeron*, 401

5

Ill.App3d 65, 72 (1st Dist. 2010) (fraud in the inducement); *Doe v. Dilling*, 228 Ill. 2d 324, 342-43 (Ill. 2008) (fraudulent misrepresentation); *Wigod v. Wells Fargo, Bank, N.A.*, 673 F.3d 547, 571 (7th Cir. 2012) (fraudulent concealment).

Under Fed. R. Civ. P 9(b), Plaintiff must plead facts supporting each of these elements with particularity. This means that the plaintiff must plead the "who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Rule 9(b) "must be applied with an eye toward fulfilling the Rule's underlying purposes: '(1) to inform the defendants of claims against them and to enable them to form an adequate defense; (2) to eliminate the filing of a conclusory complaint as a pretext for using discovery to uncover wrongs; and (3) to protect defendants from unfounded charges of fraud which may injure their reputations.'" *Gelco v. Duval*, 2002 U.S. Dist. LEXIS 24651, *20-21 (N.D. Ill. Dec. 26, 2002) (quoting *Fujisawa Pharm. Co., Ltd. v. Kapoor,* 814 F. Supp. 720, 726 (N.D. Ill. 1993)). Here, Plaintiffs' scattered and conclusory allegations do not identify the who, what, when where, why, and how of the purported fraud, making it impossible for Defendants to form an adequate defense.

First, Plaintiff does not state with specificity "who" made the alleged material misstatements or omissions. For example, while the Plaintiff alleges that Defendant Dovgal made representations on behalf of Defendants, generally, Plaintiff recites only a few examples of statements by Defendant Dovgal that were purportedly actionable as false. Plaintiff alleges that Defendant Dovgal stated he ran an "honest business" and paid his current contractors "on time and in full as promised at hiring" as of August 2014. (Complaint ¶131a). Plaintiff further alleges that Dovgal promised he "would pay" Plaintiff "on time" and "for his work for a certain rate of $0.48 cents per mile initially and then raise the rate of compensation." (Complaint ¶131c). Somewhat curiously, the allegations here against Defendant Dovgal are identical to those asserted against the

6

Defendants in the related *Olero* case. In the *Olero* case, the Plaintiffs allege that Defendant Romanyuk made the following false statements: (1) "The Defendants were honest employers, and that Defendants paid all their currently working drivers (as of October 2016) in full and on time." (*Olero* Amended Class Action Complaint, filed May 7, 2019, ¶175a); and (2) The company "would pay" the Plaintiff "on time" and at a rate of $0.50 per mile driven (*Id*. at ¶ 175a). It strains credulity that two separate business owners in two separate meetings, nearly two years apart, would use the exact same words. As for Defendant Kim, Plaintiff here makes very limited allegations against her, only alleging that Dovgal and Kim assured the Plaintiff that freight confirmations "would always be" presented to Plaintiff and he "would be" compensated in full. (Complaint ¶143). It is unclear whether Plaintiff attributes the purported actionable statement against both Defendants, or only one of them. A plaintiff may not "lump together" multiple defendants in such a way that the defendants cannot discern from the complaint which defendant made each representation. *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990). Rather, "[w]here there are allegations of a fraudulent scheme with multiple defendants. . . the complaint must inform each defendant of the specific fraudulent acts which constitute the basis of the action against the particular defendant." *Coronet Ins. Co. v. Seyfarth*, 665 F. Supp. 661, 666 (N.D. IL 1987).

Second, Plaintiffs fail to provide any specificity regarding what the material misstatements and/or omissions were. Instead, Plaintiff simply alleges generic statements – such as "defendants were honest employers" and that "Defendants paid all their currently working drivers . . . in full and on time". Indeed, the great degree of similarity between the *Olero* complaint and the instant action suggests that Plaintiff is merely generically pleading the claims for fraud, rather than making specific allegations with respect to these Defendants. Third, Plaintiffs do not specify when the

7

alleged misrepresentations and/or omissions occurred; Plaintiffs merely allege that conversations happened in early August 2014 and approximately July 2015. (Complaint ¶¶ 131, 143).

### b. Plaintiff's Fraud Claims Must Also Fail, Because He Has Failed to Allege a False Statement of Material Fact.

Even if Plaintiff's allegations are sufficiently particular under Rule 9, his fraud claims still fail because he has not alleged a false statement of material fact. Each alleged misrepresentation that Plaintiff identifies relate to future intentions of Defendants, not present facts. As is recited above, all of Plaintiff's allegations are that Defendants stated that they "would" do or refrain from doing something. Such "statements of future intention are not actionable" as fraud in Illinois. As for the generic allegations that the Defendants ran an "honest business" and paid all employees "on time", such conclusory allegations and immaterial statements are insufficient both to qualify as a present misstatement and to meet the fraud pleading standard. *Dahlin v. Jenner & Block, L.L.C.*, 2001 U.S. Dist. LEXIS 16370, *14 (N.D. IL 2001).

### c. Plaintiff's Fraudulent Concealment Claim Also Fails Because a Fiduciary Relationship Does Not Exist as a Matter of Law on the Facts as Plead.

In addition to satisfying the general elements for fraud claims, Plaintiff also fails to allege that "the defendant intentionally omitted or concealed a material fact that it was under a duty to disclose to the plaintiff" – meaning facts sufficient to establish a fiduciary relationship existed between the parties. *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 500-501 (1996). Similar to *Olero* (*Olero* Complaint ¶¶224-227), the Plaintiff alleges here that a fiduciary relationship "arose between Defendants and Plaintiff at the hiring interview and existed throughout Plaintiff's time working as a truck driver for Defendant companies." (Complaint, ¶¶ 195, 212). However, whether a fiduciary relationship exists is determined as a matter of law, and these allegations are insufficient to save Plaintiff's fraudulent concealment claim. In Illinois, a fiduciary relationship does not exist

8

as a matter of law between an employer and a prospective employee. *See Lillien v. Peak6 Investments, L.P.*, 417 F.3d 667, 672 (7th Cir. 2005). Further, a fiduciary relationship does not arise out of a business or contractual relationship—like the one Plaintiff's entity had with one of the Defendant entities. *Estate of Brown v. Arc Music Group*, 523 Fed. Appx. 407, 410 (7th Cir. 2013). Because Plaintiff's allegations regarding a fiduciary relationship are contrary to the law, they should be disregarded.

### C. Count VI: Civil Conspiracy

#### a. Plaintiff's Complaint Has Not Alleged that there are Co-Conspirators.

"Civil conspiracy consists of a combination of **two or more persons** for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means." *Adcock v. Brakegate, Ltd.*, 164 Ill.2d 54, 62 (1994) (emphasis added). Plaintiff's claim for civil conspiracy minimally fails to meet the most basic element of the claim, in that Plaintiff cannot allege that more than one person agreed to commit a tortious act.

Plaintiff alleges that Defendant Dovgal "is the sole shareholder of DVL and has been its incorporator, founder, registered agent, President and officer from its inception through to the present day" (Complaint ¶9), and that Defendant Kim "is the sole shareholder of Altex Logistics and has been its incorporator, founder, registered agent, President, and officer from its inception through to the present day" (Complaint ¶11). Notably, DVL Express was incorporated in Illinois on September 7, 2011, whereas Altex was incorporated in Wisconsin on April 17, 2013. *See* Secretary of State Corporation Searches, attached hereto as **Exhibit 4.** However, for purposes of his civil conspiracy claim, Plaintiff now alleges that "Defendants Dovgal and Kim incorporated and set up DVL Express in 2011" and that it was at that time they entered into the alleged agreement to defraud truck drivers (Complaint ¶248). Plaintiff has inconsistently plead the nature

9

of Defendants Dovgal and Kim's relationships in a wild attempt to bring a civil conspiracy claim. Without the inclusion of the named Defendants' Kim and/or Altex in this Complaint, Plaintiff could not otherwise sustain an action for civil conspiracy. In fact, almost the entirety of Plaintiff's Complaint centers around allegations of conduct by Defendant's Dovgal and DVL Express. Plaintiff's only nexus between the two individual defendants and their respective entities, is the false allegation that they are married. That, in and of itself, is insufficient to rise to the accusation that Dovgal and Kim incorporated and set up DVL Express for the sole and limited purposes of defrauding truck drivers.

      **b. Plaintiff's Complaint Fails to Allege an Underlying Act that is Independently Tortious.**

"An agreement to commit a wrongful act is not a tort, even if it might be a crime. A cause of action for civil conspiracy exists only if one of the parties to the agreement commits some act in furtherance of the agreement, which is itself a tort." *Adcock* at 63 (citations omitted). A civil conspiracy claim cannot stand alone. *Nichols Motorcycle Supply v. Dunlop Tire Corp.*, 1994 U.S. Dist. LEXIS 17761 *4 (N.D. Ill. Dec. 9, 1994).

Plaintiff's cause of action for civil conspiracy is premised on Defendants' alleged violation of the IWPCA (Complaint ¶¶ 248, 250, 251, 252, 255, 257-260). The IWPCA is a statutory violation based upon contract, not a tort. See *Nichols* at *15 (Court found that nothing supports a claim for conspiratorial conduct under the Robinson-Patman Act, which describes a federal statutory violation, not a tort).

      **c. Plaintiff's Civil Conspiracy Claim Premised on Fraud Is Not Plead with Particularity and is Duplicative and Redundant.**

"[A] civil conspiracy sounding in fraud must be plead with particularity." *LoggerHead Tools, LLC v. Sears Holding Corp.*, 19 F.Supp.3d 775, 784 (N.D. Ill. Nov. 6, 2013) (civil

10

conspiracy claim dismissed because the complaint lacked any specific factual content to support a claim and instead simply asserted as legal conclusions that defendants committed civil conspiracy). As recited above, Fed. R. Civ. P. 9 requires a plaintiff asserting fraud to allege supporting facts with particularity, *i.e.* "the who, what, where, and how." *DiLeo*, 901 F.2d at 627.

As Plaintiff's causes of action for fraud in the inducement, fraudulent misrepresentation, fraudulent concealment and fraudulent misrepresentation in relation to freight confirmations causes of action are destined to fail, then the conspiracy claim premised on the failed fraud is likewise doomed. Moreover, to the extent that the fraud claims remain viable, the civil conspiracy claim is merely duplicative and redundant of those claims and therefore must be dismissed. "[A] conspiracy claim alleging a tort as the underlying wrongful act is duplicative where the underlying tort has been plead." *LoggerHead* at 784.

### D. Count VII: Declaratory Judgment

#### a. Plaintiff Lacks Standing to Assert a Claim for Declaratory Judgment.

Plaintiff, as a former independent contractor, lacks standing to seek injunctive relief and/or relief in the form of a declaratory judgment. *Hirst v. SkyWest, Inc.*, 2016 U.S. Dist. LEXIS 67806 *49 (N.D. Ill. May 24, 2016) (named plaintiff was not a current employee and had no standing to assert claims for prospective injunctive and equitable relief on behalf of current employees) citing *Sawyer v. Vivint, Inc.*, 2015 U.S. Dist. LEXIS 69184 *3 (N.D. Ill. May 28, 2015) (former service technician lacked standing to pursue injunctive relief on behalf of himself and putative class of current and former employees); *Ruffin v. Exel Direct, Inc.*, 2009 U.S. Dist. LEXIS 89579 *3 (N.D. Ill. Sept. 29, 2009) (former contractors, did not have standing to seek the declaratory and injunctive relief); *Brown v. County of Cook*, 549 F. Supp. 2d 1026, 1032 (N.D. Ill. Apr. 4, 2008) (former employee lacked standing to seek injunctive relief, as he was in no danger of future harm, and

absent such a threat of future injury, lacked a viable case or controversy); *Hawkins v. Groot Indus., Inc.,* 2003 U.S. Dist. LEXIS 15242 *2 (N.D. Ill. Sept. 2, 2003) (fundamental reason why court could not certify a Rule 23(b)(2) injunctive class of present and former employees was that neither of the named plaintiffs was a current employee).

As no class has been certified and the claim for declaratory judgment is Plaintiff's individual claim, this Court is controlled by the Seventh Circuit's holding in *Feit v. Ward*, 886 F.2d 848, 857 (7th Cir. 1989), in that former employees lack standing to seek injunctive and declaratory relief:

> "[W]hen seeking injunctive and declaratory relief, a plaintiff must establish 'that he is in immediate danger of sustaining some direct injury.' As the Supreme Court sated in *O'Shea v. Littleton*, 414 U.S. 488, 495-96, (1974): Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief… if unaccompanied by any continuing, present adverse effects." (citations omitted)

Similarly, Plaintiff, a former independent contractor, is no longer affected by the Defendants' alleged actions, he does not seek reinstatement, and thus he has no tangible legal interest. Plaintiff's claim, even if based upon a putative class that includes current employees is also unpersuasive. "[T]hat a suit may be a class action… adds nothing to the question of standing." *Hirst* at *48 citing *Lewis v. Casey*, 518 U.S. 343, 357 (1996).

    **E. Count VIII: Accounting**

        **a. Plaintiff Fails to State a Cause of Action for Accounting as Plaintiff has an Adequate Remedy at Law**

In light of Plaintiff's IWPCA claim, Plaintiff fails to state a cause of action for accounting. "To state a claim for the equitable relief of an accounting, a plaintiff must allege the absence of an adequate remedy at law. In addition to the absence of an adequate remedy at law, the plaintiff must allege at least one of the following: (1) breach of a fiduciary relationship, (2) a need for

12

discovery, (3) fraud, or (4) the existence of mutual accounts which are of a complex nature." *Wells Fargo Bank v. Leafs Hockey Club, Inc.* 2014 U.S. Dist. LEXIS 104284, *12 (N.D. Ill. Jul 31, 2014) (citations omitted).

Plaintiff's Complaint seeks redress in the form of compensation and/or wages the computation of which is articulated in detail in the Complaint, *i.e.* deductions in pay in the amount of $5,500 and underpayment of $8,008 for miles driven (Complaint ¶47), deductions in pay in the amount of $4,122 (Complaint ¶49), underpayment of per load drives of $20,000 (Complaint ¶50), deductions in pay in the amount of $9,330 and underpayment of per load drives of $4,000 (Complaint ¶51). These allegations belie their claim for a need for discovery and consequently, their claim for an accounting fails.

Assuming *arguendo* that Plaintiff does not have an adequate remedy at law, Plaintiff further fails to set forth any entitlement to an accounting based upon a breach of fiduciary relationship. "A fiduciary duty arises either as a matter of law or by special circumstances." *Autotech Tech L.P. v. Automationdirect.com,* 471 F.3d 745, 748 (7th Cir. Dec. 11, 2006). A fiduciary relationship does not exist as a matter of law between an employer and a prospective employee. *Lillien* at 672. And a business or contractual relationship alone does not create a fiduciary duty. *Estate of Brown* at 410. As Plaintiff has failed to assert a fiduciary relationship as a matter of law, it can only allege such relationship by special circumstances none of which are present in his complaint.

Defendants' arguments as to Plaintiff's failure to state causes of action for fraud are set forth above, and as there has been no allegation that there are mutual accounts which are a complex nature, Plaintiff has not met any of the elements to plead a cause action for accounting.

13

F. **Count IX: Unjust Enrichment**

   a. **Plaintiff Fails to State a Cause for Unjust Enrichment Because a Written Contract Exists.**

To sustain a cause of action of unjust enrichment, the Plaintiff must allege: (1) defendant's retention of a benefit to the plaintiff's detriment; and (2) that the retention violates fundamental principles of justice, equity and good conscience. *Wooley v. Jackson Hewitt, Inc.*, 540 F.Supp. 978 (N.D. Ill. Mar. 25, 2008). "The theory of unjust enrichment is based on a contract implied in law. Because unjust enrichment is based on an implied contract, the doctrine has no application where there is a specific contract which governs the relationship of the parties. Hence, a party may not bring a claim for unjust enrichment unless the contract is invalid or fails to cover the claim." *Johnson v. Diakon Logistics,* 2018 U.S. Dist. LEXIS 52149, 29 (N.D. Ill. Mar. 28, 2018) (citations omitted). "The reason for prohibiting a claim of unjust enrichment between contracting parties is to prohibit a party whose expectations were not realized under the contract from nevertheless recovering outside the contract." *Wooley* at 978.

The Independent Contractor Agreement signed by Plaintiff on behalf of his entity, Motom Corp, governs the subject matters of his claims, *i.e.* timely and complete payment of wages. Notwithstanding that the claim for unjust enrichment is plead in the alternative, the Plaintiff further fails to state a cause of action based upon his allegations of an express contract. While Plaintiff's Amended Class Action Complaint may plead alternative theories of recovery (violation of the IWPCA versus unjust enrichment), "the unjust enrichment claim cannot include allegations of an express contract." *Gagnon v. Schickel,* 2012 IL App (1st) 120645, ¶25.

Here, Plaintiff uses a "shotgun" style of pleading by incorporating 288 of the prior paragraphs into a singular allegation paragraph of Count IX, which in and of itself, gives authority to this Court to dismiss the complaint for failure to comply with Fed. R. Civ. P. 8. *Novero v. Duke*

14

*Energy,* 735 Fed. Appx. 759, 765 (11th Cir. Oct. 16, 2018). Imbedded within those 288 paragraphs are Plaintiff's acknowledgment and admissions that an express agreement was reached between he and Defendant, DVL Express, Inc., to wit: that plaintiff would work full time for DVL and that Plaintiff would be paid $0.48 for each mile driven (Complaint ¶34), that Plaintiff "accepted the offer" and that the "agreement's terms were reflected in the very first paycheck" that Plaintiff received (Complaint ¶36).

As Plaintiff cannot allege receipt of any wages or compensation from Defendants, Kim and Altex (Complaint ¶31), Plaintiff cannot assert a claim that said Defendants received any benefit in the form of improperly withheld earned compensation. Consequently, Plaintiff's claim for unjust enrichment must fail as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully pray that the Plaintiff's Amended Complaint be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: August 23, 2019            Respectfully submitted,

By:    /s/ Jamie L. Ross
Jamie L. Ross (IL ARDC# 6257634)
Kalcheim Haber, LLC
134 N. LaSalle Street, Suite 2100
Chicago, Illinois 60602
Telephone: (312) 236-9445
jross@kalcheimhaber.com

*Attorneys for Oleksandr Dovgal, Alina Kim, DVL Express Inc., and Altex Logistics Inc.*