```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

AYUR TSYBIKOV,

        Plaintiff,

    v.

OLEKSANDR DOVGAL, ALINA KIM, DVL EXPRESS INC., and ALTEX LOGISTICS INC.,

        Defendants.

Case No. 19 C 3334

Judge Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Defendants move to dismiss all claims in Plaintiff's Complaint. For the reasons stated herein, Defendants' Motion to Dismiss is granted in part and denied in part.

### I. BACKGROUND

Plaintiff, a truck driver who worked for the two Defendant trucking companies, sued them for violating the Illinois Wage Payment and Collection Act (IWPCA) and implementing a scheme to defraud him by misclassifying him as an independent contractor when he was an employee so that they could reduce his pay, charge him with illegal deductions from his take home pay for a variety of alleged misdeeds, and doctor his driving records.

Plaintiff learned of the opening for a position of a truckdriver at Defendants' corporations from a friend and employee who was leaving the company. Defendant Dovgal conducted a phone interview with Plaintiff

in August 2014.  Plaintiff was told in the interview that he would be paid $0.48 per mile driven but that he could only work for the Defendant and no other trucking company.  He accepted the offer and commenced working.  He does not recall signing any documents or contracts during the first year of employment.  After one year, Defendant Dovgal told Plaintiff that he had to sign a lease agreement whereby he would lease a truck from Defendant and lease it back so that Plaintiff could drive under Defendants' companies DOT number and motor carrier authority.  He was told if he refused to sign, he would be terminated.

During the periods in question, Plaintiff was a resident of Illinois and reported and worked out of Defendants' Illinois facilities.  During his tenure as a driver for Defendants, he was paid by three different measures.  First, from August 2014 to July 2015, he was paid on a mileage basis.  In the second phase, from July 2015 to May 2017, his compensation was based on a percentage of a load/freight confirmation basis.  In May 2017, he became "a quasi-owner-operator" and was paid on a per load basis.  He remained in this capacity until he left the company in August 2017.

During the mileage pay phase, Defendants shorted his compensation by approximately 10%.  He also had significant sums deducted from his pay without his agreement, for reasons such as "violations" or "bad tires."  During the second phase, he was underpaid by approximately $1,000.00 per month through the doctoring his freight confirmations by defendants.  He also had money deducted from his pay for towing, "DVL claim," and "improper delivery."  In the third phase where he was paid as a "quasi-owner-operator, he was charged for numerous alleged

wrongdoings and was underpaid by about $1,000.00 per month, similar to phase two.

The Defendants exerted full control over Plaintiff's workdays and working conditions, including those after Plaintiff was designated an owner-operator. The defendants also prohibited him from hauling freight for any other company. He was required to report to company dispatchers in order to obtain delivery assignments, which included specifics such as time of pickup and time of delivery. The Defendants further designated the insurance companies he was required to deal with and the specific amounts of coverage he was required to carry. The Plaintiff was required to give defendants advance notice in order to take time off. Also, Plaintiff was required to submit all bills of lading, log books, and all other required paper work to Defendants for their approval.

The Complaint further alleges that DVL Express Inc. was an Illinois corporation engaged in transportation and delivery business in Illinois and throughout the United States and had its principal place of business in Markham, Illinois. Defendant Oleksandr Dovgal is a resident of Illinois and is the sole shareholder of DVL, its incorporator, registered agent, president, and key decision maker. Defendant Altex Logistics is also an Illinois corporation and maintains its principal place of business in Markham, Illinois. The Defendant, Alina Kim, is the wife of Dovgal, a resident of Illinois, sole shareholder of Altex and its incorporator, registered agent, president as well as key decision maker.

Plaintiff has filed a nine-count Complaint based on the foregoing: Count I – Violation of of the Illinois Wage Payment and Collection Act

("ISPCA"); Count II - Fraud in the inducement; Count III – Fraudulent Misrepresentation; Count IV – Fraudulent Concealment; Count V – Fraudulent Misrepresentation; Count VI – Civil Conspiracy; Count VII – Declaratory Judgment; Count VIII – Accounting; and Count IX – Unjust Enrichment. Defendants have moved to dismiss each of the counts.

## II. DISCUSSION

### A. Count I – IWCPA

Defendants argument for the dismissal of Count I is based on two contentions: first, that Plaintiff was not the person with whom Defendants contracted. Rather it was through a corporation by the name of Motom Corporation, so the IWCPA does not apply, and, that Plaintiff, not being a resident of Illinois, was another reason why he is not entitled to the protection of the IWCPA.

We can make quick work of these two arguments. First, Plaintiff alleges in his Complaint, which the Court must accept as true for purposes of this Motion to Dismiss, that he was hired in August 2014 by the two Illinois based Defendant trucking companies, though an oral contract to perform trucking services in Illinois and elsewhere. Defendants attached to their Answer what purports to be a written agreement, dated May 27, 2015, between an alleged "Motom Corp." and Defendant DVL, which Defendants contend makes Plaintiff an independent contractor rather than an employee and therefore not subject to the IWCPA. Second, Plaintiff alleges in his Complaint that he is a resident of Illinois, an allegation that the Court must also accept as true for purposes of this Motion. Defendants attempt to counter this allegation, by attaching to their Answer a document entitled Employment Eligibility

Verification form which appears to show that Plaintiff, at the time the form was filled out, was a resident of Brooklyn, New York on May 27, 2015, the date the form was signed.

Neither of these documents can be said to be a part of Plaintiff's Complaint, so they cannot be considered on a motion to dismiss. Defendants contend that the Court can consider them because an independent contractor agreement was referred to in Plaintiff's Complaint. Plaintiff's Complaint refers to an oral employment agreement between himself and DVL which was entered into in August 2014, which is not remotely close to a reference to an independent contractual agreement dated on May 27, 2015. In addition, Plaintiff alleges in his Complaint that he was an Illinois resident at the time he contracted with Defendants, and Defendants have not provided any explanation as to the so-called employment eligibility form and any reason why the Court should consider it in ruling on the Motion to Dismiss. However, his citizenship is not particularly relevant because the IWCPA does, in fact, apply to non-residents who perform work in Illinois for an Illinois employer. *Cohan v. Medline Industries, Inc.,* 170 Ill. Supp. 3d 1162, 1174 (N.D. Ill. 2016).

Defendants argue that the Count I should be dismissed as to the individual Defendants because the allegations are insufficient to establish joint employer liability under IWPCA. However, the Complaint alleges that the individual Defendants were each "sole shareholder, incorporator, founder, registered agent, president and officer from inception to present day, as well as the key decision maker as to compensation for the drivers" of their respective corporations, Dovgal

for DVL and Kim for Altex Logistics Inc.  Section 13 of the IWCPA states that ". . . any officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this act shall be deemed to be the employers of the employees of the corporation." 820 ILCS 115/13.  Clearly these allegations of the Complaint are sufficient to keep the individual Defendants in Count I.  The Motion to Dismiss Count I is denied.

**B.  Counts II through V – The Fraud Counts**

The essential allegations of Plaintiff's Complaint that are alleged to constitute fraud are that he was hired as an employee to drive a truck for Defendants, but that they fraudulently classified him as an independent contractor to avoid being subject to the IWCPA.  Initially they shorted his pay and illegally charged him for certain alleged wrongdoings all of which was in violation of the IWCPA.  Then they instituted the fraudulent scheme to make him an independent contractor so as not to be subject to the IWCPA.  As part of the scheme they forced him to sign certain documents which sought to make him an independent contractor under the threat that he would be fired if he didn't agree to sign them.  Even though he signed these documents, under the facts alleged in the Complaint, he was still an employee and not an independent contractor no matter what the independent contract stated, because Defendants "controlled every aspect of the drivers work," including but not limited to requiring him to comply with instructions and written and unwritten directives, subjecting him to reporting requirements in order to receive delivery assignments, with no discretion as to delivery details, requiring him to carry specific insurance obtained from specific

insurance companies, subjecting him to GPS surveillance, and denying the right of Plaintiff to refuse a delivery assignment under pain of immediate termination. Under Illinois law the single most important factor in determining whether a person is an employee or independent contractor is the employer's right to control the manner of job performance. Illinois Law and Practice, Employment §§ 6-9, 2015 Edition. Here the Complaint alleges sufficient facts that regardless of an agreement to the contrary, Plaintiff would be considered an employee and not an independent contractor.

The problem with Plaintiff's fraud counts is that factually their sum and substance is that Defendants breached their employment agreement with Plaintiff by shorting him his pay and using the threat of termination to force him to accept a change of the status from employee to independent contractor. Thus, Plaintiff has stated a claim for breach of contract and a breach of the IWCPA. The Court fails to see how these allegations amount to causes of action for fraud. The well-known requirements to establish fraud are (1) defendant made a statement, (2) of a material fact, (3) which was untrue, (4) was known of defendant to be false, (5) made for the purpose of inducing reliance by plaintiff, (6) was relied on by plaintiff, and (7) resulted in damage. Here Defendants made a statement that they would fire him if he didn't acquiesce in becoming an independent contractor. Since he acquiesced in the new designation, the Court does not know if he would have been fired if he had not. There was nothing deceptive about it. It was a wrongful act, but it was not fraud. The shorting of pay was not fraud but a breach of the oral employment contract (and also a violation of

the IWPCA). Under Illinois law a party may not recover in tort what is essentially a breach of contract. *Johnson v. George J. Ball, Inc.,* 248 Ill App. 3d 859, 868 (Ill. App. 2nd Dist., 1993). Here the breach is of the oral employment agreement, not the independent contractor agreement that Defendants appended to their Answer as an exhibit. The Motion to Dismiss the four fraud counts is granted.

### C. Count VI – Civil Conspiracy

Count VI alleges a civil conspiracy between the Defendants to commit a violation of the IWPCA. A civil conspiracy under Illinois law consists of a combination of two or more persons for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means. There must be an agreement to perform a tortious act or otherwise unlawful act that causes injury to create liability. *Adcock v. Brakegate, Ltd.,* 164 Ill. Dec 2d, 54, 63 (Ill. 1994). Plaintiff's complaint alleges that the two individual Defendants on behalf of their corporations agreed that they would violate the IWPCA by illegally classifying Plaintiff as an independent contractor. Defendants argue that there must be a tort and that a violation of the IWPCA is not sufficient. It cites *Nichols Motorcycle Supply v. Dunlop Tire Corp.,* 913 F.Supp. 1088 (N.D. Ill. 1995). However, this case does involve wrongdoing: the violation of the IWPCA which fulfills the unlawful purpose element. The Motion to Dismiss Count VI is denied.

### D. Count VII – Declaratory Judgment

Plaintiff voluntarily dismisses Count VII.

### E. Count VII – Accounting

Defendants argue that Plaintiff is not entitled to an accounting because he has an adequate remedy at law in the form of the IWCPA. The Court agrees that the IWCPA is an adequate remedy at law. However, Defendants contend that he has no claim under the IWCPA and have moved to dismiss Count I. Even if Plaintiff did not have rights under the IWCPA, he still would have a claim for breach of contract, which is also a remedy at law. The Court therefore grants the Motion to Dismiss Count VII. Defendants are correct that in order to state a claim for an accounting under Illinois law, a plaintiff must allege no adequate remedy at law. *Ruffin v. Exel Direct, Inc.,* 2009 WL 3147589 (N.D. Ill. 2009). The Motion to Dismiss Count VII is granted.

### F. Count IX – Unjust Enrichment

Defendants' Motion to Dismiss the unjust enrichment count is based on the Complaint's allegations that there exists a contract between the parties. The Plaintiff has pled the existence of an oral contract for pay which he contends Defendants breached. Where the parties' relationship is governed by a contract, the plaintiff cannot state a claim for unjust enrichment unless the claim falls outside the contract. *Utility Audit, Inc. v. Horace Mann Service Corp.,* 383 F.3d 683, 688 (7th Cir. 2004). The claims here fall within the contract. Count IX is dismissed.

### III. CONCLUSION

For the reasons stated herein, the Motion to Dismiss Counts I and VI is denied. The Motion to Dismiss Counts II, III, IV, V, VII, VIII, and IX is granted.

**IT IS SO ORDERED.**

_/s/ Harry D. Leinenweber_

Harry D. Leinenweber, Judge
United States District Court

Dated: 10/16/19