IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AYUR TSYBIKOV, ALEH
LINIOU,

                 Plaintiff,

        v.

OLEKSANDER DOVGAL, ALINA
KIM, DVL EXPRESS, INC., and
ALTEX LOGISTICS, INC.,

             Defendants.

Case No. 19 C 3334

Judge Harry D. Leinenweber

MEMORANDUM OPINION AND ORDER

I. BACKGROUND

This case involves a Plaintiff truck driver who worked for the two Defendant trucking companies and is suing them (and their principals) for violating the Illinois Wage Payment and Collection Act (the "IWPCA"). In his original Complaint, in addition to the IWPCA claim, the Plaintiff pleaded a host of tort claims that the Court dismissed on Defendants' Motion. The Court left intact the IWPCA count and a conspiracy to violate the IWPCA count. Recently the Defendants filed a Motion to Amend their Answer to allege the existence of an arbitration agreement and a Motion to Compel arbitration.

Defendants attached to their Motion to Dismiss the alleged contract between the parties that included the arbitration clause.

Defendants argued there that one of their number, DVL Express, Inc., had a written agreement with a corporation named Motom Corp. (the "Motom Agreement"), supposedly owned by Plaintiff, to provide transportation services as an independent contractor. The Motom Agreement contained an arbitration clause. Defendants' argument is, *inter alia,* that Plaintiff by virtue of the Motom Agreement was an independent contractor and therefore Defendants were not subject to the IWPCA. The Court denied the Motion to Dismiss the IWPCA count because the Motion relied upon a document not referred to in the Complaint. Significantly the Court also pointed out that the Complaint alleged sufficient facts which, if true, would make Plaintiff an employee and not an independent contractor regardless of the existence of a contract, citing *Illinois Law and Practice*, §§ 6-9 (2016 Ed.).

## II.  DISCUSSION

Plaintiff objects to both Motions on multiple grounds. Specifically, Plaintiff argues that the Defendants are guilty of undue delay in requesting arbitration, the agreement to arbitrate is illegal under the Federal Arbitration Act, and the arbitration provision itself is unconscionable. The Plaintiff's delay argument is that Defendants knew of the arbitration clause at the time they filed their Motion to Dismiss which in part was based on the Motom Agreement and they did nothing to indicate that they wished to arbitrate. Defendants respond that because the Court

refused to consider the contract in ruling on the Motion to Dismiss, it was not part of the record so it could not be considered until they amended their Answer to make the Motom Agreement part of the record. The illegality argument is based on Section 1 of the Federal Arbitration Act, which the Supreme Court interpreted to exclude contracts for employment of interstate transportation workers and that Plaintiff was and is an interstate transportation worker. *New Prime v. Oliveira*, 139 S.Ct. 532 (2019). Defendants respond that the agreement here is between two businesses and *New Prime* does not exclude arbitration between two businesses.

Plaintiff's final objection is the arbitration provision's alleged unconscionability. Plaintiff cites an Illinois state case, *Potiyevskiy v. TM Transportation, Inc.,* 2013 Ill. App. (1st), 131864-U (Ill. App. 1st Dist., Nov. 25, 2013), as on-point. This case also involved a written contract between an alleged independent contractor and a trucking company employer that contained an identical arbitration provision. The First District Appellate Court held that the exact same provision was unconscionable because it contained what the court said was a two week "statute of limitations" to contest trucking company deductions taken from the independent driver's compensation. This together with other problems made the arbitration provision unconscionable. Defendants' response is to point out that the *Potiyevskiy* case was unpublished and therefore does not under

- 3 -

Illinois law constitute precedent. Although the *Potiyevskiy* case was unpublished and does not constitute state court precedent, nevertheless the reasoning can certainly be considered by a federal court. As pointed out by the First District Appellate court, an over the road driver such as Potiyevskiy (and Tsybikov) would not necessarily be aware of the alleged improper deductions until his return, which could well be after the two-week limitation period had expired, thus preventing him from objecting.

The Court will allow the Defendants to amend their Answer by alleging the Motom Agreement, but the Court denies the Motion to Compel arbitration. Defendants are right that the Motom agreement will not be a part of the record until they amend their Answer. However, there are too many factual contentions raised in the Complaint to allow the Court to make a finding that there is in fact an enforceable arbitration agreement. Plaintiff's Complaint alleges multiple oral agreements that were foisted upon him which contained multiple requirements that would not allow the Court to make a finding that Plaintiff was in fact an independent contractor as claimed under the provisions of the Motom Agreement. Moreover, the facts as alleged indicate that there were multiple changes made from the original agreement implemented over the course of Plaintiff's work for Defendants. The Court notes that the Motom Agreement has a provision that none of the terms could be changed without a "mutual written agreement" between the two parties, and

- 4 -

Defendants do not suggest any written changes were made.  Finally, the Court notes the similarity between the Motom Agreement and the contract in the *Potiyevskiy* case, including the same language in the arbitration provision that would make it difficult if not impossible for the Plaintiff to be timely able to arbitrate disputes.  The Court also notes that the plaintiffs in the two cases appear to have similar Slavic backgrounds, which gives rise to other possible concerns, such as Plaintiff's alleged lack of proficiency in English.  The Court cannot enforce such an agreement on the minimal record now available.

### III.   CONCLUSION

For the reasons stated herein, the Motion to Amend the Answer is granted, but the Motion to Compel Arbitration is denied.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 6/26/2020