IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AYUR TSYBIKOV and IRINA DUDCHENKO, <br><br> Plaintiffs, <br><br> v. <br><br> OLEKSANDR DOVGAL, ALINA KIM, DVL EXPRESS, INC., and ALTEX LOGISTICS, INC., <br><br> Defendants. | Case No. 19 C 3334 <br><br> Judge Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

This class action is brought by delivery truck drivers against their employers in which they allege for themselves and the class they represent that they were misclassified as independent contractors, thus denying them the protection afforded by the Illinois Wage Payment and Collection Act, 820 ILCS 115, *et seq.* (the "IWPCA"). The Defendants are their two employers, DVL Express, Inc. ("DVL"), Altex Logistics, Inc., ("Altex"), and their principals, Oleksandr Dogval ("Dogval") and Alina Kim ("Kim"). Plaintiffs allege that as a result of misclassification, they suffered unlawful deductions from their pay and were required to

pay business expenses and fines that were properly those of their employers.

The position of the Defendants is that the Plaintiff delivery drivers of the class were, in fact, independent contractors who had either written or oral agreements with Defendants spelling out in detail their independent contractor status and which specifically authorized Defendants to deduct payments for certain expenses and amercements.

## II. DISCUSSION

The parties have filed cross motions for Summary Judgment accompanied with the Rule 56.1 Statements of Material Facts. Both sides have failed to provide statements which are of much use. Each side has responded to individual statement of fact with the caveat "Admit in part and deny in part" (Defendants) and "Undisputed that . . .. Disputed that . . .. (Plaintiffs). Instead of denying or admitting a fact, they proceed to iterate and reiterate their own takes on the specific alleged fact. The net result is that the Court cannot determine without specifically more work than it wishes to undertake what is disputed and undisputed. However, one thing that cannot be disputed is that the contracts between Plaintiffs and Defendants were drafted to insure as far as possible that the Plaintiffs were independent contactors and not employees of Defendants.

However, the attempt at obfuscation does not pose a serious problem for the Court because the IWPCA clearly makes Plaintiffs employees of Defendants and therefore recipients of the rights extended to them under the IWPCA. As the Court pointed out in the opinion granting class certification, the IWPCA requires an employer to establish three conditions in the conjunctive, before it can treat an employee as an independent contractor. These three conditions are:

> "the worker is an individual: (1) who has been and will continue to be free from control and direction over the performance of his work, both under his contract . . . and in fact; and(2) who performs work which is either outside the usual course of business or is performed outside all of the places of business of the employer . . .; and(3) who is in an independently established trade, occupation, profession or business.

While there are many factual disputes over the application of paragraph 1, such as whether Plaintiffs may make deliveries for other trucking concerns while working for Defendants, whether they can decline to take a delivery assignment, nevertheless there is enough in the record to show that at the very least Plaintiffs receive delivery instructions from Defendants' dispatchers, and must report periodically to Defendants as to progress on deliveries and pickups. If the test were limited to the first prong, perhaps there would be enough to go to the jury on the issue of employment status. However, the second and third prongs leave no question as to Plaintiffs' status as employees. The second prong, work outside

the usual course of the trucker's business or is performed outside the employer's business, and is an independent trade, occupation, or profession.  The work performed by Plaintiffs is clearly the same as the Defendants' businesses and their trade as delivery drivers is obviously the same as that of the Defendants, *i.e.,* delivery of cargo.  In addition, the Plaintiffs must have Defendants' logos on their delivery trucks.

The Defendants respond by arguing that the IWPCA has no extraterritorial effect in this case because Plaintiffs performed the vast majority of their pickups and deliveries outside of Illinois, and Plaintiff Tsybikov was a New Jersey resident when he was hired (he became an Illinois resident in 2014) and Plaintiff Dudchenko is not now and never has been an Illinois resident.  They cite *Glass v. Kemper Corp.,* 133 F.3d. 999, 1000 (Seventh Cir. 1998) for the proposition that the IWPCA does not have extraterritorial effect.  The Seventh Circuit did say that under the particular facts of that case, but the case does not apply here for two reasons.  First, the facts of *Glass* are different.  In *Glass,* the plaintiff was a foreign national who did 100 percent of his work in Spain.  Here both Plaintiffs did actual work within the state of Illinois so that the Plaintiffs do not require this Court to overrule the Seventh Circuit as Defendants assert.  Second, the plain language of the statute and the administrative regulations

issued by the Illinois Department of Labor place no limitations on the amount of work that an employee must perform within the state of Illinois to escape coverage.

Defendants argue that the statute unambiguously says that the act only applies to work "within this state" and almost all of Plaintiffs' work was out of state therefore the act does not apply. However, the Illinois Appellate Court in *Watts v. ADDO Mgm't., L.L.C.,* 97 N.E.3d 75 (Ill. App. Ct.) was faced with the same arguments and concluded that the act was ambiguous and thus it was appropriate to look to the Department of Labor which was authorized to administer and enforce the provisions of the act. 820 ILCS 155/12. While regulations promulgated prior to 2014 did state that the act did not apply when the claim concerned sporadic work inside Illinois and most work outside Illinois, the new regulations eliminated any reference to the amount of work required to be performed in Illinois and expressly acknowledged that work performed outside Illinois was protected under the Act if performed for an employer located in Illinois. The court went on to hold that the lower court's calculations of the amount of work performed by the plaintiffs in Illinois (as Defendants have done in this case) was improper and was inadequate as a ground for dismissal.

The final contested issue is in the cross motion for summary judgment filed by Dovgal and Kim regarding their personal liability

for violations of the IWPCA. Defendants formally acknowledge that Dovgal owns DVL and Kim owns Altex. This is sufficient to raise a factual issue regarding their personal liability. It is well established that owners may be individually liable for violations of the IWPCA. "Officers of a corporation or agents of an employer who knowingly permit an IWPCA violation are 'decision makers' and thus they can be personally liable." *Zwick v. Inteliquent, Inc.*, 83 F. Supp. 3d 804, 811 (N.D. Ill. 2015).

### III. CONCLUSION

For the reasons stated herein, the Motion for Summary Judgment (Dkt. No. 157) brought by the Plaintiff class is granted. The Court finds that the IWPCA applies to the work performed by the Plaintiffs and the class and that Plaintiff class members were employees of Defendants. The Motion for Summary Judgment (Dkt. No. 162) brought by Defendants is denied.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 6/15/2023